IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 103-050 |
| | * | |
| ELECTROLUX HOME PRODUCTS, | * | |
| INC., HUSQVARNA, A.B., and | * | |
| HUSQVARNA OUTDOOR PRODUCTS, | * | |
| INC., | * | |
| | * | |
| Defendants. | * | |

O R D E R

Presently pending before the Court are two motions for summary judgment filed by Defendants Electrolux Home Products, Inc. ("EHP") and Husqvarna Outdoor Products, Inc. ("Husqvarna"). The first of these motions was filed by Husqvarna on March 16, 2011, and targets Plaintiff Whitesell Corporation's ("Whitesell") claim that Husqvarna is contractually obligated to purchase millions of dollars worth of excess fastner inventory Whitesell had on hand at the conclusion of the supply term for the subject parts. The second motion, filed by both Defendants on April 12, 2011, seeks to have this Court declare that Whitesell is obligated to pay Defendants a two percent (2%) annual rebate on Defendants' total calendar year purchases from Whitesell, beginning with year 2003. Defendants contend that the

unambiguous language of Paragraph 7 of the Settlement Memorandum compels this result.

Discovery in this case has been stayed since June 12, 2008. Whitesell has represented on several occasions that no meaningful discovery has taken place since 2006. In response to both motions for summary judgment, Whitesell filed affidavits under Federal Rule of Civil Procedure 56(d), contending that it could not adequately respond to the motions for summary judgment without further necessary discovery.

On November 5, 2012, Whitesell filed a petition for writ of mandamus in the Eleventh Circuit Court of Appeals seeking, inter alia, to compel this Court to re-open discovery. The circuit court deferred consideration of the petition for writ of mandamus, impliedly encouraging this Court to consider four motions specified in its Order of December 26, 2012. Thereafter, this Court ruled on the enumerated motions and, following protracted communications with counsel, approved and adopted the Proposed Joint Discovery Plan submitted by the parties on February 1, 2013. (See Order of Feb. 5, 2013.) Thus, an extensive discovery process is presently ongoing.

The Court has extensively reviewed the motions for summary judgment, the various briefs related thereto, and the

submitted evidence.[1] While the Court is not necessarily disposed to an outcome of either motion, it occurs that with the commencement of a new discovery period and in light of the Whitesell's Rule 56(d) affidavits, the summary judgment motions may well be premature.

In particular, and with respect to the motion for summary judgment concerning excess fastner inventory, I note that the period of time relevant to the excess fastner inventory dispute concerns the Phase-Out Period - April 2008 to November 2008. Discovery, however, has been stayed since June 2008. And, while the parties' lengthy declarations of the principal players in the dispute are exceedingly thorough, neither party has had the opportunity to cross-examine these witnesses. Moreover, the declarations demonstrate various points of contention as to why each party conducted itself in the manner it did during that time period. I will not comment on whether those points of contentions are material; suffice it to say, the disputed facts concerning the parties' course of conduct are numerous.

---

[1] To this end, the Court read and considered the sur-reply briefs related to the motion for summary judgment concerning the excess fastner inventory. The briefs were attached to motions to file sur-replies by both parties. Accordingly, Whitesell's motion to file a sur-reply (doc. no. 447) and Husqvarna's motion to file a sur-reply (doc. no. 457) are **GRANTED**. There is no need for the Clerk to redocket the sur-reply briefs. Their appearance in the record as exhibits to the parties' motions for leave to file the briefs is sufficient.

With respect to the motion for summary judgment on the annual rebate claims, Whitesell's response has brought into focus the intent behind Paragraph 7 of the Settlement Memorandum and the fact-intensive claims of failure of consideration and estoppel. In particular, Whitesell has made an issue of the transition dates for Brunner and Matrix parts, which is a matter to be specifically addressed through the Joint Discovery Plan. Moreover, the principal players in this dispute have never been deposed, and these depositions are also contemplated by the Joint Discovery Plan.

In short, the case is now positioned to allow the discovery that Whitesell claims it requires to fully respond to the motions for summary judgment, and Defendants will also have the opportunity to more fully develop their side, so to speak. Accordingly, upon my initial review of the pending motions, I have concluded that the most prudent and efficient course of action is to **TERMINATE** without prejudice both motions for summary judgment. This decision does not resolve the motions in any way; however, the onus is now upon Defendants to show how they would be prejudiced by suspending the motions with leave to urge or re-file these motions at a later time.

The Clerk shall **TERMINATE** the motion for summary judgment on the claims concerning the excess fastner inventory (doc.

4

no. 391) and the motion for summary judgment on the annual rebate claims (doc. no. 399). Any party may file an opposition to this temporary disposition of the motions within ten (10) days of the entry of this Order. Moreover, Defendants have leave to urge the motions at a later time as may be warranted through the discovery process. Any request or suggestion to activate a terminated motion shall be by a simple and appropriate motion with no brief of argument required.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE