IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WHITESELL CORPORATION,        *
                              *
        Plaintiff,            *
                              *
    v.                        *   CV 103-050
                              *
ELECTROLUX HOME PRODUCTS,     *
INC., HUSQVARNA, A.B., and    *
HUSQVARNA OUTDOOR PRODUCTS,   *
INC.,                         *
                              *
        Defendants.           *
```

## O R D E R

Presently before the Court is Defendants' motion for judgment on the pleadings. Additionally, and in response thereto, Plaintiff Whitesell Corporation ("Whitesell") has filed a motion to amend the Second Amended Complaint ("SAC"). The Court resolves the motions as follows.

### I. BACKGROUND

On June 5, 2014, Whitesell filed the SAC against Defendants Electrolux Home Products, Inc., Husqvarna Outdoor Products, Inc., and Husqvarna, A.B. As the parties well know, this filing was permitted seven and a half years after the filing of the operative First Amended Complaint, and only after a hearing was conducted and a written Order entered

resolving two rounds of objections by Defendants. Defendants filed Answers and Counterclaims to the SAC on June 23, 2014. On July 30, 2014, Defendants filed a joint motion for judgment on the pleadings, seeking to strike a claim of damages in Count I of the SAC.

Count I is a breach of contract claim, which alleges that Defendants have failed to purchase all of the parts from Whitesell that they were required to purchase under the parties' supply agreements. In Paragraph 136, Whitesell seeks damages for this breach in an amount to be determined at trial, "including but not limited to lost profits, operational losses, interest, the **$2 million up-front cash payment** which Whitesell agreed to pay EHP in order to win the business embodied in the Strategic Partnership Agreement, **unearned 10% discounts**, costs, and attorney's fees." (Doc. No. 578, SAC, ¶ 136 (emphasis added).) Through its present motion, Defendants seek judgment upon Whitesell's attempt to recover the $2 million cash payment and the 10% pricing discounts. Defendants argue that these damages do not flow from any alleged breach on their part; rather, these damages flow from the Court's Order of October 14, 2008, which established the four enforceable categories of parts subject to the parties'

2

supply agreements. (See Defs.' Mot. for J. on the Pleadings, at 3-6 (citing O.C.G.A. § 13-6-2[1]).)

In response to the motion for judgment on the pleadings, Whitesell concedes that these damages did not result from Defendants' breach. Nevertheless, Whitesell contends that it has "sustained a significant economic loss from which its lost profits claim arising from Defendants' breaches will not compensate [it]." (Pl.'s Resp. to Defs.' Mot. for J. on the Pleadings, at 2.) Accordingly, rather than seek these damages under a breach of contract claim, Whitesell has now filed a motion to amend the SAC to add an unjust enrichment claim. Thus, the present dispute is better resolved through the Court's analysis of Whitesell's motion to amend the SAC.

---

[1] O.C.G.A. § 13-6-2 provides that damages recoverable for a breach of contract are those "as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." In this case, the damages sought in the form of the $2 million cash payment and discounts represent what Whitesell perceives to be a loss of economic value in the contract resulting from the Court's Order of October 14, 2008. However, because this Court did not enter the Order limiting the scope of goods upon which Whitesell could possibly recover until 8 years after the parties entered into the original Strategic Partnership Agreement, these damages did not arise from Defendants' alleged breach nor were they contemplated by the parties at the time of contract.

3

## II. LEGAL ANALYSIS

Leave to amend should be liberally granted when necessary in the interests of justice. Fed. R. Civ. P. 15(a)(2). "The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). In Foman, the Supreme Court identified several reasons that may justify denying leave: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." 371 U.S. at 182.

Whitesell seeks to amend the SAC to add an unjust enrichment claim. Under Georgia law, to establish unjust enrichment, a plaintiff must show "(1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust." Clark v. Aaron's, Inc., 914 F. Supp. 2d 1301, 1309 (N.D. Ga. 2012). "'The theory of unjust enrichment is basically an equitable doctrine that the benefitted party equitably ought to either return or compensate for the conferred benefits when there was no legal contract to pay.'" Marvin Hewatt Enters., Inc. v. Butler Capital Corp., --- S.E.2d ---, 2014 WL 3409076, at *5 (Ga. App. Jul. 15, 2014)

4

(quoted source omitted). "The doctrine applies when, as a matter of fact, there is no legal contract." Id. (cited sources omitted). "'Where there is an express contract, there can be no recovery based upon an unjust enrichment theory.'" Id. (quoted source omitted).

Pursuant to the Strategic Partnership Agreement ("SPA") entered into by the parties in 2000, Whitesell provided a benefit to Defendants with the $2 million cash payment and 10% pricing discounts on various parts. And, according to Whitesell's unjust enrichment claim, when this Court narrowed the universe of parts subject to the parties' SPA, Whitesell did not receive the consideration it had bargained for in exchange for the cash payment and discounts. Consequently, Whitesell claims that it would be unjust for Defendants to retain the cash payment and discounts. Whitesell further contends that its claim is not precluded by the existence of the SPA because the Order of October 14, 2008, invalidated that contract. Thus, there is no enforceable agreement between the parties as to the broader range of parts that Defendants agreed to purchase from Whitesell.

Whitesell's position that this Court invalidated the supply agreement between the parties is simply incorrect. As the Court has previously noted, "the October 14, 2008 Order did not obliterate the SPA; rather, the October 14, 2008 Order

found the SPA enforceable between the parties to the extent of their mutual performance and course of conduct, as modified by subsequent settlement agreements." (Order of Nov. 12, 2013, at 6.) Here, Whitesell seeks to recover benefits conferred on Defendants pursuant to the SPA on the ground that the SPA has been invalidated while at the very same time seeking to recover damages from Defendants' breach of that same contract, albeit limited in scope by the Court's prior rulings.[2] Whitesell's claims are a simple attempt to have it both ways, a position that rarely, if ever, succeeds. Moreover, Whitesell essentially argues that the law precluding unjust enrichment claims when a valid contract exists be modified to allow unjust enrichment claims where the operative contract is partially invalidated. Yet, Whitesell cites no case law that would support this position, and the Court finds Whitesell's argument abhorrent to the concept of unjust enrichment.[3] Accordingly, Whitesell's addition of an unjust enrichment claim in this case would be futile.

---

[2] Indeed, the benefits conferred on Defendants accrued only as a result of the SPA.

[3] To this point, Defendants' statement-"[t]he unjust enrichment doctrine cannot be used to recover damages above and beyond what is allowed by a contract just because one party is dissatisfied with the enforceable limits of that contract . . ."-to be well-taken. (See Defs.' Reply Br. at 10.)

6

Further, the Court notes that Whitesell's claim of unjust enrichment would fly in the face of its prior ruling that the SPA does not contain an identifiable scope of goods. That is to say, in order to prove its claim, Whitesell would have to identify the scope and value of goods it originally intended to supply to Defendants in order to show that the Court limited the contractual obligations to such an extent as to deprive Whitesell of the contract's economic value to the tune of a $2 million cash payment and the pricing discounts.[4] The inability to establish an identifiable scope of goods in the original agreement is the very problem that led to the Order of October 14, 2008. Thus, Whitesell would be unable to prove its claim of unjust enrichment, and the claim is therefore futile.

Finally, the proposed amendment would unduly prejudice Defendants in this case because it would cause the parties to expand their discovery efforts past the four enforceable categories of parts specified in the Order of October 14, 2008, as modified by the subsequent supplier stipulation

---

[4] Indeed, Paragraph 2 of Whitesell's proposed unjust enrichment claim reads: "In exchange for Defendants using Whitesell as their sole source provider **for a range of parts as defined in Section 2.1.2 of the [SPA]**, Whitesell provided Defendants a $2 million up-front cash payment and 10% pricing discounts on various goods." (Doc. No. 601, ¶ 2 (emphasis added).) Section 2.1.2 was the provision invalidated by the Order of October 14, 2008.

7

contained in the Joint Discovery Plan. In order to prove its claim of unjust enrichment, Whitesell would necessarily have to discover and present evidence respecting the scope and value of parts as contemplated by the original SPA. The Court will not countenance the addition of any new claim or theory that would delay or expand the discovery track upon which the parties are now traveling.

### III. CONCLUSION

Upon the foregoing, Whitesell's motion to amend the SAC to add an unjust enrichment claim (doc. no. 601) is hereby **DENIED**. Concomitantly, Defendants' motion for judgment on the pleadings with respect to Plaintiff's claim in Count I of the SAC for recovery of the $2 million cash payment and 10% pricing discounts (doc. no. 599) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of September, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

8