FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 DEC 29 PM 2:56
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| Plaintiff, | * | |
| v. | * | CV 103-050 |
| ELECTROLUX HOME PRODUCTS, INC., HUSQVARNA, A.B., and HUSQVARNA OUTDOOR PRODUCTS, INC., | * | |
| Defendants. | * | |

# O R D E R

On February 5, 2013, discovery in this long-pending case was reopened following an extensive stay of discovery. Through arduous negotiations between the parties, and at the behest and oversight of the Court, a Joint Discovery Plan was entered upon the record of this case to govern the discovery process. (Doc. No. 490.) At present, a Revised Joint Discovery Plan (hereinafter "JDP"), approved on December 3, 2013, governs on-going discovery.[1] (Doc. No. 545.) Presently before the Court is Defendants' joint motion to compel responses to their written discovery requests. Plaintiff

---

[1] The deadlines of Stages Two through Four of the JDP have been extended by two months. (See Order of July 8, 2014, Doc. No. 596.)

Whitesell Corporation ("Whitesell") has responded, and Defendants have filed a reply.

I. Procedural Background

The JDP contemplates that the parties would complete the First Stage of Discovery - the identification of the Parts in Suit - by February 1, 2014. The Second Stage of Discovery, in which the parties would conduct written discovery, was to conclude on September 1, 2014. The Third Stage of Discovery, which is the completion of all fact discovery to include depositions and any additional written discovery, is presently set to conclude on February 28, 2015.

One month prior to the completion of the Second Stage, on August 1, 2014, Defendants sent to Whitesell joint interrogatories and requests to produce. Whitesell lodged an objection to these discovery requests, primarily arguing that it could not timely respond because Defendants had belatedly provided supplemental purchase and usage data on July 31 and August 7, 2014, well after the First Stage was to be complete.[2] (Defs.' Mot. to Compel, Ex. C.) In Whitesell's estimation, the parties remained in Stage One because Defendants' belated production belied the notion that the

---

[2] Whitesell was particularly concerned that the information came from a previously unidentified system called "Avantis."

parties had completely identified the Parts in Suit. (Id.) Whitesell suggested that it be given time to analyze the new data before having to respond to any discovery requests. (Id.) Additionally, Whitesell complained that some of Defendants' discovery requests were not appropriate in Stage Two of Discovery.[3] (Id.)

Rather than file a motion to compel, Defendants agreed to discuss the matter in a teleconference on September 18, 2014.[4] Both during this teleconference call and in a letter sent prior thereto, Defendants took the position that the supplemental production was irrelevant to the majority of their discovery requests, referring to the newly disclosed data as insubstantial. (Id. at 3-4 & Ex. F.) At the conclusion of the phone call, Whitesell agreed to provide a list of discovery requests to which it believed it could substantively respond. (Id. at 4.)

On September 25, 2014, Whitesell sent an email to Defendants identifying by number the interrogatories and the

---

[3] Whitesell also objected to the number of interrogatories as exceeding the agreed upon limit of 75, contending that interrogatories served by Defendants in 2006 counted against that total. The Court will not countenance this argument any further than to rule that any discovery requests served in this case prior to February 2013 will not count toward the numerical limitation.

[4] The timing of that call and any perceived delay tactics on any party's part is of no moment to this Court now.

requests to produce to which it was "prepared to begin responding."[5] (Id., Ex. G.) And, rather than provide responses to those requests numerically listed, Whitesell stated that it would provide either objections or "an estimate (on a request-by-request basis) of the date by which [it could] provide the information" requested. (Id.) With respect to the requests not identified in its numerical lists, Whitesell stated that it had to review the supplemental data prior to even providing a date upon which it could respond to the requests. (Id.) At the time Whitesell sent this e-mail, it had been in possession of the newly disclosed supplemental data for eight weeks.

Defendants responded by letter dated October 3, 2014, that Whitesell's proposed approach to responding to their discovery requests was unacceptable. (Id., Ex. H.) Defendants demanded that Whitesell respond to the numerically listed requests by October 17, 2014, particularly since Whitesell had implied that those requests were not affected by the supplemental production, and that Whitesell respond to the remaining requests by November 7, 2014. (Id.)

---

[5] The list appeared as follows:

Interrogatories: 2-3, 5-11, 14-16, 25-26, 29-43, 47-50, 53-56
Requests for Production: 2-3, 5-11, 17-21, 31, 35-59, 69-73, 78-85, 86 (86 only with respect to the interrogatories to which we can respond now)

4

On October 10, 2014, Whitesell announced that it could not comply with Defendants' requested response dates. (Id., Ex. I.) Instead, Whitesell stated that on October 17, 2014, it would provide written substantive objections and responses; however, the responses Whitesell planned to provide to the discovery requests would not be substantive but would "instead state the manner in which Whitesell intends to collect the information necessary." (Id.) Then, on November 10, 2014, Whitesell would begin providing substantive responses on a rolling basis. Whitesell did not provide an end date for the rolling out of discovery responses. (Id.)

In the meantime, Whitesell sent a letter request to Defendants on October 6, 2014, invoking Section III.E. of the JDP, which provides as follows:

> The Parties acknowledge that for certain parts, including but not limited to the Non-Transition Parts in Suit, the Padilla Parts, and the parts affected by the Court's June 24, 2013 Order, Plaintiff has preserved the right to request purchase and usage data for time periods before January 1, 2004, or after November 1, 2008. The parties shall confer within 60 days of the completion of Stage One, defined as the production of all purchase data and usage data described in Stage One, regarding the parts and time periods for which additional purchase and usage data is sought.

(Doc. No. 542, JDP, Section III.E.) In keeping with this provision, Whitesell submitted a spreadsheet listing 196 parts for which it requested purchase and usage data for the period January 1, 2001 to December 31, 2013. (Pl.'s Resp. to Mot. to

5

Compel, Ex. B.) This request of October 6, 2014, was made within 60 days of Defendants' last production of data on August 7, 2014. On October 30, 2014, Whitesell sent a clarification letter explaining how it derived the list of parts and the time period requested. (Id., Ex. C.) On November 10, 2014, Defendants responded that they were "currently analyzing the criteria" and would respond as soon as possible. (Id., Ex. D.) Thus, in the relevant time period, there exists this Section III.E. supplemental data request from Whitesell to Defendants in addition to the subject written discovery requests served by Defendants upon Whitesell on August 1, 2014.[6]

As promised, Whitesell provided written responses to Defendants' interrogatories and requests to produce on October 17, 2014. (Defs.' Mot. to Compel, Exs. J & K.) With respect to the interrogatories Whitesell had previously identified as being prepared to answer, there were very few substantive responses; instead, Whitesell claimed "it is currently undertaking an analysis to determine" the appropriate responses and it would provide a response upon completion of

---

[6] According to Whitesell, Defendant Electrolux Home Products, Inc. produced the requested data on December 4, 2014, and Defendant Husqvarna Outdoor Products, Inc. represented that it would do so on December 5, 2014. (Pl.'s Resp. to Mot. to Compel, at 6 n.4.) To the extent that they have not done so, this production shall be completed by January 9, 2015.

6

the analysis. (Id.) Again, Whitesell provided no projected date upon which its analysis and substantive responses would be completed. In response to the remaining interrogatories and requests to produce, Whitesell claimed that it cannot answer until it receives additional discovery from Defendants and third party suppliers - discovery requests Whitesell planned to serve on November 10, 2014. Additionally, Whitesell claimed that it needed to review the data it had requested on October 6, 2014, before it could respond to several of the requests. Finally, Whitesell interposed substantive objections to some of the requests.

On October 24, 2014, Defendants sent a letter lodging their objections to Whitesell's efforts to respond to discovery. (Id., Ex. L.) Specifically, Defendants complained that the JDP did not contemplate that discovery would be tolled while the Section III.E. supplemental data request was fulfilled and then analyzed. Defendants also contended that the Section III.E. supplemental data request was untimely and should have been made months earlier because the August 7, 2014 production had very little to do with the list of parts provided by Whitesell in its Section III.E. request. (Id. ("Simply put, Whitesell's request for additional data has no bearing on its obligation to respond to Defendants' discovery

7

requests and, at most, will merely require supplementation on a handful of parts to a few discovery requests.").)

On October 30, 2014, Whitesell responded that it was not simply awaiting responses to its Section III.E. supplemental data request, but was "in the process of gathering the voluminous data and information necessary to respond to [Defendants'] admittedly broad and expansive discovery requests, which is a significant and time-consuming undertaking." (Id., Ex. M.) Whitesell committed to provide substantive responses on a rolling basis "as quickly as is reasonably practicable." (Id.)

Defendants filed the instant motion to compel responses on November 10, 2014, the same date Whitesell provided its "Supplemental Responses and Objections to Defendants' Interrogatories" to Defendants.[7] Whitesell's response brief was due on November 27, 2014; however, Defendants consented to allow a one-week extension to December 5, 2014 because of the Thanksgiving holiday. The day prior to filing its response brief, Whitesell served its "Second Supplemental Responses and Objections to Defendants' Interrogatories."[8]

---

[7] Whitesell submits that it substantively responded to Interrogatory Nos. 17, 18, 34, 35, 40, 49 and 50. (Pl.'s Resp. to Mot. to Compel, at 8.)

[8] Whitesell submits that it substantively responded to Interrogatory Nos. 1-4, 9, 14-16, 30, 37 and 34. (Pl.'s Resp. to Mot. to Compel, at 9.)

8

II. <u>Analysis</u>

The briefs related to the motion to compel and attached exhibits have illuminated disputes regarding the interpretation of the JDP as well as particular substantive objections that must be resolved. The Court will address the disputes involving interpretation of the JDP and the timing of discovery responses first.

A. *The JDP*

The most fundamental dispute that must be addressed is at what point did Stage One of Discovery conclude. The JDP provides that it would conclude on February 1, 2014. Thus, all production and usage data responsive to the detailed process set forth in Stage One should have been produced by February 1, 2014. Yet, Defendants supplied new information on July 31 and August 7, 2014.[9] The JDP defines the scope of Stage One in two places. First, the JDP states: "The Second Stage of discovery will not commence until [usage data for the period of 1/1/04 through 11/1/08] is produced." (JDP, Section II.A.10.) Second, Section III.E. defines Stage One "as the production of <u>all</u> purchase data and usage data described in Stage One." (<u>Id.</u>, Section III.E. (emphasis added).) Thus, according to the JDP's plain terms, if the supplemental data

---

[9] Whitesell claims that Defendants produced responsive data on March 21, 2014 as well. (Pl.'s Resp. to Mot. to Compel, at 4.)

produced on July 31 and August 7 added just one or 200 parts to the list of Parts in Suit, Stage One of Discovery could not have been complete prior to that time.

The Court recognizes that Defendants contend that the late production of data was insubstantial, but the purpose of the JDP to complete Stage One prior to moving to Stage Two is clear. The fact also remains that Defendants' late production caused some confusion and uncertainty for Whitesell, especially with the introduction of a new information system, Avantis.[10] The purpose of the JDP to streamline discovery into discernible, manageable steps is thwarted if a party is forced to go through an analysis responsive to a discovery request anew for a late added part when that part should have been included in a first run analysis.

On the other hand, Defendants have a duty to supplement its responses when they discover new data. The Court does not wish to chill this duty by ruling that every time Defendants produce new production or usage data, discovery in the case will be significantly set back or delayed. In fact, in the

---

[10] Defendants subsequently explained to Whitesell on two occasions that the Avantis system was inconsequential in that it contained purchase receipt data for only 22 safety stock parts. (Defs.' Mot. to Compel, Exs. F & H.) Whitesell appears to be content with this explanation as mention of the Avantis system is relegated to a footnote in its brief. (Pl.'s Resp. to Mot. to Compel, at 4 n.2.) Nevertheless, the initial disclosure of a new system would cause Whitesell consternation.

Court's estimation, Defendants could have reasonably concluded that the case was in Stage Two and that their late production, which they characterize as insubstantial, was mere supplementation without effect on the JDP's deadlines.[11]

To be clear then, the Court is not finding that the case remained in Stage One when Defendants served the subject discovery requests on August 1, 2014; thus, the timing of the requests was appropriate under the JDP. Nevertheless, the Court will not hold Whitesell accountable for its initial inaction on the discovery requests because of the late production. The proverbial nail must be hammered into Stage One's completion though. To this end, the Court **ORDERS** both parties to file a certification <u>within seven (7) days hereof</u> that they have fully complied with the production requirements of Stage One, and to the best of their knowledge, no further information will be produced that should have been produced in Stage One. Once those certifications are filed, any new information produced that should have been produced in Stage One will not justify any delay in responding to discovery requests except with respect to that particular new information.

---

[11] Indeed, Whitesell consented to an extension of the discovery deadlines for Stages Two through Four in early July 2014, indicating that it too believed Stage One had concluded.

Even though Defendants were the architects of the initial delay, Whitesell was not free to ignore or unduly delay its responses to discovery. Whitesell's responses that it is "prepared to begin responding" and "currently undertaking an analysis" are too indeterminate to be deemed responsive at all. Whitesell has effectively sought and gained its own extension of discovery without approval of opposing counsel or this Court. On the other hand, Defendants give very short shrift to the complexity and expansive nature of their requests. The Court is convinced that providing full, accurate, and appropriate responses to Defendants' requests would be a significant and time-consuming exercise. The thirty days provided in the Federal Rules of Civil Procedure surely are inadequate.

Yet, prior to Defendants filing the motion to compel, Whitesell had done very little to provide ascertainable assurances that responses were being crafted. Rather, it continually provided reasons why it could not answer even one of the interrogatories in a timely fashion. Principal among these reasons is Whitesell's purported need to have the Section III.E. supplemental data and additional discovery from Defendants and third parties. The Court will now address these reasons for delay.

In consideration of Whitesell's purported need for the Section III.E. data, the Court first finds that Whitesell was well within its rights to make the request for supplemental data and that its request was timely. Section III.E. provides that the parties shall confer on this data "within 60 days of the completion of Stage One." Because Defendants' August 7, 2014, production of information affected the list of Parts in Suit (whether by the addition of one part or 200 parts), Stage One was not complete as defined by Section III.E. until that time. Thus, Whitesell's Section III.E. request and Defendants' responses thereto shall stand.

That said, Whitesell was not justified in delaying its responses to discovery requests pending production and analysis of this data because the JDP contemplates that this process would continue contemporaneously with other Stage Two written discovery. In fact, Section III.E. appears in Stage Two of the JDP. Moreover, while the parties reserved the right to discover certain specific information during Stage Two in the JDP, they did not restrict or further delineate what type of information could be sought in the written discovery requests other than to state: "During the Second Stage, the Parties may commence written discovery (including, among other things, Requests for Production of Documents and Interrogatories) between the Parties, as well as to Third

Parties, <u>relating to the purchases identified in the First Stage.</u>" (JDP, Section III.A (emphasis added).) As the Court sees it then, both parties were free to seek all information "relating to the purchases identified in the First Stage" and of course, "relevant to any party's claim or defense," Fed. R. Civ. P. 26(b). If the production of Section III.E. data changes or adds to Whitesell's responses to Defendants' discovery requests, Federal Rule of Civil Procedure 26(e)(1) provides for supplementation of answers.

The supplementation provision leads this Court to disabuse Whitesell of the notion that it is entitled to seek and have answers to its own discovery or third party discovery <u>prior to</u> responding to appropriately advanced discovery requests. In fact, Whitesell has a duty to respond to the best of its ability with information in its possession within thirty days of service. The ability to supplement its responses protects Whitesell from the eventuality that its answers become incomplete or erroneous upon receipt of additional discovery.

This discussion brought to present leads to the Court's conclusion that Whitesell's refusal to respond to the initial discovery requests based upon its desire to await responses to the Section III.E. request and its own discovery requests was ill-founded and inappropriate. The Court can only hope and

assume that Whitesell has not been sitting on its hands while this motion pends. The Court has an obligation to await a briefing period; Whitesell does not. Indeed, Whitesell has provided responses to some requests and has committed to "rolling out" responses to many others, but Whitesell's practice of delaying its responses on its own accord without prior approval of opposing counsel or this Court is now over.

The deadline of December 1 offered in Defendants' motion to compel has passed during the briefing period, and their alternate deadline of December 31 is now here due to the intervening holiday period. Accordingly, the Court **ORDERS** that Whitesell respond to the August 1, 2014 discovery requests by January 30, 2015, unless it has a well-founded objection to a specific request.[12]

Upon the foregoing, Defendants' motion to compel is **GRANTED IN PART** to the extent provided herein.

B.  The Objections

In its responses to Defendants' discovery requests served on October 17, 2014, Whitesell interposes substantive objections to the information sought by Defendants, stating either the request is overbroad and unduly burdensome or is

---

[12] Whitesell is only permitted to advance objections heretofore interposed in its prior responses to the August 1, 2014 discovery requests. Any objection not previously advanced is deemed waived.

neither relevant to the claims and defenses in the litigation nor reasonably calculated to lead to the discovery of admissible evidence, or both. (See generally Defs.' Mot. to Compel, Exs. J & K.) In their motion to compel, Defendants group these objections as pertaining to nine separate categories of requests. (Defs.' Mot. to Compel, at 12-18.)

In a letter dated October 24, 2014, Defendants reference Whitesell's objections as follows: "Whitesell offers many other meritless objections including, but not limited to, refusal to provide information relating to price increase requests. This information is clearly discoverable as relevant to Whitesell's damages claims and it should be provided promptly." (Id., Ex. L.) Whitesell responded as follows on October 30, 2014:

> [W]e disagree with your characterization of our objections as "meritless," and we do not believe that this blanket assertion constitutes a good-faith conferral as contemplated by Local Rule 26.5. To the extent that you have concerns about specific objections, the rules require a specific discussion of those concerns. We stand ready and willing to have that discussion.

(Id., Ex. M.) Defendants filed the motion to compel a short time later on November 10, 2014.

Upon review of the correspondence between the parties and the arguments of counsel in brief, the Court concludes that the parties have not made a good-faith effort to resolve the objections pertaining to the nine separate categories prior to

16

seeking the involvement of this Court. Accordingly, the parties are **DIRECTED** to meet and confer in good faith about the objections in an effort to resolve the issues. To the extent that Defendants' motion to compel seeks immediate resolution by this Court, the motion is **DENIED IN PART**.

III. Conclusion

Defendants' motion to compel responses to their discovery requests is **GRANTED IN PART** and **DENIED IN PART**. As directed, the parties shall file certifications that production of data pertaining to the Stage One process is complete within seven (7) days hereof. To the extent that Defendants have not provided all information responsive to Whitesell's Section III.E. supplemental data request, they shall do so by January 9, 2015. Whitesell is ordered to respond to the August 1, 2014, interrogatories and requests to produce by January 30, 2015.

Within seven (7) days of January 30, 2015, the parties shall file a list (preferably a joint list) which specifically enumerates the discovery requests that have not been answered – either in whole or in part – whether because of Whitesell's inaction or objection. The parties shall also state in this submission which of the nine categories of objections have not been resolved. Thereafter, the Court will conduct a hearing

17

to address the submitted list(s). Further, the Court will not entertain any request for costs or fees associated with this motion grounded in any conduct that has taken place to date. However, the parties are cautioned that the implementation of Court's directives in this Order will be carefully scrutinized.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of December, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA