IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 103-050 |
| | * | |
| ELECTROLUX HOME PRODUCTS, | * | |
| INC., HUSQVARNA, A.B., and | * | |
| HUSQVARNA OUTDOOR PRODUCTS, | * | |
| INC., | * | |
| | * | |
| Defendants. | * | |

O R D E R

On March 12, 2015, the Court conducted a hearing on unresolved discovery issues related to Defendants Husqvarna Outdoor Products, Inc. and Electrolux Home Products, Inc.'s ("Defendants") joint motion to compel discovery, which was filed on November 10, 2014. The hearing lasted over three hours and required the Court to wade into the minutiae of discovery requests and responses. Midway through the process, as a harbinger of things to come, the Court noted its expectation "that we'll be back here again at some point." (Hrg. Tr. of Mar. 12, 2015, at 56.) Unhappily, it took less than three months for Defendants to file a "Supplemental Submission" complaining that the details and directives hammered out at the March 12th hearing have not, in their estimation, been respected by Whitesell. (Doc. No. 641.)

At the outset, it appears that yet another hearing will be necessary to hear oral argument on all, save one, of the issues set forth in Defendants' Supplemental Submission and Whitesell's reciprocal motions to compel discovery responses filed on April 6, 2015. The only issue not in need of oral argument is by far the simplest to resolve because the Court could not have been more clear in its ruling on March 12, 2015. In discussing Defendants' access to the financial records of Whitesell, the Court ruled as follows:

> THE COURT: [Defendants shall] be allowed to send in an expert and outside counsel to Muscle Shoals to review all of the documents that will be covered by those requests and to mark those that they deem necessary for purposes of trial and preparation for trial. If there is an objection over the list of documents that have been marked, then I will resolve the final list of copies that will be ordered provided under this request.
>
> MR. SENTELL: Judge, and just to clarify timing, are we free to move forward with that at a reasonable pace?
>
> THE COURT: Absolutely.

(Hrg. Tr. of Mar. 12, 2015, at 56.)

Despite this clear directive, Whitesell has denied access to the Muscle Shoals facility for each of the three time periods offered by Defendants and has refused to offer any alternative dates. Indeed, Whitesell has penned that it "does not believe that it is appropriate to schedule the visit to Muscle Shoals at this time . . ." (Doc. No. 641, Ex. E, Ltr. of May 14, 2015), which contradicts Whitesell's statement at

2

the March 12th hearing that Defendants could "engage experts tomorrow and arrange for this process to begin to review the financial statements just as they've requested . . ." (Hrg. Tr. of Mar. 12, 2015, at 55.).[1] Whitesell appears to justify its delay by tying its compliance to Defendants' alleged lack of production of requested documents. Whitesell objects to Defendants' shift of focus to the financial documents while they "continue to stymie and prejudice Whitesell's preparation for Phase Three deposition discovery." (Doc. No. 652, at 2.)

It is of little moment what Whitesell deems appropriate. The Court ruled that the access shall be immediate. Further, the Court ruled that Defendants shall have access to review all documents covered by Defendants' Requests to Produce Numbers 36-41, which include a date range of "01/01/01 to present." Thus, Whitesell's current attempt to limit production to exclude years after 2010 will not be countenanced.

Upon the foregoing, **IT IS HEREBY ORDERED** that Defendants shall have <u>immediate</u> access to inspect the financial documents responsive to Defendants' Requests to Produce Numbers 36-41 at the Muscle Shoals facility so that Defendants' experts and

---

[1] Additionally, Whitesell has intimated that review of the financial documents should wait until Stage IV of discovery pertaining to expert issues. (Doc. No. 641, Ex. D, Ltr. of May 1, 2015.) This position was completely albeit implicitly denounced by the Court at the March 12th hearing.

outside counsel may review the same and make their list of documents that they wish to have copied for their use outside the facility. The parties are free to arrange one or more mutually agreeable day(s) to accomplish this task as long as the task <u>is completed</u> prior to the day of the hearing on the remaining discovery issues.

**IT IS FURTHER ORDERED** that the parties shall appear at the Federal Justice Center, Courtroom II, Augusta, Georgia, at 9:00 a.m., on **Thursday, July 23, 2015**, at which time the Court will conduct a hearing on all unresolved issues presented in Defendants' "Supplemental Submission Regarding Defendants' Motion to Compel and the Court's Rulings" and Whitesell's motions to compel Defendants to provide discovery responses (doc. nos. 624 & 625) filed on April 6, 2015. The parties are strongly encouraged to resolve the pending issues prior to the hearing. To the extent that their efforts are successful, they should immediately notify the Court <u>in writing</u> beforehand.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of June, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA