IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WHITESELL CORPORATION,     *
          *
     Plaintiff,     *
          *
v.     *     CV 103-050
          *
ELECTROLUX HOME PRODUCTS,     *
INC., HUSQVARNA, A.B., and     *
HUSQVARNA OUTDOOR PRODUCTS,     *
INC.,     *
          *
     Defendants.     *

## O R D E R

Presently before the Court is Plaintiff Whitesell Corporation's ("Whitesell") motion to compel Defendant Husqvarna Outdoor Products, Inc. ("Husqvarna") to fully respond to Interrogatory 54, which asks:

> Provide the name and contact information for every supplier with whom you communicated regarding the supply of parts that Whitesell supplied and state the date on which all such communications were made.

(See Husq.'s Resp. to Whitesell's Third Set of Interrogs., Ex. A, Doc. No. 624-2, ¶ 54.) At a discovery hearing on September 17, 2015, Husqvarna explained that it had responded to this interrogatory with respect to the Parts in Suit. Whitesell, however, seeks a response relative to all parts supplied by Whitesell to Husqvarna, explaining that the information may be relevant to the parties' intent and conduct during their business relationship.

The Joint Discovery Plan ("JDP") was carefully and no doubt methodically crafted by the parties and approved by this Court on February 5, 2013. Paragraph I.B. of the JDP expressly provides: "Discovery will be limited to parts identified in the remainder of this paragraph (I)(B), including its sub-paragraphs, subject to all reservations of discovery rights set forth within this Discovery Plan." (JDP, Doc. No. 488.) The identified parts are known as the "Parts in Suit." In fact, the First Stage of discovery involved the identification of the Parts in Suit. Accordingly, throughout the discovery period, discovery has centered on and related to only the Parts in Suit.

Through the instant motion to compel, Whitesell seeks to expand the mutually-agreed upon scope of discovery by requiring Husqvarna to produce information for non-Parts in Suit. Yet, as recently as this week, Whitesell has reaffirmed the scope of discovery on four occasions with its consent to amend the Joint Discovery Plan. (See Revised JDP, approved Dec. 3, 2013, Doc. No. 542; Second Revised JDP, approved on July 8, 2014, Doc. No. 595; Third Revised JDP, approved on Feb. 5, 2015, Doc. No. 616; and Fourth Revised JDP, approved on Sept. 22, 2015, Doc. No. 706.) Each of these plans contains the same introductory provision limiting the scope of discovery to the Parts in Suit.

Based upon the limit consensually imposed by the JDP and two and a half years of reliance thereupon by all parties, this Court will not expand Husqvarna's obligation to respond to Interrogatory 54 for non-Parts in Suit. Accordingly, the motion to compel a response to Interrogatory 54 as requested by Whitesell is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of September, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA