# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| WHITESELL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:03-cv-00050-JRH |
| v. ) | |
| ) | |
| ELECTROLUX HOME PRODUCTS, INC.,) | |
| HUSQVARNA AB and HUSQVARNA ) | |
| OUTDOOR PRODUCTS INC., ) | |
| ) | |
| Defendants. ) | |

## CONSENT ORDER

Pursuant to the Court's Order of October 9, 2015 (Doc. 721), the Parties have submitted a proposed Fifth Revised Joint Discovery Plan. The Court notes that the parties have all agreed to extend discovery as reflected in the proposed plan. Upon due consideration, **IT IS ORDERED** that the Fifth Revised Joint Discovery Plan, attached hereto, is **APPROVED**.

As part of the Parties' efforts to jointly and comprehensively address scheduling issues, they also, through the submission of this consent order, have requested that the Court modify the dates for taking any remaining 30(b)(6) depositions relating to the discovery issues addressed by the Court during the September 17, 2015 discovery motions hearing, including those addressed in the Court's order of October 9, 2015 (Doc. 721), by extending the period during which such depositions will be taken to December 15, 2015, with the deposition of the Husqvarna 30(b)(6) representative(s) to occur between December 1 and December 15, 2015. Upon due consideration, **IT IS ALSO ORDERED** that this requested scheduling modification is also **APPROVED**.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of October, 2015.

_____
**HONORABLE J. RANDAL HALL**
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WHITESELL CORPORATION,

    Plaintiff,

vs.

ELECTROLUX HOME PRODUCTS, INC.,     CIVIL ACTION FILE NO. 1:03-cv-00050
HUSQVARNA AB and HUSQVARNA
OUTDOOR PRODUCTS INC.,

    Defendants.

## PARTIES' FIFTH REVISED JOINT DISCOVERY PLAN

Plaintiff and Defendants hereby jointly agree to the following Fifth Revised Joint Discovery Plan. In agreeing to this Revised Joint Discovery Plan, the Parties do not waive any position they have asserted or may assert concerning any issue presently or formerly in this litigation.

I. **Introduction**

    A.    Discovery will be conducted in four stages.

    B.    Discovery will be limited to parts identified in the remainder of this Paragraph (I)(B), including its sub-paragraphs, subject to all reservations of discovery rights set forth within this Joint Discovery Plan. Plaintiff recognizes the effect that the Court's Summary Judgment decision of October 14, 2008, its decision of February 17, 2010 not to reconsider the foregoing decision, and its Order dated October 13, 2010 have on the scope of Plaintiff's claims in this case until such time, if ever, as these decisions are reversed or modified on appeal. Without prejudice to Plaintiff's right to seek appellate review of these decisions and others made by the District Court, Plaintiff hereby limits the scope of parts Plaintiff contends Defendants were obligated to

purchase exclusively from Plaintiff to the following: (i) the Brunner Parts as such are identified by the Court in its October 14, 2008 Order and the Matrix Parts, (ii) the Other Included Parts, (iii) the Non-Transition Parts In Suit, and (iv) the Padilla Parts, all as defined and more particularly described below in Sub-Paragraphs (I)(B)(1-5).

    1. The parts purchased by the Defendants from Brunner Manufacturing (the "Brunner Parts");

    2. The parts purchased by the Defendants from Matrix (formerly known as SMC) (the "Matrix Parts");

    3. To the extent that they were supplied by Plaintiff to Defendants through the Parties' course of performance (as described in the Court's previous Orders) the parts from Martin Industrial Supply, Northern Wire, QSN, Bamal Fastener, Brico, Tesa Tape, and Henkel (collectively, the "Other Included Parts");

    4. The Non-Transition Parts In Suit previously identified in the Court's Orders dated March 25, 2010, which have also been the subject of previous referrals to a Special Master but only those which have been purchased from the suppliers listed in Paragraph (I)(B)(3) above (the "Non-Transition Parts In Suit"); and

    5. The parts, set forth in the Alberto Padilla letter dated December 12, 2005 (or as amended after such date) which the Court determines to be in any of the enforceable part categories described in its October 14, 2008 Order (the "Padilla Parts").

    6. The parts described in Sub-Paragraphs (I)(B)(1-5) above are sometimes collectively referred to as the "Parts In Suit."

C. The Parties recognize that Party and non-Party depositions will be necessary after completion of the Second Stage of discovery. The Parties reserve their rights to move the Court

for permission to take depositions during the First Stage of discovery if they determine it to be necessary.

D. Plaintiff believes that the final duration term date with respect to any of the parts described in Paragraph (I)(B)(1-5) above is or may be after November 1, 2008 and, accordingly, the Parties reserve the right, in the Second Stage of discovery, to seek discovery as to information for additional time periods other than those provided in the First Stage of discovery described below.

II. **First Stage (TO FEBRUARY 1, 2014)**[1]

A. The First Stage of discovery will include a mutually-agreeable process for attempting to identify all of the Parts In Suit. To that end, the Parties agree to attempt to utilize, to the extent practicable, the procedure specified below, in order to identify those parts:

1. Within 30 days of the entry of the Court's discovery order, Defendants will endeavor to extract and produce, from any necessary data in Defendants' possession or control, information on all receipts of purchases for any purpose of all of the Other Included Parts, as described in Item (II)(A)(10) below, from Plaintiff for the period January 1, 2001 through November 1, 2008.

2. Within 30 days of the entry of the Court's discovery order, Plaintiff will endeavor to extract and produce, from any necessary data in Plaintiffs' possession or control, information on all shipments of the Other Included Parts, as described in Item

---

[1] February 1, 2014 was the original estimated date for the completion of the First Stage. Whitesell maintains that, pursuant to the Court's Order dated December 29, 2014 (Dkt. 612), the JDP contemplates that Stage One should be completed prior to Stage Two, and states that the Second Stage did not begin until the information required to be provided in the First Stage was provided. The parties certified on January 5, 2015 that all purchase and usage data had been exchanged.

(II)(A)(10) below, to Defendants for the period January 1, 2001 through November 1, 2008.

3. With respect to the steps described in Items (II)(A)(1) and (2), above, the Parties recognize that their respective record-keeping systems may require relaxation of the 30-day deadline for production of information, but the Parties commit to use their best efforts to produce such information as expeditiously as reasonably possible. It is understood and agreed that the Parties will coordinate simultaneous production of this data.

4. As discussed in Defendants' January 22, 2013 brief submitted to the Court, the Defendants recognize that their production will be over inclusive, identifying parts that do not fall within the "course of performance" category as defined by the Court's Orders. Additionally, Defendants believe that the produced data will need to be adjusted to exclude captured purchases of Non-Transition Parts In Suit which will be dealt with separately as discussed below. Within 30 days after completion of production of the data described in both Items (II)(A)(1) and (2) above, the Plaintiff will submit to Defendants its list of those Other Included Parts for which it contends the produced data demonstrates an arguable "course of performance" as defined in the Court's prior Orders ("Plaintiff's Course of Performance List").

5. Within 15 days after submission of Plaintiff's list described in Item (II)(A)(4) above, the Parties will meet and confer in an attempt to resolve any objections Defendants may have to the Plaintiff's course of performance list. In the absence of resolution of any such disputes, Defendants reserve their right to further address these matters with the Court. Defendants reserve the right to assert that any non-Whitesell

purchases it made during the contract period of parts on the Plaintiff's Course of Performance List were justified and do not support Plaintiff's claims in this matter. Defendants further reserve the right to assert that any purchases of parts from Whitesell failed to demonstrate a "course of performance" and are not waiving this right by production of the data previously described.

6. Within 30 days following the Parties' meet and confer described in Item (II)(A)(5) above, Defendants will extract and produce, from any necessary data in Defendants possession or control, information on all receipts of purchases for any purpose of all those parts on Plaintiff's course of performance list which have not been objected to by the Defendants and/or resolved by the Court from the Other Included Parts suppliers listed in Paragraph (I)(B)(3) above for the period 01/01/04 through 11/01/08. Furthermore, as to parts to which Defendants object, Defendants will produce this data within 30 days of the Court's ruling that is either adverse to Defendants' objection or that requires Defendants to produce such information to adequately inform the Court prior to any such adverse determination; provided, however, that Plaintiff reserves the right to assert its right to have a "course of performance" dispute resolved by a jury during trial.

7. By no later than the deadline in Item (II)(A)(6), Husqvarna will provide purchase history receipt data for all parts purchased for any purpose from Brunner Drilling and Manufacturing Inc., Matrix, and SMC during the period 01/01/04 to 11/01/08. Plaintiff reserves its right to seek this information for additional time periods and Defendants reserve their right to oppose the production of any such information.

8. All productions of the data described in Items (II)(A)(1), (2), (6), and (7) above will identify the part by number and description and provide the month and year of

receipt, quantity, supplier name and location (naming facility) for which each purchase or shipment was made. "Facility" or "facilities" shall include any and all manufacturing locations, warehouses and the like (including any "virtual" factories or warehouses, meaning any electronic business database that catalogues parts that are not necessarily tied to a specific physical location or transaction; provided, however, that the foregoing definition will not require Defendants to again produce the purchase receipts data that the Defendants will have produced). In addition, the Parties reserve the right to move the Court during the Second Stage for permission to seek information (not disclosed during the First Stage) disclosing the prices and engineering and tooling charges paid for the parts described in this Item (II)(A)(10) as well as other information and related documents for all purchases of the Parts In Suit from or for any of Defendants' facilities, including, but not limited to, whether Whitesell had the internal capability of manufacturing the parts, whether Whitesell imported or domestically supplied the parts, and Whitesell's revenues and expenses which were or would have been incurred in the supply of the parts.

Plaintiff reserves the right to object to the production of information concerning whether any parts it sold to Defendants, or contends that it should have sold to either of them, were or would have been imported or domestically supplied. Plaintiff reserves the right to maintain that it should not be required to produce any information regarding its revenues or expenses which were or would have been incurred in the supply of parts to Defendants until a reasonable time after Defendants first produce all financial, production or other information as Plaintiff believes is necessary to enable it to produce the information concerning its revenues and expenses. Defendants reserve the right to

oppose all or any portion of the foregoing positions of Plaintiff, in the event that Plaintiff asserts them.

Notwithstanding anything herein to the contrary, during this First Stage, Husqvarna will endeavor to produce to the extent not produced in information described above all pricing, tooling and engineering tooling charges paid for all Brunner and Matrix parts Husqvarna purchased for any purpose from January 1, 2004-November 1, 2008. Plaintiff reserves its right to seek this or other related information for additional time periods and also for any other Parts In Suit; Defendants reserve their right to oppose the production of such information.

9. With regard to purchases described in Paragraphs (II)(A)(1) and (6-7) above, the information will include the purchases of all such parts, including safety stock.

10. Defendants will produce usage data for the Parts in Suit described in Sub-Paragraphs (I)(B) for the period 1/1/04 through 11/1/08 no later than January 24, 2014. All productions of the usage data will identify the part by number and description and provide the month and year of use, quantity, and location (naming facility) where the part was used. The Second Stage of discovery will not commence until this data is produced. Plaintiff reserves the right to seek additional information and documentation during later stages of discovery concerning the items addressed in this paragraph.

11. No later than January 24, 2014, Plaintiff will produce for the period 01/01/04 to 11/01/08 all electronic records/data maintained by Plaintiff that detail any and all product costs for the Parts in Suit described in Section (I)(B) above, as well as, any other management reports created and maintained by Plaintiff of the product costs for the parts during the 01/01/04 to 11/01/08 period. Said data, to the extent possible, shall

be sorted by part number and include the date that such data is applicable and a description of the part. Such product costs would include but not be limited to the following separate costs to the extent applicable, and data on each of these separate costs will also be produced to the extent they are maintained in Plaintiff's electronic records:

    a. The cost of parts purchased by Plaintiff including surcharges, tooling, freight and duty, warehousing and handling, miscellaneous costs and allocations of overhead; and

    b. Costs incurred by Plaintiff to manufacture parts including steel and other materials, manufacturing labor, processing costs, freight and duty, warehouse and handling, miscellaneous costs and allocations of overhead costs. Defendants reserve the right to seek additional information and documentation, including, but not limited to, the data for time periods before January 1, 2004, or after November 1, 2008, during later stages of discovery concerning the items addressed in this paragraph.

    B. If at any time either Party is dissatisfied with the efficacy of the procedure described in Items (II)(A)(1-13) above, the Parties agree to promptly meet and confer and use their best efforts to attempt to address and resolve the issues creating dissatisfaction. If the issues cannot be resolved to the Parties' satisfaction, then either Party may file an appropriate motion with the Court to seek relief. Defendants reserve the right to request the appointment and use of a special master for functions appropriate under Fed. R. Civ. P. 53.

### III. Second Stage (TO MAY 31, 2015)

    A. During the Second Stage, the Parties may commence written discovery (including, among other things, Requests for Production of Documents and Interrogatories)

between the Parties, as well as to Third Parties, relating to the purchases identified in the First Stage.

B. Among other things, Defendants reserve the right to seek discovery during the Second and later stages of discovery regarding, but not be limited to, data and information concerning Whitesell's internal capability of manufacturing the relevant parts, whether Whitesell imported or domestically supplied the parts and Whitesell's revenue and expenses which were or would have been incurred in the supply of the parts as well as other documentation and/or information Defendants deem necessary to address Plaintiff's damages calculations. Plaintiff reserves the right to object to the production of information concerning whether any parts it sold to Defendants, or contends that it should have sold to either of them, were or would have been imported or domestically supplied. Plaintiff reserves the right to maintain that it should not be required to produce any information regarding its revenues or expenses which were or would have been incurred in the supply of parts to Defendants until a reasonable time after Defendants first produce all financial, production or other information as Plaintiff believes is necessary to enable it to produce the information concerning its revenues and expenses. Defendants reserve the right to oppose all or any portion of the foregoing positions of Plaintiff, in the event that Plaintiff asserts them. Plaintiff also reserves the right to object to the production of any such information Defendants deem necessary regarding Plaintiff's damages calculations. Defendants reserve the right to assert that any parts determined to be within the scope of the Parts In Suit as determined by the discovery process set forth herein are not parts subject to any agreement between the Parties.

C. The Plaintiff reserves the right to seek discovery during the Second Stage regarding parts identical to parts supplied by Plaintiff but for which Plaintiff contends that

Defendants or their suppliers assigned a part number different from the part number assigned to such part supplied by Plaintiff.

D. The Plaintiff reserves the right to seek discovery during the Second Stage regarding (i) the matters identified in the Rule 56(d) requests submitted by Plaintiff in connection with Defendants' two currently pending Motions for Partial Summary Judgment, (ii) the accounts receivable claims asserted against the Defendants (including all excess and obsolete inventory), and (iii) the Two Million Dollar ($2,000,000.00) payment made by Whitesell to Electrolux Home Products, Inc. in connection with their Strategic Partnership Agreement dated December 15, 2000.

E. The Parties acknowledge that for certain parts, including but not limited to the Non-Transition Parts in Suit, the Padilla Parts, and the parts affected by the Court's June 24, 2013 Order, Plaintiff has preserved the right to request purchase and usage data for time periods before January 1, 2004, or after November 1, 2008. The Parties shall confer within 60 days of the completion of Stage One, defined as the production of all purchase data, usage data, and product cost data, described in Stage One, regarding the parts and time periods for which additional purchase and usage data is sought. If after negotiating in good faith the Parties are unable to agree as to the production of data for any parts and/or time periods, they will present the disputed issues to the Court for resolution.

## IV. Third Stage (TO MAY 15, 2016)

During the Third Stage which is to commence on or before January 15, 2016 (it being anticipated that Third Stage discovery shall commence thirty (30) days from the parties' certification that "all non-privileged, responsive documents known to them as a

result of their reasonable investigations will be produced prior to December 15, 2015, but the parties understand that each will seasonably produce any such subsequently discovered documents."), the Parties will complete all fact discovery not completed in the first two Stages relating to the part purchases identified in the First Stage. This may include any of the following:

    1.    Additional document requests to Parties and subpoenas to non-Parties.

    2.    Depositions of party and non-party fact witnesses. Although the Parties likely will not know until the completion of the first two Stages how many fact witness depositions will be required, the Parties will work together to minimize the number of required depositions.

    3.    Other discovery devices, including Interrogatories and Requests for Admission.

## V.   Fourth Stage - Expert Discovery

Expert discovery will be completed as follows:

    A.    Plaintiff and Defendants shall serve affirmative expert disclosures in support of their claims in accordance with Fed. R. Civ. P. 26(a)(2) by July 1, 2016;

    B.    Plaintiff and Defendants shall serve any rebuttal report(s) within **sixty (60)** days after receipt of the initial expert disclosures, or on or before September 1, 2016. Any rebuttal report shall be limited to responding to the affirmative opinions in the initial expert disclosures.

    C.    Plaintiff shall make its disclosed testifying expert(s) available for deposition within **thirty (30)** days after service of rebuttal reports as described in V.B, or on or before October 1, 2016.

D. Defendants shall make their disclosed testifying experts available for deposition within **thirty (30)** days after the completion of Plaintiff's expert depositions, or on or before November 1, 2016.

Dated: October 15, 2015.

By: *s/ Steve I. Silverman*
Alan J. Kluger, Esq. (admitted pro hac vice)
Fla. Bar No. 200379
akluger@klugerkaplan.com
Steve I. Silverman (admitted pro hac vice)
Fla. Bar No. 516831
ssilverman@klugerkaplan.com
Terri Meyers, Esq. (admitted pro hac vice)
Fla. Bar No. 881279
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, 27th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379 9000
Facsimile: (305) 379 3428

*Counsel for Pl. Whitesell Corporation*

By: *s/ R. Perry Sentell, III*
R. Perry Sentell, III
Georgia Bar No. 635805
psentell@kilpatricktownsend.com Joseph H. Huff
Georgia Bar No. 374935
jhuff@kilpatricktownsend.com
Laurel P. Landon
Georgia Bar No. 718407
llandon@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
Enterprise Mill
1450 Greene Street, Suite 230 (01)
Post Office Box 2043
Augusta, GA 30903-2043
Telephone: (706) 823-4260
Facsimile: (706) 828-4458

James M. Brogan, *Pro Hac Vice* PA Bar No. 34674 james.brogan@dlapiper.com
Matthew A. Goldberg, *Pro Hac Vice* PA Bar No. 87571
matthew.goldberg@dlapiper.com DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 656-3301

*Counsel for Defendants Husqvarna AB and Husqvarna Outdoor Products, Inc.*

By: *s/ Michael P. Kenny*
    Michael P. Kenny, *Pro Hac Vice*
    Georgia Bar No. 415064 mike.kenny@alston.com
    Kyle G.A. Wallace
    Georgia Bar No. 734167 kyle.wallace@alston.com
    Elizabeth Helmer, *Pro Hac Vice* Georgia Bar No. 415161
    elizabeth.helmer@alston.com

    ALSTON & BIRD LLP
    One Atlantic Center
    1201 West Peachtree Street
    Atlanta, GA 30309-3424
    Telephone: (404) 881-7000
    Facsimile:    (404) 881-7777

*Counsel for Defendant Electrolux Home Products, Inc.*

# CERTIFICATE OF SERVICE

This is to certify that on this 15th day of October, 2015, I have served a copy of the foregoing *PARTIES' FIFTH REVISED JOINT DISCOVERY PLAN* upon counsel of record by electronic mail and by delivering a true and correct copy of same in a properly addressed envelope as follows to:

*Via Electronic Mail:*
Steve I. Silverman, Esq.
Alan J. Kluger, Esq.
Terri E. Meyers, Esq.
Kluger Kaplan Silverman Katzen
& Levine, PL
The Miami Center
201 South Biscayne Boulevard
27th Floor
Miami, Florida 33131

*Via Electronic Mail:*
Kyle G.A. Wallace, Esq.
Michael P. Kenny, Esq.
Elizabeth Helmer, Esq.
Amanda Waide, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

_s/ R. Perry Sentell, III_
R. PERRY SENTELL, III
Georgia Bar No.     635805
Telephone / Fax:     (706) 823-4260 / 828-4458
E-Mail:     psentell@kilpatricktownsend.com

LAUREL P. LANDON
Georgia Bar No.     718407
Telephone / Fax:     (706) 823-4270 / 828-4456
E-mail:     llandon@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
Enterprise Mill
1450 Greene Street, Suite 230 (01)
Post Office Box 2043
Augusta, Georgia 30903-2043

*Counsel for Defendants Husqvarna AB and Husqvarna Outdoor Products Inc.*