IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 103-050 |
| | * | |
| ELECTROLUX HOME PRODUCTS, | * | |
| INC., HUSQVARNA, A.B., and | * | |
| HUSQVARNA OUTDOOR PRODUCTS, | * | |
| INC., | * | |
| | * | |
| Defendants. | * | |

O R D E R

Presently before the Court is Defendants Electrolux Home Products, Inc. ("EHP") and Husqvarna Outdoor Products, Inc.'s ("Husqvarna") Joint Motion to Compel Plaintiff Whitesell Corporation ("Whitesell") to respond to their Fourth Request for Production of Documents. Defendants also seek to overrule certain privilege objections asserted by Whitesell at the deposition of Whitesell's Rule 30(b)(6) representative. Defendants contend that Whitesell's privilege objections are overborne by a preliminary showing that Whitesell has spoliated evidence in this case.

The Court has chronicled Whitesell's assertions of spoliation in other orders. (See Orders of Dec. 9, 2015 and March 31, 2016.) Alongside every such assertion, Defendants

have proclaimed that Whitesell has committed similar failings in discovery-what the Court has referred to as "gaps in discovery." (See Orders of Sept. 10 and Dec. 9, 2016.) Defendants' present motion brings their prior complaints to the forefront.

Both Husqvarna and EHP have produced privileged documents based upon Whitesell's preliminary showing of spoliation. Pursuant to the Order of December 9, 2016, EHP produced documents referenced in the deposition of its Rule 30(b)(6) deponent such as a purge hold list, a litigation hold letter, and internal e-mails regarding data collection. As a consequence of this Order, Husqvarna also produced certain material including preservation communications to document custodians, a list of custodians who were searched, the search terms used to conduct the search, and project documents and materials relating to such searches. Defendants now seek reciprocal discovery. In their Fourth Request for Production of Documents, Defendants seek documents and communications related to Whitesell's document retention policies, litigation holds and document preservation instructions, and efforts to collect data including the search terms used. (See Doc. No. 769-1.)

The Court cannot order the production of these documents simply because Defendants were directed to produce similar material. Rather, the Court must determine whether Defendants

have made a preliminary showing of spoliation sufficient to overcome Whitesell's privilege objections. Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." E.g., Graff v. Baja Marine Corp., 310 F. App'x 298, 301 (11th Cir. 2009) (quoted source omitted). Here, Defendants outline six instances indicating spoliation. Of these, the following circumstances compel a finding that Defendants have made a *preliminary* showing of spoliation.[1]

On January 14, 2016, Defendants took the deposition of Mr. Robert Wiese, Whitesell's Rule 30(b)(6) representative. Mr. Wiese testified that Whitesell did not have any type of litigation hold policy or practice from 2000 until present. (Wiese Dep. at 133.) In 2006, in preparation for Whitesell's February 2007 production, Mr. Wiese explained to department heads what documents he needed, but he did not tell them why. (Id. at 134, 138-40.) He also discussed the need to retain all communications related to Defendants with two executives, Neil Whitesell and John Duffner. (Id. at 135.) Other than these instances, when asked by the finance department if it

---

[1] The Court need not discuss all six alleged instances indicating spoliation once it determines that some of the circumstances warrant the requisite finding.

3

could shred or destroy documents, he instructed that documents related to Defendants be preserved. (Id. at 135-36.)

Additionally, Mr. Wiese revealed that Whitesell took no efforts to prevent employees from deleting e-mails from the centralized server through a process referred to as "double deletion." (Id. at 79-80.) This oversight manifested itself in the lack of production of e-mails from Todd Wagstaff and four other former employees of Whitesell. For instance, Whitesell produced only one e-mail from the custodial mailbox of Mr. Wagstaff. At deposition, Mr. Wiese admitted that there should have been a thousand or more. (Id. at 60.) Mr. Wiese then surmised that Mr. Wagstaff double deleted the e-mails prior to leaving Whitesell in 2005. Indeed, Mr. Wiese testified that he had eliminated other potential explanations for the missing e-mails.[2,3] (Id. at 71-74.)

---

[2] Following Defendants' reliance in their motion to compel upon Mr. Wiese's testimony about Todd Wagstaff's custodial mailbox, Whitesell served upon Defendants an errata sheet to Mr. Wagstaff's deposition. Understandably, Defendants filed a motion to strike the errata sheet. Upon due consideration, the Court concludes that the errata sheet impermissibly contradicts Mr. Wiese's deposition testimony and will not be considered. Defendants' motion to strike the errata sheet (doc. no. 774) is hereby **GRANTED**.

[3] Mr. Wiese testified that the custodial mailboxes of the other four employees would have been searched for the 2007 production if they were employed by Whitesell at that time because the mailboxes for all employees were searched for that particular production. (Wiese Dep. at 85-86.) Thus, if the employees were employed by Whitesell at that time and no e-mails were produced from their custodial mailboxes, the logical explanation is that the employee deleted the e-mails.

These facts show that Whitesell "fail[ed] to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." See Graff, 310 F. App'x at 301. Whitesell filed its complaint in October 2005, and as the Court has noted previously, litigation in this case was reasonably foreseeable prior to that time. Yet, Whitesell admittedly did nothing to preserve evidence. Without litigation hold letters explaining to employees the importance of document retention, Defendants cannot be certain that all relevant material has been preserved. This finding is bolstered by the failure to preserve e-mails from Mr. Wagstaff and perhaps four other custodians. As Whitesell admits through its Rule 30(b)(6) representative, Mr. Wagstaff's e-mails are simply gone, i.e., not preserved. Whitesell counters with evidence that it did produce a thousand Wagstaff e-mails from other custodial mailboxes. However, there is no way to assure that this other production constitutes the world of Wagstaff e-mails from his custodial mailbox. Nor must Defendants accept this other production at face value in light

---

At deposition, Mr. Wiese explained that because these four employees were not on the custodian list for the 2015 production, he did not further investigate the failure to produce e-mails in preparation for the deposition. (Id. at 83-84, 90-92.) Nevertheless, he recalled that three or four of the named employees were employed by Whitesell in 2006 and 2007 (id. at 87, 91-95), and the Court notes the spoliation inference to be drawn.

5

of the evidence that Whitesell failed to communicate the importance of preservation to its employees.

In short, given Whitesell's apparent failure to implement document retention policies or procedures and evidence of missing e-mails, Defendants have made a preliminary showing of spoliation. Commensurate with the Court's rulings against Defendants upon Whitesell's preliminary showing of spoliation, the Court finds Defendants' Fourth Request for Production of Documents to be reasonably related to their investigation of Whitesell's potential spoliation of evidence. Accordingly, Whitesell is hereby **ORDERED** to produce documents responsive to Defendants' Fourth Request for Production of Documents.[4]

With respect to Defendants' motion to compel Whitesell to present Mr. Wiese for re-examination, such request is **DENIED**. Upon considering the subject areas that Defendants wish to explore with Mr. Wiese, the Court finds that Whitesell's court-ordered document production will be responsive to most of them. For instance, Mr. Wiese did not answer questions

---

[4] The Court notes that during his testimony, Mr. Wiese explained that he had recently given Whitesell's counsel a copy of e-mails and communications with counsel (in-house and outside counsel) related to discovery as well as internal communications between himself and other employees regarding data collection for discovery in 2007 and 2015. (Wiese Dep. at 129-33.) He also stated that he had provided to counsel written documentation setting forth Whitesell's retention policy related to e-mail. (Id. at 128.) Production of these documents is a fair start to Whitesell's obligations set forth herein.

about the 2015 custodian list or the search terms used in connection with the 2007 and 2015 production efforts, but Defendants have asked for this same information in Request to Produce Numbers 3 and 4. Accordingly, without a further showing of good cause, the Court will not compel the re-examination of Whitesell's Rule 30(b)(6) representative at this time.

Upon the foregoing, Defendants' motion to compel (doc. no. 769) is **GRANTED IN PART** and **DENIED IN PART**. Because the Court read and considered the sur-response attached to its motion for leave to file a sur-response, Whitesell's motion for leave (doc. no. 794) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this 31ST day of March, 2016.

*[signature]*

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA