IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WHITESELL CORPORATION,       *
                             *
        Plaintiff,           *
                             *
    v.                       *    CV 103-050
                             *
ELECTROLUX HOME PRODUCTS,    *
INC., HUSQVARNA, A.B., and   *
HUSQVARNA OUTDOOR PRODUCTS,  *
INC.,                        *
                             *
        Defendants.          *

O R D E R

On April 12, 2016, Defendant Husqvarna Outdoor Products, Inc. ("Husqvarna") served a Notice of Inspection upon Plaintiff Whitesell Corporation under Federal Rule of Civil Procedure 34. The Notice proposed the entry into Plaintiff's Muscle Shoals, Alabama facility on May 17, 2016, and its Washington, Iowa facility on May 19, 2016, for the purpose of "inspecting, measuring, photographing, sampling and/or testing" parts listed on Exhibit A attached thereto. (Pl.'s Obj., Doc. No. 815, Ex. A.) Exhibit A is a list prepared and produced by Plaintiff of all "Brunner and Matrix"[1] parts in

---

[1] "Brunner and Matrix" parts refer to parts that Plaintiff manufactured or acquired in an attempt to replace the supply of parts to Defendants provided by third party suppliers Brunner Manufacturing and Matrix Wire.

Plaintiff's possession. The Notice of Inspection further provides that it will also "involve Husqvarna's random selection of certain parts noted on the attached Exhibit 'A' for off-site inspection, measuring, photographing, sampling and possible destructive testing (with up to one percent 1% of the inventory quantities, contained on Exhibit A, for the selected parts being used for this purpose)." (Id.)

Plaintiff filed a timely objection to the Notice of Inspection, which resulted in the inspections not taking place as scheduled. Husqvarna has filed a response in opposition to Plaintiff's objection, and Plaintiff has filed a reply brief. The Court resolves the matter as follows.

This Court has broad discretion to compel or deny discovery. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 34(a)(1)(B) provides that a party may serve a request within the scope of Rule 26(b) "to produce and permit the requesting party or its representative to inspect, copy, test, or sample [any designated tangible things] in the responding party's possession, custody, or control." Federal Rule of Civil Procedure 26(b)(1) provides that the scope of discovery regards "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." The term

2

"relevant" in Rule 26 includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-52 (1978). Additionally, the Court must be mindful that it should protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Thus, in evaluating a request for inspection under Rule 34, the Court must "consider the relevance of the inspection and balance the value of the information sought with the burden of the proposed intrusion." Walker v. Credit Protection Ass'n, 309 F.R.D. 668, 671 (M.D. Fla. 2015).

In Count II of the Second Amended Complaint, Plaintiff asserts a breach of contract claim against Defendants arising out of their alleged failure to transition the Brunner and Matrix parts to Plaintiff. As a defense, Husqvarna contends that the failure to transition Brunner and Matrix parts was due to Plaintiff's conduct, including its lack of supply capability and production readiness. In brief, Husqvarna states that its Notice of Inspection is "necessary to verify the quantities of the Brunner and Matrix parts which are the subject of Whitesell's claims and to verify that such parts are of the necessary quality and meet applicable engineering

3

drawings and specifications." (Husq.'s Opp'n to Pl.'s Obj., Doc. No. 820, at 5.)

Plaintiff's objections respecting Husqvarna's claim of relevance is two-fold. First, Plaintiff points out that Husqvarna issued Production Part Approval Process (PPAP) approvals in 2007 and 2009 for all the Brunner and Matrix parts; thus, Husqvarna's present-day testing is unnecessary and irrelevant. Husqvarna counters that many of the Brunner and Matrix parts were not PPAP approved and those that were only applied to sample parts. Husqvarna claims that Plaintiff has omitted its history of supplying parts that deviated from the applicable specifications even after samples of the same parts passed PPAP qualification procedures. Second, Plaintiff complains that any testing of the Brunner and Matrix parts now may be compromised because of the passage of time and interim handling.[2] It is this Court's conclusion that both of Plaintiff's relevancy objections go more to the weight to be accorded any admissible results from inspection and testing and not to whether the inspection and testing is appropriate. Accordingly, the Court finds the Notice of Inspection to be relevant and within the scope of discovery in this litigation.

---

[2] Specifically, Plaintiff claims that the Brunner and Matrix parts have been stored in un-air conditioned warehouses for years and moved numerous times.

4

Plaintiff next claims that the Notice of Inspection fails to comply with the requirements of Rule 34 because Husqvarna has not disclosed the proposed manner of destructive testing. Plaintiff complains that Husqvarna "improperly seeks to remove the parts from Whitesell's property and conduct clandestine testing without input from Whitesell." (Pl.'s Obj. at 3.) To this end, Plaintiff asks this Court to impose "safeguards" upon the testing to include allowing Plaintiff and its experts to observe and record the destructive testing. (Id. at 7-8.)

Upon consideration of the arguments in brief on this issue, the Court concludes that Husqvarna has correctly pointed out that Plaintiff's "safeguards" improperly intrude upon its attorney work product and consulting expert privileges. In denying a similar request from the plaintiff in Shoemaker v. General Motors Corp., 154 F.R.D. 235 (W.D. Mo. 1994), the district court prudently pointed out: "The decision of what to test and how is essentially a working-out of the defendant's interpretation of facts and testing of its defenses. Those processes involve either the attorney's mental processes or the opinions of consulting experts. Both are protected." Id. at 236 (citing to the protections of Federal Rule of Civil Procedure 26(b)(3), (4)).

In order to overcome these protections, Plaintiff must demonstrate a "substantial need" to observe the testing and

that there are no alternative means for obtaining the information. See Fed. R. Civ. P. 26(b)(3)(A). Plaintiff has not.³ Rather, the Court finds that the Rules of Civil Procedure provide adequate safeguards through required expert witness disclosures, depositions, and other discovery mechanisms to allow Plaintiff an opportunity to discover and test the methodologies of Husqvarna and its experts should Husqvarna seek to use its results as evidence in the case. See Hendrick v. Avis Rent A Car Sys., Inc., 916 F. Supp. 256, 261 (W.D.N.Y. 1996) ("The fact that plaintiff would find it useful for his representatives to be present for all crash and sled testing that GM may perform in preparing for trial does not demonstrate substantial need or undue hardship."). Simply put, Plaintiff has not demonstrated that any prejudice or burden resulting from the proposed inspections outweighs the value of the discovery sought.

Upon the foregoing, the Court overrules and denies Plaintiff Whitesell Corporation's objection to the Notice of Inspection served on April 12, 2016. Plaintiff is directed to

---

³ Husqvarna correctly notes that this case does not present circumstances in which the proposed destructive testing would prejudice Plaintiff because it does not involve singular or arguably unique items which could warrant additional protections. Rather, Husqvarna seeks to perform destructive testing only upon up to 1% of some of the listed parts.

6

provide Husqvarna with several alternative dates within the next 21 days during which the inspections may be conducted.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of June, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA