IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WHITESELL CORPORATION,            *
                                  *
         Plaintiff,               *
                                  *
    v.                            *     CV 103-050
                                  *
ELECTROLUX HOME PRODUCTS,         *
INC., HUSQVARNA, A.B., and        *
HUSQVARNA OUTDOOR PRODUCTS,       *
INC.,                             *
                                  *
         Defendants.              *

# O R D E R

Presently before the Court is Plaintiff Whitesell Corporation's ("Whitesell") motion for entry of an order reserving this Court's ruling on an award of prejudgment interest on its claims, liquidated and unliquidated, until after the evidence has been presented. Defendants argue that this Court has already ruled upon the issue. The matter has been fully briefed.

The Court has allowed an interest claim under O.C.G.A. § 7-4-16 on Whitesell's only arguable liquidated damages claim: Count VI, the Failure to Pay Invoices. (See Order of May 28, 2014, Doc. No. 577, at 14-16 (overruling Defendants' objection to the inclusion of an interest claim in Paragraph 199 of the Second Amended Complaint).) With respect to the unliquidated damages claims, however, the Court has disallowed the

inclusion of a claim of interest under both O.C.G.A. § 7-4-16 (see id.) and O.C.G.A. § 13-6-13 (see Order of May 17, 2016, doc. no. 818). Whitesell does not take issue with the Court's ruling with respect to O.C.G.A. § 7-4-16; rather, its focus is on its claim for prejudgment interest under O.C.G.A. § 13-6-13.

### Background

On May 17, 2016, this Court disallowed Whitesell's claim for prejudgment interest under O.C.G.A. § 13-6-13 upon a finding that it was a new claim. (Doc. No. 818, at 4.) By way of further explanation, when Whitesell filed its motion to amend the complaint in January of 2014, the proposed Second Amended Complaint attached thereto included the word "interest" in the damage allegation of each substantive cause of action. (See Doc. No. 546, Ex. A.) The Court convened a hearing on March 27, 2014 to address Whitesell's proposed amendment. The only mention of "interest" during the hearing was Whitesell's reference to its claim for 18% interest on a commercial account under O.C.G.A. § 7-4-16 in relation to the count involving Defendants' alleged failure to pay invoices. (Tr. at 33-37, Doc. No. 567.) Then, after the hearing, Whitesell submitted its proposed Second Amended Complaint in compliance with the Court's rulings in the hearing. (See Doc. No. 568.) That submission of April 10, 2014 includes only a

2

claim for "18% interest as permitted by O.C.G.A. § 7-4-16," which is added to the damage allegation of each count. (See id.) Defendants objected to this claim of interest. (Doc. No. 569.) In response thereto, Whitesell points out that it had made a claim for interest in its proposed Second Amended Complaint (filed in January 2014), had noted the claim again in the hearing without objection from Defendants during the March 27th hearing, and had "cited the statute pursuant to which interest would be available" in the April 10th submission of its proposed Second Amended Complaint. (Doc. No. 573, at 18.) As stated, any reference to interest in its proposed Second Amended Complaint of April 10, 2014 cites only to O.C.G.A. § 7-4-16. In ruling upon Defendants' objections on May 28, 2014, this Court directed Whitesell to strike its claim of interest in all but Paragraph 199, which pertains to the only liquidated damages claim. (Doc. No. 577.) Nevertheless, when Whitesell filed its Second Amended Complaint in conformance with the Court's Order of May 28, 2014, the damages allegation in each cause of action includes the word "interest" where it did not appear in its April 10, 2014 submission. (See Pl.'s Second Am. Compl., Doc. No. 578.)

This modification went unnoticed by the Court and Defendants until Whitesell filed a motion to "interlineate" the claim by adding the word "prejudgment" before the word "interest." (Doc. No. 801.) Once the issue was placed

3

squarely before it, the Court denied Whitesell's motion to amend the complaint to include a claim for prejudgment interest under O.C.G.A. § 13-6-13 because it did not appear in Whitesell's April 10, 2014 submission and would thus constitute a new claim 7½ years after the First Amended Complaint. (Order of May 17, 2016, Doc. No. 818.) The Court further concluded that the inclusion of a prejudgment interest claim would be futile in any event. (See id.)

### *Legal Standard*

Whitesell seeks to have this Court "reserve ruling" on the issue of prejudgment interest. Because the Court, in its Order of May 17, 2016, has already ruled on this issue in denying Whitesell's motion for leave to amend the Second Amended Complaint to include a claim for prejudgment interest under O.C.G.A. § 13-6-13, the Court views Whitesell's current motion as a motion for reconsideration of that ruling.

Reconsideration, however, is appropriate only if the movant demonstrates: (1) an intervening change of law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. E.g., Center for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Estate of Pidcock v. Sunnyland America, Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). In this case, Whitesell attempts to show that reconsideration is

4

necessary to correct a clear error of law or to prevent manifest injustice.

### Legal Analysis

Before delving into the merits of Whitesell's reconsideration arguments, the Court notes that the motion is rather late. Whitesell only mentioned the possibility of filing a motion for reconsideration at a hearing on December 5, 2016, over 6 months after the Court's ruling in its Order of May 17, 2016. At that time counsel stated that he did a "terrible job in presenting the issue" to the Court and though he did not "disagree with anything" in the Court's prior Order, he believed there was case law that would allow the award of prejudgment interest on an unliquidated damages claim in the Court's discretion. (Tr. at 72, Doc. No. 875.) Counsel cited to Holloway v. State Farm Fire & Cas. Co., 537 S.E.2d 121 (Ga. App. 2000). (Id. at 73-74.) The actual motion was not filed for another 2½ months. In the motion, Whitesell, as promised, cites Holloway for the proposition that the Court has discretion to award prejudgment interest on unliquidated damages claims. (Doc. No. 880.) Aside from this argument, Whitesell sets forth no other basis for reconsideration of this Court's ruling of May 17, 2016.[1] As

---

[1] Whitesell's argument in brief was one paragraph.

5

a basis for reconsideration, the Holloway case is rather unremarkable and does not warrant a reversal of this Court's decision.[2] Then, having the benefit of Defendants' responsive pleading, Whitesell filed a ten-page reply brief urging the Court's reconsideration, the merits of which will be addressed below. The Court is constrained to note here, however, that Whitesell's motion for reconsideration could be denied for the delay in filing and in presenting the issues to the Court. See Pattee v. Ga. Ports Auth., 477 F. Supp. 2d 1272, 1275 (S.D. Ga. 2007) ("[T]he Court will view 'new' arguments [in reply briefs] suspiciously [and] remain mindful of sandbagging.") In fact, by its own admission, explicitly at the December hearing and implicitly in the sparsity of its initial motion, Whitesell could not find any basis for

---

[2] The Holloway court was asked to review the trial court's denial of prejudgment interest on two loss claims (a theft claim and a water damage claim) under an insurance policy. 537 S.E.2d at 122-23. The trial court had determined that both claims were unliquidated, and therefore, in the exercise of discretion, denied the award of prejudgment interest. Id. at 123. The Georgia Court of Appeals reversed the trial court's ruling with respect to the theft claim upon concluding that the claim was for liquidated damages; thus, on the theft claim, the trial court was mandated to award prejudgment interest. Id. at 125. With respect to the water damage claim, however, the Court of Appeals affirmed that the claim was unliquidated and the trial court had discretion to deny an award of prejudgment interest. Id. In the case at bar, there is no dispute that this Court has discretion to award prejudgment interest on an unliquidated damages claim. (See Order of May 17, 2016, at 5 ("The award of prejudgment interest arising our of a breach of contract is within the discretion of the factfinder." (citation omitted)).)

6

reversal of this Court's prior order, i.e., there was no argument of clear error or manifest injustice, until it filed its reply brief.

Turning now to the reply brief, Whitesell argues that this Court overlooked the case of <u>Alphamed, Inc. v. B. Braun Med., Inc.</u>, 367 F.3d 1280 (11th Cir. 2004), in finding that prejudgment interest cannot be awarded on Whitesell's unliquidated claims. <u>Alphamed</u> does not change this Court's analysis, however.

Whitesell does not dispute that prejudgment interest under O.C.G.A. § 13-6-13 can only be awarded if the amount of damages is ascertainable at the time of the contractual breach. This was certainly the case in <u>Alphamed</u>, 367 F3d 1280. In that case, the district court directed the jury to award a sum certain upon the jury's determination that the defendant breached its agreement to purchase a contractually agreed upon quantity of ambulatory infusion pumps from the plaintiff, Alphamed. <u>Id.</u> at 1284. The district court arrived at the figure by multiplying the quantity and price terms of the pumps as set forth in the parties' contract. <u>Id.</u> The jury also determined that Alphamed was entitled to prejudgment interest in a special interrogatory. Upon the verdict, the district court awarded the sum certain in damages and awarded prejudgment interest on that amount at the statutory rate. <u>Id.</u> On appeal, the defendant complained that the district

7

court did not permit the jury to calculate the prejudgment interest award. The Eleventh Circuit agreed that the jury should have calculated the amount but found the error to be harmless since the jury would have arrived at the same exact figure. Id. at 1287.

In the Alphamed case, the parties apparently disputed whether Alphamed was capable of producing the pumps; a similar allegation has been raised against Whitesell in the case at bar. Also, the Alphamed district court had to calculate Alphamed's lost profits to arrive at a damages figure; a similar task may befall the finder of fact in the case at bar. Whitesell therefore argues that the case at bar is analogous to Alphamed, and because prejudgment interest was awarded to Alphamed under these circumstances, Whitesell too is entitled to prejudgment interest.

Whitesell's view of its breach of contract claims is rather simplistic, and indeed one or two of their claims may be more straightforward than others. One thing is certain, however. The factfinder in this case will not be asked to simply multiply a specific quantity of specific parts by a specific price term (all of which were identified in a single contract) to ascertain an amount of damages that would be the same at the time of breach. Notably, here there is not a single contract with specific quantities and price terms. Indeed, this Court has already held that the original

contract, the Strategic Partnership Agreement, did not identify the scope of goods to be bought and sold. And while the Settlement Memorandum and Consent Order may clarify the parties' obligations to each other in some respects, any award of damages will not be one that is ascertainable at the time of breach, particularly given the difficulties in this case of defining the scope of goods, the dates of full transition, and the pricing of the parts. (See, e.g., Hrg. Tr. Of April 27, Doc. No. 819, at 136 ("They put in the Whitesell pricing. By asking us to do the damage computation based on that information and only that information, it limits our damage theory as opposed to prices that they've paid to third parties . . . .").)

In short, the Alphamed case, which involved a single contract with a specific quantity of a single product and specific pricing of that product, is not sufficiently analogous to this case, which involves an invalidated supply contract, an indefinite scope of goods, and disputed pricing, to demonstrate clear error or manifest injustice in this Court's prior analysis. That is, the Alphamed case does not warrant reversal of this Court's determination that a prejudgment interest claim would be futile because damages could not be ascertained at the time of breach.

Further, Whitesell undervalues a critical conclusion of the May 17, 2016 Order. Therein, the Court found that

9

Whitesell had added a new claim. Whitesell takes issue with this finding by pointing out that it had included an "interest" claim in its prior two attempts to amend the complaint on December 20, 2007 and July 5, 2011 (doc. nos. 122 and 449) as well as in its submission of January 17, 2014 (doc. no. 546). Including an interest claim in proposed amended pleadings does not inject the claim into the case, however. More importantly, the Court convened the hearing of March 27, 2014, for the purpose of having a "good, clean Second Amended Complaint" with which to move forward. (Tr. at 3, Doc. No. 567.) It was the Court's expectation that the proposal submitted by Whitesell thereafter would be a complete statement of its case. Thus, Whitesell's expression of its claim for interest under only O.C.G.A. § 7-4-16 in its April 10, 2014 submission is binding. A reasonable conclusion can be drawn from that submission that Whitesell's mention of interest in any prior attempt to amend the complaint refers to O.C.G.A. § 7-4-16, not O.C.G.A. § 13-6-13, since the general term "interest" was taken out of the damage allegation in each count and replaced by specific reference to O.C.G.A. § 7-4-16. In short, Whitesell specified only one type of interest in its submission of April 10, 2014, which was to be its definitive statement of its case. Whitesell's inclusion of a prejudgment interest claim in the ultimate statement of its case - the filed and operative Second Amended Complaint - was erroneous

since it was not authorized by the Court, and, frankly, was probably not contemplated by Whitesell's counsel until after the Court struck any mention of interest except in Paragraph 199. The Court's conjecture on that point, however, is irrelevant. The relevant fact is that a prejudgment interest claim under O.C.G.A. § 13-6-13 was not submitted to the Court on April 10, 2014 for approval and therefore was later rejected by this Court in the exercise of sound discretion.

### *Conclusion*

Having already disallowed Whitesell's claim for prejudgment interest under O.C.G.A. § 13-6-13 on its unliquidated damages claims, and finding no basis to reverse this ruling, Whitesell's motion for entry of an order reserving ruling[3] (doc. no. 880) is hereby **DENIED**. Because oral argument on the issue would not aid the Court, Whitesell's motion for oral argument (doc. no. 886) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of May, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court emphasizes that the motion has been construed as a motion for reconsideration, and Whitesell has not met its burden to show clear error of law or manifest injustice.

11