IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| Plaintiff, | * | |
| v. | * | CV 103-050 |
| ELECTROLUX HOME PRODUCTS, INC., HUSQVARNA, A.B., and HUSQVARNA OUTDOOR PRODUCTS, INC., | * | |
| Defendants. | * | |

**O R D E R**

Defendant Electrolux Home Products, Inc. ("EHP") has filed a "Motion for Partial Summary Judgment as to Contract Duration Term for Parts in Suit." The motion seeks a determination as a matter of law of the contract duration term for parts supplied by Plaintiff Whitesell Corporation ("Whitesell") to EHP, i.e., the time that the parties were contractually obligated to perform for each part. The determination of the duration term for each part is essential to Whitesell's breach of contract claims in its Second Amended Complaint.

The matter came before the Court for oral argument on April 17, 2018, at which time the Court heard argument and, in many cases, the concessions of the parties' attorneys, which

enabled the Court to rule from the bench.[1] The matters at issue in the instant motion were resolved at the hearing; the Court hereby incorporates by reference and adopts herein its legal rulings. The Court will only summarize its rulings in this Minute Order.

### The Exhibits

Through its motion for partial summary judgment, EHP submitted 7 lists of parts as Exhibits 1 through 7 to the motion. (See Doc. Nos. 894-2 through 894-8.) Following submission of Whitesell's responsive brief (doc. no. 918) and EHP's reply brief (doc. no. 926), Whitesell resubmitted the 7 exhibits but with additional columns reflecting each parties' respective positions on the contract duration term to be applied to each individual part (see doc. no. 936, Exs. 1-7). The Court utilized these 7 modified exhibits attached to Whitesell's Sur-reply as the basis from which it made its rulings. This Minute Order will likewise reference and utilize the 7 modified exhibits.

---

[1] Moreover, the Clerk gave Whitesell notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. No. 895.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), were satisfied.

2

*Exhibit 1 (Doc. No. 936-1)*

Exhibit 1 is a list of 263 parts. Whitesell is not asserting a claim for breach of contract with respect to four of these parts: Part Nos. 054287-000, 134932400, 137099100, and 73202-2540. Based upon this concession from Whitesell, these parts are hereby excluded from Whitesell's breach of contract claim without prejudice to Whitesell to renew its claim should supplemental information become available.[2] With respect to the remaining 259 parts on Exhibit 1, and for the reasons stated at the hearing of April 17, 2018, the contract duration term is January 1, 2004 to November 1, 2008.[3] Accordingly, summary judgment is granted with respect to the parts listed on Exhibit 1.

---

[2] As discussed at a later point in the hearing respecting a different list of parts, there must be an end point to Whitesell's ability to reintroduce parts back into the litigation, particularly because reintroduction could alter the damages calculations of the parties' experts. Moreover, the parties have certified that their production of usage and purchase history data is complete. Accordingly, Whitesell has until 30 days after the close of fact discovery to move to reintroduce an excluded part. This deadline is imposed on any part that is excluded from Whitesell's damages claim for breach of contract.

[3] This is the duration period for which Whitesell may seek damages on its breach of contract claim. Here (and elsewhere in this Order that the duration start date is determined to be January 1, 2004), the January 1, 2004 start date does not necessarily reflect the actual date of full transition to Whitesell. Indeed, the part may have been transitioned to Whitesell before January 1, 2004, or immediately transitioned upon first use after January 1, 2004.

*Exhibit 2 (Doc. No. 936-2)*

Exhibit 2 is a list of 159 parts. Whitesell is not asserting a claim for breach of contract with respect to two of these parts: Part Nos. 47920030001 and 319008401. Based upon this concession from Whitesell, these parts are hereby excluded from Whitesell's breach of contract claim without prejudice to Whitesell to renew its claim should supplemental information become available. Moreover, Part No. 108249X is not an EHP part and therefore is excluded from Whitesell's breach of contract claim as against EHP only. This leaves 156 parts.

The parties agree that the first 143 parts listed on Exhibit 2 have the contract duration term noted therein. Also, the parties agree that Part No. 062791-300 has a contract duration term of January 1, 2004 to November 1, 2008. With respect to the last 12 parts listed on Exhibit 2, for the reasons stated at the hearing of April 17, 2018, the contract duration term is January 1, 2004 to November 1, 2008. Accordingly, summary judgment is granted with respect to the parts listed on Exhibit 2.

*Exhibit 3 (Doc. No. 936-3)*

Exhibit 3 is a list of 30 parts. For the reasons stated at the hearing of April 17, 2018, the contract duration term for all listed parts is January 1, 2004 to November 1, 2008.

4

Accordingly, summary judgment is granted with respect to the parts listed on Exhibit 3.

*Exhibit 4 (Doc. No. 936-4)*

Exhibit 4 is a list of the 56 parts that are also the subject of EHP's "Renewed Motion for Partial Summary Judgment as to Certain Parts not Within Enforceable Part Categories" (EHP's "Exclusion Motion"). At the April 17th hearing, the Court ruled that 35 of the parts, parts that EHP never purchased from Whitesell, are excluded from Whitesell's breach of contract claim. Those parts are listed on Exhibit A to EHP's Exclusion Motion (doc. no. 893-2). The Court deferred ruling on the remaining 21 parts, parts that EHP claims were only purchased from Whitesell on a *de minimis* basis, to allow further briefing. Those parts are listed on Exhibit B to EHP's Exclusion Motion (doc. no. 893-3). However, Whitesell concedes that it is not asserting a claim for breach of contract with respect to five of the 21 *de minimis* parts: Part Nos. 077058-000, 054287-000, 134932400, 137099100, and 73202-2540. Based upon this concession from Whitesell, these five parts are hereby excluded from Whitesell's breach of contract claim without prejudice to Whitesell to renew its claim should supplemental information become available.

Accordingly, summary judgment is granted with respect to 40 of the 56 parts listed on Exhibit 4 and deferred until the

resolution of EHP's Exclusion Motion for the remaining 16 parts.

### *Exhibit 5 (Doc. No. 936-5)*

Exhibit 5 is a list of 64 parts, subdivided into three exhibits: Exhibit 5A (45 parts); Exhibit 5B (17 parts); and Exhibit 5C (2 parts).

Whitesell only disputes the listed duration term on four of the parts: Part Nos. 316444901 and 316452200 on Exhibit 5A, and Part Nos. 134207300 and 143057-000 on Exhibit 5C. Accordingly, the parties agree that the remaining 60 parts on Exhibit 5 have the contract duration term noted therein. Summary judgment is granted with respect to these 60 parts.

As discussed at the hearing, however, the Court denies summary judgment as to the remaining 4 parts because genuine disputes of material fact exist as to each part's fully transitioned date.

### *Exhibit 6 (Doc. No. 936-6)*

Exhibit 6 is a list of 10 parts. Two of the parts, Part Nos. 182402 and 73640400, are not EHP parts and therefore are excluded from Whitesell's breach of contract claim as against EHP only. This leaves 8 parts.

Of the remaining 8 parts, only two parts were specifically discussed at the hearing. As to the other 6 parts, Whitesell concedes that the parts may be excluded from

its breach of contract claim without prejudice to Whitesell to renew its claim should supplemental information become available.

Part No. 318339200 is a part listed on Exhibit 6 to the Donald J. Market Affidavit of September 16, 2009, and thus, for the reasons stated at the hearing, its contract duration term is January 1, 2004 to November 1, 2008. Part No. 297048400 also has a contract duration term of January 1, 2004 to November 1, 2008, because there is no evidence to rebut the fact that it was immediately transitioned to Whitesell upon its first use.

Accordingly, summary judgment is granted with respect to the parts listed on Exhibit 6.

*Exhibit 7 (Doc. No. 936-7)*

Exhibit 7 is a list of 56 parts (all of which also appear on other Exhibits to the motion). Whitesell concedes that there is no evidence to suggest it has a claim for damages on its breach of contract claim respecting these parts with one exception. Accordingly, all listed parts, except Part No. 2710090013, is excluded from Whitesell's breach of contract claim without prejudice to Whitesell to renew its claim should supplemental information become available. Thus, summary judgment is granted with respect to the parts listed on

Exhibit 7 except Part No. 2710090013.[4]

## Conclusion

Upon the foregoing, EHP's "Motion for Partial Summary Judgment as to Contract Duration Term for Parts in Suit" (doc. no. 894) is **GRANTED IN PART** and **DENIED IN PART** as specifically set forth hereinabove.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of May, 2018.

*[signature]*
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] Pursuant to this Court's ruling on Exhibit 1, the list upon which this part appears, the contract duration term for Part No. 2710090013 is January 1, 2004 to November 1, 2008.