IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 103-050 |
| | * | |
| ELECTROLUX HOME PRODUCTS, | * | |
| INC., HUSQVARNA, A.B., and | * | |
| HUSQVARNA OUTDOOR PRODUCTS, | * | |
| INC., | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Plaintiff Whitesell Corporation's ("Whitesell") motion to compel responses to certain discovery propounded to Defendant Electrolux Home Products, Inc. ("EHP"). The parties have fully briefed the matter, and the Court resolves it as follows.

Whitesell intends to use the discovery at issue to obtain damages information related to a particular term in the parties' Settlement Memorandum of 2003. At the time of executing the Settlement Memorandum, the parties had agreed to transition "Brunner and/or wireform parts" to Whitesell. The parts were to be fully transitioned to Whitesell by December 31, 2003. The Settlement Memorandum provided, however, as follows:

> To the extent that EHP does not transition the supply of all Brunner and wireform parts to Whitesell, EHP agrees to transition additional mutually agreed upon parts for Whitesell to supply in an amount which creates gross purchases . . . equal to the calendar year 2002 purchase value of the Brunner and wireform parts not transitioned (hereafter, "substitute parts")[.] . . . Any shortfall in the annual purchase volume of Brunner and wireform part(s) that are actually to be purchased from Whitesell as compared to the prior 2002 annual purchase volume . . . of Brunner and wireform parts shall be made up of mutually agreed substitute parts and added to Exhibit "B-1."

(See Doc. No. 568, Ex. 2, Settlement Memorandum ¶ 3 (hereinafter referred to as the "substitute revenue provision").) In other words, the Settlement Memorandum provided that EHP could either transition to Whitesell (i) all Brunner and wireform parts by December 31, 2003; or (ii) other parts in an amount equal to the 2002 purchase value of the non-transitioned Brunner and wireform parts.

It is undisputed that EHP did not fully transition all Brunner and wireform parts by December 31, 2003. It is also undisputed that EHP did not provide substitute revenue. Thus, Whitesell contends that it is entitled to discovery to determine the value of EHP's 2002 purchases of Brunner and wireform parts from other suppliers. To that end, Whitesell propounded the following interrogatories to EHP:

> Interrogatory No. 1: Please state the calendar year 2002 purchase value of all Sommer Metal Craft, SMC, and Matrix parts (including part number, quantity purchased, price paid, and surcharges) purchased or used by, for, or at

2

all Electrolux indoor and outdoor divisions.[1]

Interrogatory No. 2: Please separately state the calendar year 2002 purchase value of all wireform parts (including part number, quantity purchased, price paid, and surcharges) purchased or used by, for, or at all of Electrolux indoor and outdoor divisions for each of the following vendors: Northern Wire, Argo, 3G Industries, Wiremaid, Erisco, Wiretech, Nashville Wire Products, Mitchell Bissell, Fansteel, and Dubose Strapping Inc.[2]

In response to Whitesell's motion to compel, EHP contends that it "has already provided full and accurate responses to these requests."[3] (EHP's Resp. in Opp'n to Pl.'s Mot. to Compel, Doc. No. 1020, at 4.) Moreover, while EHP prefaced its responses with certain relevancy objections, EHP emphasizes that it is "not withholding *any* responsive information" to these requests. (Id. at 5 n.2 (emphasis in original).) In reply, Whitesell refuses to take this representation at face value, demanding a verification that

---

[1] This interrogatory was posed in Whitesell's Fifth Set of Interrogatories. The concomitant request to produce, appearing in Whitesell's Eleventh Request for Production of Documents, asks EHP to provide all supporting documents.

[2] This interrogatory was also posed in Whitesell's Fifth Set of Interrogatories. The concomitant request to produce, also appearing in Whitesell's Eleventh Request for Production of Documents, asks EHP to provide all supporting documents.

[3] EHP represents that it had no purchase data for 12 of the 13 vendors listed in these discovery requests. With respect to the remaining vendor, Matrix Wire, Inc., EHP purchased only a single part, Part No. 24035002, in 2002. Despite the provision of this information, EHP opposes the award of any damages to Whitesell involving this part. The Court leaves this dispute for another day.

3

EHP is not withholding any additional responsive information. (Pl.'s Reply, Doc. No. 1022, at 10.)

The Court has reviewed the parties' briefs and EHP's responses to these discovery requests. The Court is satisfied that EHP has responded in full and is not withholding any responsive information based upon its prefatory objections. For this reason, Whitesell's motion to compel responses to Interrogatory Nos. 1 and 2 in its Fifth Interrogatories to EHP and to Requests to Produce Nos. 1 and 2 in its Eighth Request for Production to EHP is denied.

The other discovery request at issue is the following interrogatory from Whitesell to EHP:

> <u>Interrogatory No. 4</u>: Identify each vendor from which you purchased wireform parts, for indoor or outdoor use, from 2002 through 2010 and, for each year, the total amount you paid to each vendor for those parts each year.[4]

EHP objected on the basis that "wireform parts" do not fall into one of the four enforceable part categories identified through this Court's Order of October 14, 2008.

The Court agrees with EHP. In determining which categories of parts did <u>not</u> suffer from a lack of specificity, the Court identified "(1) all parts Whitesell was supplying to EHP as of the date of the Settlement Agreement; (2) all Springfield Division parts which were being supplied by Bamal

---

[4] This interrogatory was posed in Whitesell's Sixth Set of Interrogatories.

4

as of January 1, 2003; and (3) the 'Brunner' parts." (Order of Oct. 14, 2008, at 22-23.) Thus, the Court considered the Brunner and wireform parts addressed in the substitute revenue provision of the Settlement Memorandum. Indeed, the Court next stated that the "amorphous category of [wireform parts is] too uncertain for the Court to enforce." (Id. at 23.) The term "wireform" lacks "a stable definition either specified by the parties, understood by the industry, or able to be confirmed by factual evidence." (Id.) Simply stated, "wireform parts" is not an enforceable category in and of itself. Unless a "wireform part" falls within one of the four enforceable categories, it is not part of the damages equation.[5]

The Court notes the parties' disagreement, and proffered

---

[5] Whitesell argues that the substitute revenue provision does not create an obligation to transition wireform parts to Whitesell; rather, it obligates EHP to provide substitute revenue instead. Whitesell claims that the Court has never relieved EHP of this obligation. It is the Court's view, however, that if EHP is not obligated to transition the vague category of wireform parts based upon the October 14, 2008 Order, it is not obligated to provide substitute revenue either. This does not render the substitute revenue provision unenforceable with respect to Brunner parts. Moreover, certain wireform parts, particularly those supplied by Matrix Wire, Inc., were apparently the subject of transition efforts between Husqvarna Outdoor Products, Inc. and Whitesell. In this way, wireform parts are included in this litigation and relevant discovery has been provided by Husqvarna. (See EHP's Resp. in Opp'n to Pl.'s Mot. to Compel, at 6 n.5; EHP's Resp. and Obj. to Pl.'s Eleventh RFPs, Resp. No. 1, Doc. No. 1014-11; Order of June 8, 2011, Doc. No. 429, at 5 n.8; Order of Mar. 9, 2016, Doc. No. 785, at 3 n.3.)

evidence, over whether "wireform" is intended to encompass indoor and outdoor products or whether a part can be considered a "wireform" if it contains plastic and/or glass. This disagreement proves the Court's point in excluding wireforms from the enforceable part categories in the first place.

In conclusion, Whitesell's motion to compel responses to its interrogatory seeking information relative to the vague and unenforceable category of "wireform parts," here Interrogatory No. 4 in its Sixth Set of Interrogatories to EHP, is denied.

Upon the foregoing, Whitesell's motion to compel responses to discovery (doc. no. 1014) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of September, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA