IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WHITESELL CORPORATION,                *
                                      *
        Plaintiff,                    *
                                      *
   v.                                 *    CV 103-050
                                      *
ELECTROLUX HOME PRODUCTS,             *
INC., HUSQVARNA, A.B., and            *
HUSQVARNA OUTDOOR PRODUCTS,           *
INC.,                                 *
                                      *
        Defendants.                   *

**O R D E R**

Presently before the Court is an "Expedited Motion for Determination of Attorney Client Privilege and to Strike Document Cited in Plaintiff's Court Filings" (doc. no. 1064) filed by Defendant Husqvarna Outdoor Products, Inc. on September 26, 2018. Through this motion, Husqvarna complains that Plaintiff Whitesell Corporation attached a privileged e-mail chain as an exhibit (Exhibit 29) to its Opposition to Defendants' Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment on Annual Rebates.[1] Husqvarna contends that the e-mail chain was inadvertently produced to Whitesell in discovery and is subject to the

---

[1] Whitesell filed a placeholder page for Exhibit 29 because it simultaneously filed a motion to seal the exhibit. (See Doc. No. 1059-29.)

attorney-client privilege. Husqvarna invokes the protection of the "Clawback Provision" in the parties' "Stipulated Protocol for the Production of Documents," thereby seeking the destruction of all copies of the e-mail chain in Whitesell's possession and the refiling of the pleadings that reference and/or attach the exhibit. (See generally Def. Husqvarna's Mot., Doc. No. 1064, Ex. A, § IX.)

Because Exhibit 29 is subject to a pending motion to seal and has not been made part of the record, Husqvarna provided a copy of the exhibit to the presiding judge for *in camera* review.

The Court has now reviewed Exhibit 29, the post-filing exchange of letters and e-mails discussing whether the exhibit was privileged and subject to the Clawback Provision (Def. Husqvarna's Expedited Mot., Exs. B-D), Husqvarna's expedited motion (doc. no. 1064), Whitesell's response thereto (doc. no. 1072), Husqvarna's reply (doc. no. 1084), and the relevant law. The matter is resolved as follows.

At the outset of the parties' extensive document production in this case, they entered into the Stipulated Protocol for the Production of Documents on April 3, 2015. ("Stipulated Protocol," Doc. No. 1064-1.) The Stipulated Protocol provides protection through Section IX, the "Clawback and Non-Waiver" provision, in the event that privileged

documents and ESI are inadvertently produced. (Id. at 11-14.) The Clawback Provision provides a detailed protocol of how the parties are to disclose, confer, and handle inadvertently produced attorney-client documents or ESI. (Id.) The Clawback Provision comes into play when the "receiving party discovers that it is in receipt of a document or ESI that it **reasonably believes might contain Privileged Information.**" (Id., § IX(B), at 12 (emphasis added).) The burden falls upon the receiving party to notify the producing party within ten business days of such discovery. (Id.) Once the producing party is so notified, it has ten days to request the return of the privileged document or ESI through a Clawback Letter. (Id. § IX(C), at 12.) Any disagreement between the parties requires that they meet and confer prior to filing a motion. (Id. § IX(E), at 13.)

In this case, Whitesell did not provide any notice to Husqvarna prior to filing Exhibit 29. In the Court's estimation, this is where Whitesell went wrong. Exhibit 29 is an email communication initiated by a client to the company's attorney seeking advice on the wording of a communication with an adversarial litigant in a pending lawsuit. The ensuing emails discuss the legal interpretation of the Consent Order between the parties. It also discusses paramount issues in this lawsuit. It is a document that Whitesell should have

3

"reasonably believe[d] might contain Privileged Information" from the outset.[2] In fact, the Court readily concludes that Exhibit 29 is privileged and subject to the full protections of the Clawback Provision. Whitesell's argument that Husqvarna's attorney was acting in a business advisory role is a non-starter. So too is Whitesell's waiver contention. The Court recognizes that because the document at issue was labeled "confidential", it was presumably subject to an extensive review. Nevertheless, to accept Whitesell's waiver contention is to presume that documents designated "confidential" could never be subject to the Clawback Provision. Given the enormity of document production in this case, the Court is unwilling to do so. Also, such waiver would contravene the parties' expression in the Clawback Provision that "[t]he obligations of the parties set forth in [the Clawback Provision] apply **irrespective of the care taken by the producing party to prevent inadvertent disclosure.**" (Stipulated Protocol, § IX(H), at 14 (emphasis added).)

In sum, Whitesell should have notified Husqvarna that

---

[2] Section VIII of the Stipulated Protocol addresses privileged documents and ESI in the context of creating a privilege log. In this section, the parties agreed that a certain category of documents and ESI is "presumptively privileged" and therefore did not have to be listed on the privilege log. The presumptively privileged category includes "communications between outside counsel for any party and the party such counsel represents (via the party's officers, directors, employees or agents)." The Court notes that Exhibit 29 falls within this category.

4

Exhibit 29 may be privileged and therefore subject to the full protections of the Clawback Provision prior to filing the document with the Court. For this reason, Husqvarna is invited to submit an account of its costs and attorney's fees incurred in filing its expedited motion within seven (7) days hereof for the Court's consideration of the same.

Upon the foregoing, Husqvarna's expedited motion (doc. no. 1064) is **GRANTED. IT IS ORDERED** that the Clerk of Court shall **STRIKE** from the record in their entirety all pleadings that attach or reference Exhibit 29, which includes the following: (1) "Declaration of Joy Odom in Support of Whitesell's Opposition to Defendants' Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment on Annual Rebates" (doc. no. 1059); (2) "Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment on Annual Rebates" (doc. no. 1060); and (3) "Plaintiff's Response to Defendants' Statement of Undisputed Facts and Conclusions of Law as to Annual Rebates and Plaintiff's Counterstatement of Additional Undisputed Material Facts" (doc. no. 1061). Moreover, the Clerk shall **TERMINATE** the motion to seal that includes Exhibit 29 (doc. no. 1058). Upon redaction, Whitesell may re-file the stricken documents within seven (7) days upon entry of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of November, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA