IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WHITESELL CORPORATION,          *
                                *
          Plaintiff,            *
                                *
     v.                         *      CV 103-050
                                *
ELECTROLUX HOME PRODUCTS,       *
INC., HUSQVARNA, A.B., and      *
HUSQVARNA OUTDOOR PRODUCTS,     *
INC.,                           *
                                *
          Defendants.           *
```

**O R D E R**

On November 16, 2018, the Court determined that Plaintiff Whitesell Corporation had inappropriately attached a privileged document as an exhibit to a brief. (Doc. No. 1101.) At the conclusion of the Order, the Court invited Defendant Husqvarna Outdoor Products, Inc. to submit an application for fees and expenses. (Id. at 5.) On November 20, 2018, Husqvarna submitted its fee application now subject to the Court's review.

An award of fees must be reasonable and fall within the guidelines the Eleventh Circuit has promulgated. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The Eleventh Circuit has adopted the lodestar method for determining reasonable attorney's fees. Id. at 1299-1302.

The "lodestar" is determined by multiplying an attorney's reasonable hourly rate by the number of compensable hours reasonably expended. Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). In determining the reasonable hourly rate and the number of hours reasonably expended, a court should consider the twelve Johnson factors.[1] Bivens, 548 F.3d at 1350 n.2 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

*Hours Reasonably Expended*

In determining the number of hours reasonably expended, the Court must consider whether the work sought to be compensated was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 561 (1986) (citations omitted). Courts must exclude hours that were "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1989).

---

[1] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

2

In its submission, Husqvarna has included the work of two attorneys in the preparation of the "Expedited Motion for Determination of Attorney Client Privilege and to Strike Document Cited in Plaintiff's Court Filings"; in the review of Plaintiff's response and cited case law; in the preparation of its reply brief; and in the review of Plaintiff's sur-reply. Husqvarna also included the time spent in preparing and sending correspondence and emails to Plaintiff's counsel in an effort to persuade Plaintiff to voluntarily withdraw the privileged document prior to filing the "Expedited Motion."[2] Plaintiff has not filed any objection to the claimed hours or the hourly rate charged.

Upon the Court's review, the number of the hours claimed in Husqvarna's fee application is reasonable. (See Decl. of R. Perry Sentell III, Ex. 1, Doc. No. 1105-1.) The Court will only exclude those hours claimed in preparation of the Fee Application, which are listed separately. (See id., Ex. 2.)

*Reasonable Hourly Rate*

A reasonable rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299; see also Blum v. Stenson, 465 U.S.

---

[2] Husqvarna also claims $81.90 for .70 hours expended by a staff member in performing legal research.

886, 895-96 n.22 (1984). The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal community is the district in which the Court sits: the Southern District of Georgia, Augusta Division. See Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing Turner v. Secretary of Air Force, 944 F.2d 804, 808 (11th Cir. 1991)). Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Two years ago, this Court set a reasonable billing rate in the Augusta market as $300 per hour. See Plumbers & Steamfitters Local No. 150 Pension Fund v. Muns Group, Inc., Case No. 1:15-CV-200, Order of March 27, 2017, Doc. No. 37 (S.D. Ga. Dec. 16, 2015). This rate did not differentiate between a partner and an associate but the Court recognizes that years of experience and skill level are important factors in setting a rate.

In this case, Husqvarna submits that R. Perry Sentell III, Esq., a partner in the law firm of Kilpatrick Townsend & Stockton, LLP, should be compensated at an hourly rate of $350. It further submits that its contract attorney, Laurel P. Landon, Esq., should be compensated at an hourly rate of $270. The Court observes that these rates are a fair

reflection of the Augusta, Georgia legal market for the services rendered in this case and given the considerable experience of these attorneys (Mr. Sentell has been in practice for 30 years and Ms. Landon has been in practice for 25 years).

*Lodestar*

Upon the foregoing, the Court finds the lodestar calculations as follows:

Sentell: 20.40 hours at $350.00/hour = $7140.00
Landon: 5.1 hours at $270.00/hour = $1377.00
TOTAL: $8517.00

*Conclusion*

Upon the foregoing, the Court will **GRANT IN PART** the fee application submitted by Husqvarna on November 20, 2018 (doc. no. 1105). More specifically, the Court awards Husqvarna $8517.00 in attorney's fees and $81.90 in other costs. The Clerk is directed to **ENTER JUDGMENT** in the amount of $8,598.90 against Plaintiff Whitesell Corporation and in favor of Defendant Husqvarna Outdoor Products, Inc.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of April, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA