IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WHITESELL CORPORATION,       *
                             *
     Plaintiff,              *
                             *
v.                           *     CV 103-050
                             *
ELECTROLUX HOME PRODUCTS,    *
INC., HUSQVARNA, A.B., and   *
HUSQVARNA OUTDOOR PRODUCTS,  *
INC.,                        *
                             *
     Defendants.             *

**O R D E R**

Presently before the Court is Plaintiff Whitesell Corporation's motion for reconsideration of an Order denying its prior motion for reconsideration.

On May 17, 2016, the Court determined, in an exercise of sound discretion, that Plaintiff's claim for prejudgment interest under O.C.G.A. § 13-6-13 would not be allowed because 1) it was untimely (injected into the case 7½ years after the First Amended Complaint was filed in the case); and 2) it was futile. (See Order of May 17, 2016, Doc. No. 818.)

On February 22, 2017, Plaintiff filed a motion for reconsideration of this ruling. Noting that the motion itself was "rather late" (filed over 9 months after the Court's ruling), the Court denied the motion for reconsideration

because Plaintiff's arguments did nothing to rebut the Court's conclusion that the claim was injected too late into the litigation. (See Order of May 15, 2017.) The Court also rejected Plaintiff's attempt to show that a clear error or manifest injustice has occurred. (Id.)

Plaintiff filed its present motion for reconsideration on December 17, 2018, claiming that a case out of the Northern District of Georgia "represents an intervening clarification of existing law." (Pl.'s Mot. for Reconsideration, Doc. No. 1117, at 4 (citing Caradigm USA LLC v. PruittHealth, Inc., 2018 WL 1959498 (N.D. Ga. Apr. 25, 2018)).) The matter has been briefed, and the Court has carefully considered the issues raised.

Plaintiff's present motion for reconsideration does not move the needle at all on the prejudgment interest issue in this case. First, Plaintiff waited almost 8 months after its consequential case was decided to even file its latest motion for reconsideration. Second, a Northern District of Georgia case is not binding upon this Court. Third, the Caradigm case does not show that this Court clearly erred in its prior rulings on the matter. It does nothing to undermine or invalidate the Court's exercise of discretion in determining the claim to be untimely. And it does nothing to refute the Court's finding that Plaintiff's unliquidated contract claims

cannot support a claim for prejudgment interest under the circumstances of this case.

In short, the grounds raised by Plaintiff in its latest motion for reconsideration do not warrant the "extraordinary remedy" of reconsideration. See Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) ("[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" (citation omitted)); Armbuster v. Rosenbloom, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) ("[A] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to 'ask the Court to rethink what [the Court] ha[s] already thought through - rightly or wrongly.'" (quoted source and citations omitted)). Accordingly, Plaintiff's motion for reconsideration of its ruling to disallow a prejudgment interest claim in this case (doc. no. 1117) is **DENIED**. Each party shall bear their own costs.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of April, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA