IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WHITESELL CORPORATION,         *
                               *
        Plaintiff,             *
                               *
     v.                        *    CV 103-050
                               *
ELECTROLUX HOME PRODUCTS,      *
INC., HUSQVARNA, A.B., and     *
HUSQVARNA OUTDOOR PRODUCTS,    *
INC.,                          *
                               *
        Defendants.            *
```

## O R D E R

On March 7, 2019, Defendant Electrolux Home Products, Inc. ("Electrolux") submitted a Fee Application (doc. no. 1168) in accordance with the Court's Order of February 14, 2019, which granted Defendants' motion for sanctions in this case. The Order followed an evidentiary hearing conducted on February 11, 2019.

The Fee Application includes: "(1) the fees and expenses incurred in drafting and filing the Motion for Sanctions and to Stay the Joint Discovery Plan . . . and the attendant briefs; (2) the fees and expenses incurred in responding to Plaintiff's Motion to Stay Ruling on the Sanctions Motions and Motion to Strike the Sanctions Motions . . . ; and (3) the fees and expenses incurred in preparing for and attending the

February 11, 2019 hearing." (Fee Application, at 1.) The award of fees and expenses related to all these events was specifically sanctioned by the Court in its Order of February 14, 2019. (Doc. No. 1159, at 15.)

An award of fees must be reasonable and fall within the guidelines the Eleventh Circuit has promulgated. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The Eleventh Circuit has adopted the lodestar method for determining reasonable attorney's fees. Id. at 1299-1302. The "lodestar" is determined by multiplying an attorney's reasonable hourly rate by the number of compensable hours reasonably expended. Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). In determining the reasonable hourly rate and the number of hours reasonably expended, a court should consider the twelve Johnson factors.[1] Bivens, 548 F.3d at 1350 n.2 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

In its Order addressing the fee application of

---

[1] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

2

Electrolux's co-defendant, Husqvarna Outdoor Products, Inc., entered on even date, the Court made certain prefatory remarks in consideration of the <u>Johnson</u> factors that equally apply here. With those remarks specifically incorporated herein by reference, the Court will turn to the lodestar analysis.

*Hours Reasonably Expended*

In determining the number of hours reasonably expended, the Court must consider whether the work sought to be compensated was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." <u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 561 (1986) (citations omitted). Courts must exclude hours that were "excessive, redundant, or otherwise unnecessary." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1989).

Electrolux has employed the law firm of Alston & Bird, LLP, of Atlanta, Georgia. Electrolux provides a line item entry for the hours expended in the case. Electrolux utilized the services of three partners, two associates, and one staff attorney on the matter. A review of the line item entries and summations provided by Electrolux in the fee application reveals that Electrolux predominantly reviewed and revised the work of co-defense counsel. Of course, Electrolux had its own interests to protect in the litigation and thus played an

3

integral part in prosecuting the sanctions motion. However, while the Court is not minimizing the contribution of Electrolux to the result attained, the use of 6 attorneys as it relates to the work performed in the case is excessive.[2] The Court finds that the work could have been reasonably performed by only three attorneys. Accordingly, the number of hours will be reduced by 1/2.

The 1/2 reduction to each attorney's claimed hours is the only reduction that the Court will make in the number of hours expended. The number of the hours expended appears reasonable and without objection by Plaintiff. Moreover, in assessing the reasonableness of the claimed hours, the Court reflects upon its prefatory observations in its companion Order on Husqvarna's fee application. Thus, the number of hours expended will be compensated as follows:

| Attorney | Hours |
|---|---|
| Grant | 4.5 |
| Wallace | 22 |
| Helmer | 50 |
| Waide | 54 |

---

[2] It must be said that Electrolux's presentation of evidence and argument at the hearing was in no way redundant, excessive, or unnecessary; rather, the Court heavily relied upon this presentation in confirming its own findings and fashioning an appropriate remedy.

| George | 14 |
| Hunter | 51 |

With respect to Electrolux's claim for expenses, the Court will reduce the expenses incurred in connection with a January 23, 2019 meeting with co-counsel in Augusta, Georgia, and the hearing of February 11, 2019, by 1/2. Thus, the Court will award $763.63 in expenses to Electrolux.

*Reasonable Hourly Rate*

A reasonable rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299; see also Blum v. Stenson, 465 U.S. 886, 895-96 n.22 (1984). The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal community is the district in which the Court sits: the Southern District of Georgia, Augusta Division. See Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing Turner v. Secretary of Air Force, 944 F.2d 804, 808 (11th Cir. 1991)). Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Two years

5

ago, this Court set a reasonable billing rate in the Augusta market as $300 per hour. See Plumbers & Steamfitters Local No. 150 Pension Fund v. Muns Group, Inc., Case No. 1:15-CV-200, Order of March 27, 2017, Doc. No. 37 (S.D. Ga. Dec. 16, 2015). This rate did not differentiate between a partner and an associate but the Court recognizes that years of experience and skill level are important factors in setting a rate.

In this case, Electrolux submits varying hourly rates of its partners and associates that do not reflect the local market rate. In consideration of the local market rate and the skill and experience of the attorneys, and to set a rate commensurate with the rates set for the attorneys representing Husqvarna, the Electrolux attorneys will be compensated as follows: James Grant at $350 per hour; Kyle Wallace and Elizabeth Helmer at $335 per hour; and Amanda Waide and Jamie George at $300. The staff attorney, Joel Hunter, will be compensated at the requested rate of $150 per hour.

*Lodestar*

Upon the foregoing, the Court finds the lodestar calculations as follows:

| Applicant | # of hours | x hourly rate | = total |
|---|---|---|---|
| Grant | 4.5 | $350 | $1575.00 |
| Wallace | 22 | $335 | $7370.00 |
| Helmer | 50 | $335 | $16,750.00 |

6

| Waide | 54 | $300 | $16,200.00 |
| George | 14 | $300 | $4200.00 |
| Hunter | 51 | $150 | $7650.00 |
| **TOTAL** | | | **$53,745.00** |

*Conclusion*

Upon the foregoing, the Court will **GRANT IN PART** the fee application submitted by Electrolux on March 7, 2019 (doc. no. 1168). More specifically, the Court awards Electrolux $53,745.50 in attorney's fees and $763.63 in expenses. The Clerk is directed to **ENTER JUDGMENT** in the amount of $54,509.13 against Plaintiff Whitesell Corporation and in favor of Defendant Electrolux Home Products, Inc.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of April, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA