IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WHITESELL CORPORATION,         *
                               *
         Plaintiff,            *
                               *
    v.                         *    CV 103-050
                               *
ELECTROLUX HOME PRODUCTS,      *
INC., HUSQVARNA, A.B., and     *
HUSQVARNA OUTDOOR PRODUCTS,    *
INC.,                          *
                               *
         Defendants.           *
```

## O R D E R

In September 2018, without notice to the aggrieved party Defendant Husqvarna Outdoor Products, Inc., Plaintiff Whitesell Corporation filed a privileged e-mail communication as an exhibit to an opposition brief contravening the Clawback Provision in the parties' Stipulated Protocol for the Production of Documents. Husqvarna moved to strike the filing and to sanction Whitesell's conduct. On November 16, 2018, the Court granted Husqvarna's motion and invited Husqvarna to submit a request for costs and attorneys' fees. (Doc. No. 1101.) On April 16, 2018, the Court awarded Husqvarna $8,598.90 in costs and attorneys' fees. (Doc. No. 1182.) The Clerk therefore entered judgment in favor of Husqvarna against Whitesell for $8,598.90. (Doc. No. 1183.)

In October 2018, Husqvarna and Defendant Electrolux Home Products, Inc. filed a motion for sanctions against Whitesell, seeking to strike Whitesell's claim for lost profits in this case because of certain discovery violations. After extensive briefing and an evidentiary hearing, the Court entered an Order on February 14, 2019, granting Defendants' motion for sanctions. (Doc. No. 1159.) The Court determined that Whitesell failed to timely provide responsive information within its possession to both Defendants and the Court, first denying the information's existence and then refusing to produce the information upon Whitesell's self-serving conclusion that the information was unreliable and unnecessary to the suit. (Id. at 5.) Further, the Court found that Whitesell's discovery violations were particularly egregious in the context of this multi-faceted, multi-year case and given that the subject information was not produced until after the close of discovery. (Id. at 11-13.) In short, the Court concluded that Defendants suffered extraordinary and irreparable prejudice because of Whitesell's conduct. (Id. at 13-14.)

Again, the Court invited Defendants to submit a request for attorney's fees and costs. On April 17, 2019, the Court awarded $189,894.20 in fees and costs in favor of Husqvarna and awarded $54,509.13 in fees and costs in favor of

Electrolux in two separate Orders. (Doc. Nos. 1185 & 1187.) The Clerk therefore entered judgment in favor of Husqvarna and against Whitesell for $189,894.20 (doc. no. 1186) and in favor of Electrolux and against Whitesell for $54,509.13 (doc. no. 1188).

On May 13, 2019, Whitesell filed a Notice of Appeal as to each of the three Judgments awarding fees and costs to Defendants on account of Whitesell's sanctionable conduct (hereinafter "the Appeals"). Thereafter, Whitesell filed the instant motion asking the Court to stay the execution of the Judgments during the pendency of the Appeals and to waive the requirement to post a supersedeas bond.

A judgment of a United States District Court becomes enforceable thirty (30) days after the judgment is entered. Fed. R. Civ. P. 62(a). Rule 62(b), however, provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." That is, an appellant may obtain a stay of judgment pending appeal as a matter of right upon posting a supersedeas bond. The purpose of a supersedeas bond is to protect the appellees from a loss resulting from the stay of execution. Poplar Grove Planting & Ref. Co v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979); see Prudential Ins. Co. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986) (stating that the purpose of the

3

supersedeas bond is to preserve the status quo and protect the rights of the non-appealing party during appeal).

Here, Whitesell seeks a stay of execution without posting a supersedeas bond. A district court certainly has the inherent discretionary authority to stay an action and to waive the bond requirement. See Howard v. Augusta-Richmond Cty., Ga., Comm'n, 2014 WL 7359095, *1 (S.D. Ga. Dec. 23, 2014); Tara Productions, Inc. v. Hollywood Gadgets, Inc., 2011 WL 4020855, at *1 (S.D. Fla. Sept. 9, 2011) (citations omitted). One circumstance in which a bond may be waived is where the judgment debtor (the appellant) demonstrates a present financial ability to pay the money judgment. E.g., Tara Productions, 2011 WL 4020855, at *1; see also Avirgan v. Hull, 125 F.R.D. 185, 186 (S.D. Fla. 1989) (stating that a supersedeas bond is not necessary where the appellant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money).

In this case, Whitesell insists that its ability to pay the Judgments is manifest, and therefore posting a bond would be a waste of money. Defendants oppose the motion, not disputing Whitesell's ability to pay the money judgment but instead pointing out that the subject Orders and resulting Judgments do not constitute "final decisions" as required by 28 U.S.C. § 1291. (Defs.' Resp. in Opp'n to Pl.'s Mot. to

4

Waive Bond, Doc. No. 1203, at 1-2 & n.2 (citing cases which hold that orders imposing sanctions for discovery abuses are not appealable until after final judgment except under limited circumstances).)

The Orders from which Plaintiff appeals effectively concern discovery violations.[1] Thus, the Court agrees with Defendants that the Appeals are not from final decisions and that the Eleventh Circuit Court of Appeals will most likely dismiss the Appeals as premature. Nevertheless, because Whitesell has the ability to pay the Judgments, the Court **GRANTS** Whitesell's motion to waive the bond requirement and to stay execution of the Judgments (doc. no. 1199) pending the Appeals. Further, the Court **DENIES** Whitesell's motion to the extent that it requests a stay of execution of the Judgments

---

[1] In its Reply Brief, Whitesell argues that the Court's entry of the Judgments effectively changed their non-appealability; that is, because the Court reduced to partial judgment the imposed discovery sanctions, the Judgments were rendered immediately appealable. (Doc. No. 1214, ¶ 18.) In point of fact, a discovery sanction "is not a separate claim that will support entry of **final judgment** under Civil Rule 54(b)." 15B Charles Alan Wright et al., Federal Practice and Procedure § 3914.30 (2d ed.); see also M.A. Mortenson Co. v. United States, 877 F.2d 50, 52 (Fed. Cir. 1989) ("The award of a discovery sanction . . . [is] not a substantive right or cause of action . . . . Thus, the non-appealability of a discovery sanction is not changed by the fact that it is reduced to partial judgment under Rule 54(b).") (citing Mulay Plastics, Inc. v. Grand Trunk W. R.R. Co., 742 F.2d 369 (7th Cir. 1984) ("It also adds nothing that the judge certified his order awarding sanctions for an immediate appeal under Rule 54(b).")).

following the Appeals without posting a supersedeas bond.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of June, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA