IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WHITESELL CORPORATION,            *
                                  *
        Plaintiff,                *
                                  *
    v.                            *       CV 103-050
                                  *
ELECTROLUX HOME PRODUCTS, INC.,   *
HUSQVARNA, A.B., and HUSQVARNA    *
OUTDOOR PRODUCTS, INC.,           *
                                  *
        Defendants.

_____

**O R D E R**

_____

Presently before the Court is Defendants' Motion to Extend
the Deposition of Peter Karutz to Two Days.  Plaintiff Whitesell
Corporation opposes the motion.  The Court resolves the matter as
follows.

In the case, Plaintiff has disclosed an Expert Report of Peter
J. Karutz, dated April 12, 2019.[1]  The Expert Report delineates
the damages calculation related to Plaintiff's claims against both
Defendant  Husqvarna  Outdoor  Products,  Inc.  and  Defendant
Electrolux Home Products, Inc.  The Expert Report shows several
distinct  calculations  as  they  relate  not  only  to  Plaintiff's
different  claims  but  also  to  the  different  defendants.    More

_____

[1] Plaintiff has also disclosed an expert report of Timothy Hicks.
Defendants represent that they may not need to depose Mr. Hicks
because he only intends to opine on how much certain parts weigh.
(Defs.' Mot., Doc. No. 1233, ¶¶ 1 & 2.)

specifically, the Expert Report has separate calculations and different methodologies with respect to Plaintiff's claims for Brunner Inventory, Matrix Inventory, Obsolete Inventory, Phase-Out Inventory, Unpaid or Underpaid Invoices, Unearned Rebates, Pricing Discrepancies, and Unpaid Engineering and Tooling Costs. The total damages calculation on these claims is $23,092,479. Also, while the court record does not contain the exhibits and schedules upon which Mr. Karutz relies, the Court can only imagine that categories such as invoices, inventory records, and lists of assigned selling prices and costs are voluminous and extremely detailed.

Under Federal Rule of Civil Procedure 30(d), the deposition of a witness is limited to one day of 7 hours. This duration period may be extended by the Court "if needed to fairly examine the deponent . . . ." Fed. R. Civ. P. 30(d). The Advisory Committee Note discussing the extension of a deposition suggest the following factors for consideration: a) the examination will cover events occurring over a long period of time; b) the witness will be questioned about numerous or lengthy documents; c) in multi-party cases, the need for each party to examine the witness; and d) full exploration of the theories upon which an expert witness relies. Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment. The Advisory Committee goes on to note: "Preoccupation with timing is to be avoided." Id.

In this case, even though a major claim for lost profits has been struck by the Court, Plaintiff is still pursuing several different claims of recovery. Plaintiff has proffered one expert to calculate and opine about the damages relative to each claim against Defendants, and the damage calculations for each Defendant are separate and distinct. Moreover, Defendants Husqvarna and Electrolux are represented by separate counsel and may pursue different theories of defense in the case. To be sure, had Plaintiff proffered separate expert reports from different experts for each Defendant, Defendants Husqvarna and Electrolux would be entitled to depose its respective expert witness for one day, 7 hours. Here, though, Plaintiff's use of one expert forecloses each Defendant's opportunity to take a full swing through cross-examination of the principal expert against it.

Under these circumstances, the Court finds and concludes that several factors weigh in favor of expanding the deposition of Peter Karutz. First, the subject matter upon which Mr. Karutz will testify covers a business relationship that spanned at least 8 years. Second, while Mr. Karutz may not necessarily be questioned about numerous or lengthy documents, surely his calculations and the bases therefor will be rather detailed and intricate. Third, while there is some overlap in the areas of inquiry, there are two Defendants against whom Mr. Karutz has offered opinions, each of whom will require its own independent inquiry. And finally, the

3

Court is mindful that Mr. Karutz is an **expert** witness upon whose testimony Plaintiff's entire damages claim rests. For these reasons, the Court will afford each Defendant an opportunity to examine Mr. Karutz beyond the time afforded by Rule 30(b) for a single witness.

Upon the foregoing, and for good cause shown, namely to afford Defendants Husqvarna and Electrolux a fair opportunity to examine the deponent, Defendants' motion to extend the deposition of Peter Karutz (doc. no. 1233) is **GRANTED IN PART**. More specifically, Mr. Karutz shall submit to deposition for a period of 5 hours for cross-examination by Electrolux and, on a separate day, another period of 5 hours for cross-examination by Husqvarna. Times allotted for breaks shall not be counted against this time. Moreover, one Defendant may not yield its time to the other Defendant. Defendants Husqvarna and Electrolux shall endeavor to avoid duplicative questioning. The dates and times of these depositions are left to the parties to arrange.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of August, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA