# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.      CV 103-050

ELECTROLUX HOME PRODUCTS, INC.,
HUSQVARNA, A.B., and HUSQVARNA
OUTDOOR PRODUCTS, INC.,

    Defendants.

## ORDER

On March 15, 2019, this Court adopted a jointly submitted Scheduling Order governing the balance of the case through trial proceedings. (See Doc. No. 1171, Ex. A.) Pertinent here, all parties were to submit their affirmative expert reports by April 15, 2019. Any rebuttal expert reports were due by July 1, 2019, later extended to July 15th. The Scheduling Order then provides the following deadlines:

> Plaintiff shall make its disclosed testifying expert(s) available for deposition on or before August 15, 2019.
>
> Defendants shall make their disclosed testifying expert(s) available for deposition on or before September 16, 2019.

(Id.)

In accordance with the April 15th deadline, Plaintiff served the expert reports of two witnesses and Defendants served the

expert reports of five witnesses. In accordance with the July 15th deadline, Defendant Husqvarna served one rebuttal report and Plaintiff served one rebuttal report, that of Mr. Neil L. Whitesell. In accordance with the August 15th deadline, Defendants have taken the deposition of Plaintiff's expert, Peter Karutz.[1] The depositions of the five defense experts have been scheduled to take place on September 10, 12, 13, 24 and 25th.

On August 2, 2019, prior to the August 15th deadline for taking the depositions of Plaintiff's disclosed experts, Defendants filed a motion to enforce the Scheduling Order. In particular, Defendants sought a court order directing Plaintiff to produce Mr. Neil L. Whitesell prior to August 15th. Defendants have opposed the motion, arguing that Mr. Whitesell, a rebuttal expert, by definition should only be made available after the defense experts are deposed, i.e., after September 25, 2019. Plaintiff has offered Mr. Whitesell for deposition on October 15, 2019. Not coincidentally, October 16 through November 15, 2019, is the period of time in which all parties must file any Daubert motions and summary judgment motions based on Daubert or damages issues.[2]

---

[1] Defendants represented in a prior court filing that they did not anticipate deposing Plaintiff's other expert.

[2] The Scheduling Order provides that the period of time in which all parties must file summary judgment motions on liability issues is September 16 through October 15, 2019.

2

Upon consideration, the Court concludes that Plaintiff has the better argument. While it is true that the Scheduling Order provides that Plaintiff shall make its disclosed experts without distinction available by August 15th, Defendants' insistence in fitting Mr. Whitesell into this category ignores the reality that he is a rebuttal expert. As such, Plaintiff cannot be expected to produce this witness prior to the production of all evidence he is intended to rebut, i.e., the defense experts' testimony.

Upon the foregoing, the Court hereby **DENIES** Defendant's motion to enforce Scheduling Order (doc. no. 1244) and **ORDERS** that all rebuttal experts be made available for deposition by October 15, 2019. Should this ruling necessitate an extension of either the liability summary judgment motion deadline or the Daubert/damages summary judgment motion deadline, an appropriate motion may be filed.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of August, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA