IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 103-050 |
| | * | |
| ELECTROLUX HOME PRODUCTS, INC., | * | |
| HUSQVARNA, A.B., and HUSQVARNA | * | |
| OUTDOOR PRODUCTS, INC., | * | |
| | * | |
| Defendants. | | |

**O R D E R**

On November 20, 2019, the Court resolved the parties' cross-motions for summary judgment with respect to their separate claims concerning Annual Rebates. (Doc. No. 1275.) The cross-motions for summary judgment called upon the Court to resolve the entitlement to Annual Rebates as a matter of law. The Court resolved the matter in Defendants' favor, concluding that they are entitled to a 2% Annual Rebate of the total receipts for all parts they purchased from Plaintiff from 2003 to 2014. (Id. at 11.) Then, because the parties did not dispute that damages could be readily calculated from Plaintiff's discovery responses or that Defendants are entitled to pre-judgment interest at a rate of 7% per annum as provided in O.C.G.A. § 7-4-15 and § 7-4-2(a)(1)(A), the Court directed Defendants to submit proposed Judgments for the Court's

consideration, computing pre-judgment interest as of December 31, 2019. (Id. at 11-13.) Plaintiff was accorded seven (7) days thereafter "to object to any erroneous calculations." (Id. at 13.)

On December 4 and 9th, Defendants Husqvarna and Electrolux respectively submitted their Proposed Judgments. (Doc. Nos. 1281 & 1287.) On December 10, 2019, Plaintiff objected to the Proposed Judgments but not on the basis of erroneous calculations. (Doc. No. 1293.) Instead, Plaintiff argued for the first time that pre-judgment interest should not be awarded because the Annual Rebates were *taken* by Defendants rather than *paid* by Plaintiff. Plaintiff also argued that entry of judgment on Defendants' Annual Rebate claims should be stayed pending resolution of the entirety of the case because Plaintiff may be entitled to a set-off should it prevail on its remaining claims. The next day, Plaintiff filed an amended objection to the Proposed Judgments, adding a single paragraph summarily stating that there exist material factual disputes regarding how the rebates are to be calculated and upon what purchases Defendants are entitled to rebates. (Doc. No. 1295, ¶ 13.)

On December 11, 2019, Plaintiff also filed a motion for reconsideration of the Order regarding Annual Rebates. (Doc. No. 1296.) Through its motion for reconsideration, Plaintiff claims that because Defendants materially breached the contracts between

them, they cannot seek enforcement of the Annual Rebate provision. More particularly, Plaintiff claims that Defendants forfeited their right to recover from Plaintiff under any of their agreements because of Defendants' failure to transition certain parts (that is, assuming a jury decides the failure to transition is Defendants' fault). Plaintiff also reiterates its objections lodged in its responses to the Proposed Judgments regarding set-off and the impropriety of awarding pre-judgment interest.[1] Because Plaintiff included uninvited reconsideration grounds in its responses to the Proposed Judgments, which are restated in its motion for reconsideration, the Court will only address the motion for reconsideration hereafter.

Plaintiff filed the motion for reconsideration within twenty-eight days of the Court's Order; the Court will therefore analyze the motion under Federal Rule of Civil Procedure 59(e). See Brown v. Spells, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent

---

[1] In the motion for reconsideration, Plaintiff also includes its summary statement that there are material factual disputes regarding how the rebates are to be calculated and upon what purchases the Defendants are entitled to rebates.

manifest injustice." Schiefer v. United States, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Plaintiff is proceeding under the theory that the Court must correct a clear error or prevent manifest injustice.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks); Spellman v. Haley, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). Moreover, "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"); Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of

4

judgment." (quoted source omitted)). Further, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

At the outset, the Court will not reconsider imposition of pre-judgment interest or whether there exist factual issues regarding the calculation of the Annual Rebate award. These matters were not raised or disputed in Plaintiff's briefs respecting the Annual Rebate issue. In fact, the Court notes that Plaintiff sought pre-judgment interest in its favor had the Court determined that Defendants must reimburse Annual Rebates they actually took during their business relationship. Moreover, in their summary judgment briefs, Defendants calculated the amount of Annual Rebates due for every year from 2003 to 2014, the amount of Annual Rebate actually taken, if any, and the amount of pre-judgment interest earned on the difference as of August 1, 2018. These calculations are based upon exhibits produced *by Plaintiff* in discovery showing the annual monetary receipts for parts purchased by each of Defendants' plants and the amount of Annual

Rebates taken by Defendants at each plant. In response, Plaintiff did not dispute the calculations or the information upon which they were based. In fact, Plaintiff used the same information to calculate what it believed Defendants owed to it for Annual Rebates actually taken, plus pre-judgment interest. Plaintiff has therefore waived its ability to now dispute the underlying information and Defendants' calculations based thereon. And, Plaintiff's argument concerning entitlement to pre-judgment interest simply comes too late in the game.

The Court now turns to Plaintiff's argument that Defendants are not entitled to judgment on the Annual Rebates claim until the fact finder determines which party is at fault for the failure to transition parts. Again, this is a new argument. Indeed, the attribution of fault was not a prerequisite to Plaintiff's claimed recovery of Annual Rebates in its own motion for summary judgment. Be that as it may, the Court also finds that the authority cited by Plaintiff is inapposite. For instance, Plaintiff cites Moore v. Grady Memorial Hosp. Corp., 778 F. App'x 699 (11th Cir. 2019), for the proposition that a party cannot recover on a contract if it first materially breaches that contract. Indeed, the Moore court explained:

> The effect of a material or substantial breach of contract is, generally, to preclude the party guilty of the first such breach from recovering on the contract and to render him or her liable to the injured party for the resulting loss or injury. Under Georgia law, where

6

> a party refuses to abide by a contract provision, that party is properly considered to have repudiated the contract and as such is properly considered to have breached the contract, which estops that party from seeking to enforce the provisions of the agreement.

Id. at 706 (citations omitted). Plaintiff cites this general maxim to explain that if Defendants are found to have materially breached the agreements between them by failing to transition certain parts, then Defendants cannot seek to enforce the Annual Rebate provision in the agreements. Plaintiff, however, fails to cite the next proposition of law in Moore: "However, [w]hen [the other] party knows a contract has been breached and continues to perform or accept performance under the contract, that party can be said to have made an election" and "has ended its right to refuse to perform." Id. (quoted source omitted).

In the case at bar, Plaintiff and for that matter Defendants continued to perform under the agreements for several years in spite of the knowledge that Defendants were not fully transitioning required or substitute parts. It is simple. Neither party repudiated the contract; the parties are therefore left with their claims of breach of contract and resulting damages.[2] As the Georgia Court of Appeals explains: "Generally, one injured by [a] breach

---

[2] Plaintiff states in its Reply Brief that Defendants contend Plaintiff has waived the ability to seek damages against Defendants for the failure to transition because it continued to perform under the agreements. (See Doc. No. 1334, ¶ 18.) This is not at all Defendants' contention nor this Court's ruling.

7

of contract has the election to rescind or continue under the contract and recover damages for the breach." Forsyth Cnty. v. Waterscape Servs., LLC, 694 S.E.2d 102, 111 (Ga. Ct. App. 2010); see also Clower v. Orthalliance, Inc., 337 F. Supp. 2d 1322, 1331 (N.D. Ga. 2004) ("If the breach is material, the non-breaching party must choose one of two inconsistent rights; they may either allege a total breach, terminate the contract and bring suit, or honor the contract, declare the default only a partial breach, and recover those damages caused by that partial breach."). And, particularly relevant here, Defendants' counterclaim for recovery of a 2% Annual Rebate on the *actual* total sales between the parties from 2003 to 2014 is unrelated to Plaintiff's claim for damages based upon sales that did not occur, i.e., Defendants' failure to transition substitute parts. Accordingly, Plaintiff's assertion that the Court must await the factual determination of fault on the non-transition issue before awarding damages on the Annual Rebate provision is not legally supported.[3]

Upon the foregoing, Plaintiff's motion for reconsideration of this Court's Order of November 20, 2019 regarding the Annual Rebates provision (doc. 1296) is **DENIED**.

---

[3] Essentially, the Court has already held to the contrary in its Order of November 20, 2019, wherein it found that the Annual Rebate Provision (i.e., Paragraph 7 of the Settlement Memorandum) is not conditioned on the full transition of parts before the Annual Rebate must be paid. (Doc. No. 1275, at 10.) Thus, an attribution of fault on the non-transition issue is irrelevant.

8

The Court hereby reaffirms the entry of summary judgment in favor of Defendants on Count I of their respective Counterclaims concerning their entitlement to Annual Rebates and against Plaintiff on Count V of its Second Amended Complaint concerning the same. That is, Defendants are entitled to a 2% Annual Rebate of the total receipts for all parts purchased from Plaintiff from 2003 to 2014 plus pre-judgment interest. The Court further finds that the information provided in the submissions presenting the Proposed Judgments (doc. nos. 1281 & 1287), specifically in the columns "Rebate Due," "Rebate Taken," and "Under/(Over) Payment," will be used to compute prejudgment interest and the total amount of the judgments. Upon further consideration, however, the Court will not enter judgment on these claims at this time.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of January, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA