IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| Plaintiff, | * | |
| v. | * | CV 103-050 |
| ELECTROLUX HOME PRODUCTS, INC., HUSQVARNA, A.B., and HUSQVARNA OUTDOOR PRODUCTS, INC., | * | |
| Defendants. | * | |

**O R D E R**

On November 20, 2019, the Court granted Defendant Electrolux Home Products, Inc.'s motion for partial summary judgment, thereby precluding Plaintiff Whitesell Corporation from asserting a damages claim for breach of contract involving the 92 L'Assomption parts. (Doc. No. 1276.) At present, Plaintiff has filed a motion for reconsideration of that Order.

Plaintiff filed the motion for reconsideration within twenty-eight days of the Court's Order; the Court will therefore analyze the motion under Federal Rule of Civil Procedure 59(e). See Brown v. Spells, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Reconsideration under Rule 59(e) is justified only when there is:

"(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Plaintiff is proceeding under the theory that the Court must correct a clear error or prevent manifest injustice.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks); Spellman v. Haley, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). Moreover, "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"); Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e)

2

"cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (quoted source omitted)). Further, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

In its motion, Plaintiff argues that the Court's ruling is inconsistent with the terms of the Supply Agreement and the parties' course of conduct. Here, Plaintiff calls upon the equitable doctrines of estoppel and unjust enrichment. Plaintiff also argues that the Court impermissibly weighed evidence in determining that Plaintiff failed to create a genuine issue of material fact respecting whether it suffered damages.

Plaintiff's motion for reconsideration simply rehashes prior arguments this Court has already rejected, which is impermissible under Rule 59(e). See, e.g., Wendy's Int'l v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996). Moreover, in recognition of the Court's "interests of finality and conservation of scarce judicial resources," see McGuire v. Ryland Grp., Inc.,

3

497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quoted source omitted), the Court will not repeat its prior reasoning and analysis. Simply put, Plaintiff fails to clear the high hurdle of demonstrating an error so "clear and obvious" that the "'interests of justice' demand correction." Id. (quoted sources omitted).

Upon the foregoing, Plaintiff's motion for reconsideration of the November 20, 2019 Order concerning the L'Assomption parts (doc. no. 1297) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of February, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA