IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 103-050 |
| | * | |
| ELECTROLUX HOME PRODUCTS, INC., | * | |
| HUSQVARNA, A.B., and HUSQVARNA | * | |
| OUTDOOR PRODUCTS, INC., | * | |
| | * | |
| Defendants. | | |

**O R D E R**

Presently pending before the Court is Defendants' "Motion to Strike Whitesell's Claims for Prejudgment Interest." (Doc. No. 1305.) Upon due consideration, the motion is **DENIED** as delineated herein.

In brief summary of prior rulings in the case, the Court previously determined that Plaintiff Whitesell Corporation could not assert a claim for prejudgment interest under O.C.G.A. § 7-4-16 on any claim for unliquidated damages. (See Order of May 28, 2014, Doc. No. 577, at 14-16.) Rather, such claim could only be asserted in Count VI of the Second Amended Complaint ("SAC") related to unpaid invoices, i.e., the only arguable liquidated

damages claim.[1]  (Id. at 15 (holding that the inclusion of an interest claim under O.C.G.A. § 7-4-16 in any claim other than the damages claim in Count VI (Paragraph 199) would be futile).) Subsequent to the filing of the SAC, the Court also precluded a claim of interest under O.C.G.A. § 13-6-13 on the unliquidated damages claims.[2]  (Order of May 17, 2016, Doc. No. 818.)  The Court determined that the inclusion of a claim for prejudgment interest under O.C.G.A. § 13-6-13 was an impermissible new claim and, in any event, would be futile because such claim may only be awarded if the amount of damages is ascertainable at the time of the contractual breach.  (Id.)  On May 15, 2017, the Court reaffirmed these rulings.  (Order of May 15, 2017, Doc. No. 896.)  Finally, the Court denied Plaintiff's motion for reconsideration of its preclusion of a claim for prejudgment interest under O.C.G.A. § 13-6-13.  (Order of Apr. 16, 2019, Doc. No. 1184.)

---

[1]  O.C.G.A. § 7-4-16 provides: "The owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1½ percent per month calculated on the amount owed from the date upon which it became due and payable until paid."  This statute is not applicable in the absence of a liquidated damages claim.  Typo-Repro Servs. Inc. v. Bishop 373 S.E.2d 758 (Ga. Ct. App. 1988).

[2]  O.C.G.A. § 13-6-13 provides: "In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery."  The legal rate of interest is 7% per annum.  O.C.G.A. § 7-4-2(a)(1)(A).

2

At present, Plaintiff has provided an expert report of Mr. Peter J. Karutz, a forensic accountant, on the issue of damages. The Karutz Report is dated April 12, 2019 and was updated on August 12, 2019. The Karutz Report sans referenced Schedules appears in the record of the case as Exhibit E to Defendants' motion to strike certain opinions of Mr. Karutz. (Doc. No. 1314-13.) In the report, Mr. Karutz calculates prejudgment interest on all Plaintiff's remaining claims for damages. In light of the prior rulings, Defendants ask the Court to strike these calculations from the Karutz Report. Defendants also now seek to strike Plaintiff's claim for prejudgment interest in Count VI of the SAC related to unpaid invoices.

### Prejudgment Interest on Claims Other Than Count VI (O.C.G.A. § 13-6-13)

Plaintiff defends its inclusion of prejudgment interest in its expert's damages calculations as an exercise of judicial economy. Plaintiff states that its prejudgment interest claims should be submitted to the jury in case this Court reconsiders, rescinds or modifies its prior rulings respecting Plaintiff's entitlement thereto. Presentation of the issue to a jury would also eliminate the need for a retrial should the Eleventh Circuit reverse this Court's rulings.

Upon consideration, the Court will not strike the damages calculations respecting prejudgment interest for the unliquidated

damages claims as calculated in the Karutz Report.  **The issue will not be presented to a jury by way of evidence or argument, however.**  Without necessarily concluding that Plaintiff's present motion is "proper advocacy" (see Pl.'s Sur-Reply, Doc. No. 1373, ¶ 9), the Court recognizes that there is "no harm done" by the expert's calculations (id. ¶ 10). As suggested by Plaintiff, the Court will therefore allow the calculations to remain, but simply not put them to use. (See id.) That is to say, the calculations of prejudgment interest under O.C.G.A. § 13-6-13 on Plaintiff's claims other than Count VI will be allowed to remain in the Karutz Report. If the Karutz Report is presented to a jury, it will be redacted in accordance with this Order. In this way, Defendants' motion to strike the prejudgment interest calculations in the Karutz Report pertaining to claims other than Count VI is **DENIED**.

### Prejudgment Interest on Count VI
### (O.C.G.A. § 7-4-16)

Count VI of Plaintiff's SAC, entitled "Breach of Contract (Failure to Pay Invoices)," alleges that Defendants have refused to pay "valid and undisputed invoices" for parts Plaintiff supplied to it. (SAC, Doc. No. 578, ¶ 170.) Therein, Plaintiff claims it is entitled to 18% interest under O.C.G.A. § 7-4-16. (Id. ¶ 179.)

Previously, the Court determined that Count VI is arguably the only liquidated claim brought by Plaintiff. (Order of May 28, 2014, at 15.) Through its present motion to strike Plaintiff's

4

claims of prejudgment interest, Defendants argue that Count VI is an unliquidated claim. Thus, Defendants seek to strike Mr. Karutz's interest calculations related to Count VI.[3]

A claim for damages is liquidated if it is for "an amount certain and fixed, either by the act and agreement of the parties or by operation of law; a sum which cannot be changed by the proof." Patton v. Turnage, 580 S.E.2d 604, 609 (Ga. Ct. App. 2003) (quoted source omitted). Defendants argue that Plaintiff's claims on unpaid invoices do not fit this definition because the amount Plaintiff has claimed through Count VI "has vacillated wildly." (Defs.' Mot. to Strike, Doc. No. 1305, at 7.) Defendants point out that Whitesell sought a total dollar amount of over $4 million in the SAC, but Mr. Karutz has now calculated the principal amount due and owing as just over $2 million. (Id.) Defendants also argue that there are bona fide disputes concerning the prices to be applied for the parts invoiced. For instance, in order to determine the price per part of "new parts," a jury must determine the pricing by reference to the most similar part that was purchased by Defendants from Whitesell at the time. (Id. at 8 (citing Supply Purchase Agreement, § 5.6).)

---

[3] Mr. Karutz erroneously computed prejudgment interest on Count VI damages at 7%. Plaintiff represents that Mr. Karutz will update his calculations at the 18% interest rate pursuant to O.C.G.A. § 7-4-16. (See Pl.'s Resp. to Defs.' Mot. to Strike, Doc. No. 1339, at 9 n.5.)

5

The Court has now considered a portion of Plaintiff's unpaid invoice claims in resolving Defendant Husqvarna's motion for summary judgment as to certain of Plaintiff's accounts receivable pricing discrepancy claims, which are part of Count VI. Through its Order of August 13, 2020, the Court determined that pricing on many of the subject parts could be determined as a matter of law by reference to the applicable pricing provisions in the parties' agreements. (Doc. No. 1408, at 7-17.) In fact, for 22 of the 25 parts, the Court was able to readily determine the appropriate price per part by application of the pricing provisions to the undisputed evidence. (See id.) Plaintiff's argument of waiver notwithstanding, the Court concluded that Defendants owed Plaintiff the fixed and certain amount of $6,429.06. (Id. at 15.) As expressed by the Georgia Court of Appeals, a commercial account is liquidated (and therefore subject to prejudgment interest) even if the defendant unsuccessfully contests the amount due and even if the ultimate amount awarded is less than that requested. Elec. Works CMA, Inc. v. Baldwin Tech. Fabrics, LLC, 703 S.E.2d 124, 126 (Ga. Ct. App. 2010) (quoted source omitted); see also Buck Creek Indus. v. Crutchfield & Co., 210 S.E.2d 32, 33 (Ga. Ct. App. 1974) (stating that one party cannot by "means of an unsuccessful defense" render an amount due and owing on a commercial account uncertain). Accordingly, with respect to the unpaid invoices involving 22 of the 25 parts upon which the Court determined that

6

Defendant Husqvarna owes Plaintiff $6,429.06, Plaintiff is entitled to prejudgment interest at a rate of 18% under O.C.G.A. § 7-4-16.[4]

Turning now to the other invoices involved in Count VI that are unresolved, it appears that the pricing for the involved parts may be hotly disputed, are not subject to application of straightforward payment terms in a contract, and involve a jury's consideration of extrinsic evidence. Accordingly, Plaintiff's claims on the remaining unpaid invoices may be unliquidated. The Court, however, will defer this matter until trial.

Upon the foregoing, Defendants' motion to strike the prejudgment interest calculations in the Karutz Report pertaining to Count VI (doc. no. 1305) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of August, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Court can discern no genuine dispute of material fact as to the amount of prejudgment interest owed on these invoices. Indeed, the due date and the amount owed on each invoice should be readily determinable.