IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WHITESELL CORPORATION,          *
                                *
          Plaintiff,            *
                                *
     v.                         *          CV 103-050
                                *
ELECTROLUX HOME PRODUCTS, INC., *
HUSQVARNA, A.B., and HUSQVARNA  *
OUTDOOR PRODUCTS, INC.,         *
                                *
          Defendants.           *

_____

O R D E R

_____

On December 13, 2019, Plaintiff Whitesell Corporation ("Whitesell") filed a motion for summary judgment on all of Defendants' counterclaims. Whitesell's motion is based upon its contention that Defendants have breached Paragraph Three of the Settlement Memorandum and therefore are estopped from seeking damages from Whitesell for any Whitesell breach.

The Clerk gave Defendants notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. No. 1311.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The matter is ripe for consideration.

The parties' contractual relationship began when they entered into a Strategic Partnership Agreement ("SPA") in December 2000. Under the SPA, Defendants agreed to purchase and Whitesell agreed to provide all of Defendants' "current and future needs of cold headed/threaded fasteners and various related Class C items" from January 1, 2001 through April 1, 2008.[1]  (See generally Sec. Am. Compl., Doc. No. 578, Ex. 1, SPA.)  The initial duration term of the contract was later modified by the parties' Settlement Memorandum to expire on November 1, 2008.  (Id., Ex. 2, ¶ 3.)

The parts at issue in the present motion concern "Brunner and wireform" parts.  The Court has already determined that the obligation for Whitesell to provide Brunner and wireform parts to Defendants began with the execution of the Settlement Memorandum of May 28, 2003.  (See Order of Mar. 9, 2016, Doc. No. 785, at 2-3 n.2; Order of Jun. 8, 2011, Doc. 429, at 4 ("The Settlement Memorandum definitively placed the Brunner parts within the scope of the Supply Agreement . . . .").)  In particular, Paragraph 3 of the Settlement Memorandum provided as follows:

---

[1]   Defendant Electrolux Home Products, Inc. ("EHP") was the signatory on the SPA.  On June 12, 2006, EHP spun off its outdoor division into a subsidiary of the Swedish company, Husqvarna A.B. The resulting subsidiary, Defendant Husqvarna Outdoor Products, Inc., remained bound to the parties' contractual agreements.  (See SPA § 28.2.)  The Brunner and wireform parts at issue here are Husqvarna-specific parts.  Nevertheless, because Whitesell styles its motion against "Defendants," the Court will not differentiate either.

Whitesell will make product supply capability presentations to [Defendants] for any or all of the Brunner and/or wireform parts.   To the extent that [Defendants do] not transition the supply of all Brunner and wireform parts to Whitesell, [Defendants] agree[] to transition additional mutually agreed upon parts for Whitesell to supply in an amount which creates gross purchases . . . equal to the calendar year 2002 purchase value of the Brunner and wireform parts not transitioned (hereinafter, "substitute parts.")   While the parties will immediately begin the process of determining which Brunner, wireform and/or substitute parts to transition to Whitesell, full transition will not be made until December 31, 2003.

(Settlement Memo. ¶ 3.)

It is undisputed that Defendants did not transition the Brunner and wireform parts to Whitesell by December 31, 2003. Defendants also did not transition agreed upon substitute parts. This failure to transition parts, including the Brunner and wireform parts, forms the basis of Whitesell's breach of contract claim in Count I of its Second Amended Complaint.   (Second Am. Compl. ¶¶ 129-36.)   The failure to transition also forms the basis of Defendants' counterclaim (Count III) for damages, based upon Whitesell's alleged refusal and/or inability to supply all Enforceable Parts to include Brunner and wireform parts."[2]   (See

---

[2] Defendants also pleaded counterclaims unrelated to the failure to transition Brunner and wireform parts.   For example, Defendants seek damages related to Whitesell's alleged failure to pay annual rebates and to comply with the phase-out inventory obligations. (See Husq. Ans., Counterclaims I & II; EHP Ans., Counterclaims I & II.)   In fact, the Court has granted summary judgment to Defendants on their annual rebate counterclaims.   (Order of Nov. 20, 2019, Doc. No. 1275.)   The Court has also thoroughly addressed

Husq. Ans., Doc. No. 584, Counterclaim III; EHP Ans., Doc. No. 585, Counterclaim III.)  More specifically, Defendants allege that their failure to transition parts was due to Whitesell's conduct such as its failure to timely locate sub-suppliers for parts it did not have the capability or desire to manufacture; failure to successfully complete required qualification processes for parts; failure to make supply capability presentations; and threatening to cease supplying parts.

Importantly, this Court has determined that the "attribution of fault" as to why the Brunner and wireform parts did not transition to Whitesell is a matter for the jury. (See Order of June 8, 2011, Doc. No. 429, at 3.)  At that time, it was Defendants who asked this Court to declare, as a matter of law, that they were excused from any obligation under Paragraph 3 of the Settlement Memorandum based upon Whitesell's conduct related to the transition efforts.  Stated another way, Defendants sought a declaration from the Court that "Whitesell's conduct at every turn was unjustified," and therefore they owed Whitesell nothing for the failed transition.  (Id. at 29.)  The Court found, however, that "Whitesell has a reasonable explanation, supported by evidence, of its own conduct."  (Id.)  In so doing, the Court denied Defendants' motion for summary judgment, leaving a jury to

_____

the parties' conduct regarding their phase-out inventory obligations. (See Order of Mar. 25, 2020, Doc. No. 1401.)

determine who was at fault for the failure to transition the Brunner and wireform parts.

Despite this ruling, the basis for which the parties have undoubtedly spent an exorbitant amount of time and money in discovery, Whitesell now seeks the Court's declaration that it is entitled to damages, as a matter of law, for Defendants' failure to transition the Brunner and wireform parts. Whitesell believes this conclusion can be reached regardless of the disputed facts, regardless of the attribution of fault, and on the basis of a strict application of Paragraph 3 of the Settlement Memorandum.

First, the Court must address Whitesell's estoppel-type argument that Defendants cannot recover damages on their contract because they were first to breach and therefore have repudiated the contract. Whitesell raised this same contention in its motion for reconsideration of the Order granting summary judgment as to Defendants' annual rebates counterclaims. (See Doc. No. 1296, at 5-6 & 6 n.2 ("[B]reaching a contract therefore extinguishes any right to recovery that the breaching party may have previously had." (quoting Moore v. Grady Mem. Hosp. Corp., 778 F. App'x 699, 706 (11th Cir. 2019))).) Similarly, Whitesell argues here that because Defendants breached Paragraph 3 of the Settlement Memorandum by their failure to transition Brunner and wireform parts, they should be "estopped from seeking *any* damages under the subject agreements." (Pl.'s Mot. for Summ. J., Doc. No. 1306, at

4 (citing Moore) (emphasis added).)   As it relates to Defendants' counterclaims unrelated to the transition of Brunner and wireform parts, the Court concludes, as it has previously, that because the parties continued to perform under the agreements for several years in spite of Defendants' failure to transition, there is no repudiation by either party.   (See Order of Jan. 30, 2020, Doc. No. 1354, at 6-8.)   Instead, the Court reiterates that "the parties are therefore left with their claims of breach of contract and resulting damages."   (Id. at 7.)   For this reason, Whitesell's claim for summary judgment on liability with respect to Defendants' counterclaims other than those related to the Brunner and wireform parts in Counterclaim III must be denied.

Next, the Court considers whether Whitesell is entitled to summary judgment on Defendants' damages claim related to the failed transition of Brunner and wireform parts or substitute parts, i.e., Counterclaim III in the Defendants' answers.   In this regard, Whitesell essentially contends that Defendants' obligation to transition substitute parts was unconditionally triggered by the non-transition of Brunner and wireform parts, regardless of the underlying reason or cause of the non-transition.   Stated another way, Defendants were obligated to purchase substitute parts regardless of Whitesell's conduct in hindering or preventing the transition of Brunner and wireform parts.   Defendants counter that the attributed fault for the failed transition is highly relevant

to whether they had an obligation to purchase substitute parts.

In fact, Defendants contend that Whitesell's material breaches (in

not being capable of supplying Brunner and wireform parts and in

not complying with its production supply presentation obligations)

excuse their obligation to transition Brunner and wireform parts

or substitute revenue.[3]

> Under Georgia law,
>
> a court should, if possible, construe a contract so as
> not to render any of its provisions meaningless and in
> a manner that gives effect to all of the contractual
> terms. Furthermore, courts must favor a construction
> that upholds the contract in whole and in every part and
> look at the whole contract in construing any part.
> Courts should not render any language in a contract as
> superfluous, and any construction that renders portions
> of the contract language meaningless should be avoided.

Argo v. G-Tec Servs., LLC, 791 S.E.2d 193, 195 (Ga. Ct. App. 2016)

(quoted and cited sources omitted).  In consideration of the SPA

and Settlement Memorandum, the Court cannot ignore Whitesell's

alleged breaches in causing the non-transition of Brunner and

wireform parts and nevertheless reward them with damages for

substitute part revenue.  To do so would contravene these basic

---

[3] Again, the attribution of fault for the failed transition of
Brunner and wireform parts is a hotly contested, fact-intensive
inquiry that requires consideration and resolution by a jury. The
Court need not detail the various contentions and evidence of the
parties on this issue because Whitesell's motion calls for the
strict application of a contract provision.  This contract
interpretation question is a matter of law appropriately decided
on summary judgment. See Saregama India Ltd. v. Mosley, 635 F.3d
1284, 1290 (11th Cir. 2011).

contract principles because it would render other portions of the parties' agreements meaningless.   For instance, Whitesell was under an obligation under Section 2.0 of the SPA to "provide its best efforts to fulfill all requirements."   (SPA § 2.0.)   Also, Whitesell was required to qualify all parts to be transitioned under the Settlement Memorandum.   (Settlement Memo. ¶ 4.)   Finally, the subject provision itself, Paragraph 3 of the Settlement Memorandum, requires Whitesell to "make product supply capability presentations to [Defendants] for any or all of the Brunner and/or wireform parts."   (Id. ¶ 3.)   The Court concludes that allowing Whitesell to recover under a provision that it may have breached through its own conduct would remove all mutuality from the provision and unjustly excuse Whitesell's obligation to qualify parts and to provide its best efforts to fulfill its requirements. Moreover, in the Court's estimation, such a result undermines the implied covenant of good faith and fair dealing that underpins all contracts in Georgia.   See Oconee Fed. Savs. & Loan Ass'n v. Brown, 831 S.E.2d 222, 231 (Ga. Ct. App. 2019) ("Every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement.").)   Accordingly, Whitesell is not entitled to summary judgment on Defendants' third counterclaim for damages related to the failed transition of Brunner and wireform parts.

Upon the foregoing, Plaintiff Whitesell's motion for summary judgment on liability on Defendants' counterclaims (doc. no. 1306) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___10th___ day of September, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA