IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WHITESELL CORPORATION,        *
                              *
     Plaintiff,               *
                              *
v.                            *    CV 103-050
                              *
ELECTROLUX HOME PRODUCTS, INC.,*
HUSQVARNA, A.B., and HUSQVARNA *
OUTDOOR PRODUCTS, INC.,       *
                              *
     Defendants.              *
```

O R D E R

On November 27, 2019, Plaintiff Whitesell Corporation ("Whitesell") filed a "Motion to Set Trial and to Establish Case Deadlines." The dates suggested therein have passed, and the motion has been superseded by Whitesell's more recently filed "Motion for Case Management Conference and to Set Case for Trial." Accordingly, the Clerk is directed to **TERMINATE** the first motion (doc. no. 1277).

Within the latter motion, Whitesell recognizes the monumental problem this Court faces in scheduling matters at this juncture, i.e., "the disruptions caused by COVID-19 and the uncertainty of when jury trials may commence again." (Doc. No. 1403, ¶ 3.) As it stands, the undersigned, who presently serves as the Chief Judge of the district, does not foresee that any civil and perhaps not

criminal jury trials will be conducted in this district in this calendar year. In fact, the commencement of jury trials in this district has not been determined. Obviously, this situation is creating a backlog unparalleled in recent memory.

Heretofore, the Court has met Whitesell's similar requests with refusals to set firm trial dates because, frankly, there was too much pre-trial work to be done in the case and the parties have a storied history of seeking extensions, requesting additional briefing, filing appeals and/or mandamus actions in the Eleventh Circuit, filing and litigating sanctions motions, and filing motions for reconsideration that served, in large part, only to delay the case rather than bring it to the brink of trial. That said, we are closer and with the passing of pre-trial motion deadlines, there is light at the end of the pre-trial tunnel.[1] That does not mean that this Court can set a firm date for a jury trial, however, because of the circumstances outlined in the preceding paragraph.

The Court is not indifferent to Whitesell's demand for jury resolution,[2] but it cannot set a firm trial date for a case

---

[1] The Court must also note that significant pre-trial motions remain pending that will take more time to resolve.

[2] On this point, the Court must take exception to Whitesell's citation to the statistics of case disposition in this district or federal court in general. The Court is very aware of the age of the case and knows all too well the various causes behind it. While the Court will not point fingers or lay blame, it will not

2

requiring, in Whitesell's estimation, at least ten days, when it cannot set a trial date for any pending matter-civil or criminal. It occurs that one potential aid to the case is another directive to the parties to conduct a case management conference without the Court's involvement. That is, the parties are directed to meet by video/telephone conference or in person and confer about the status of the case given the Court's rulings in recent months. In doing so, the parties should submit a joint response to the Court identifying the remaining claims in the case and listing the outstanding motions or matters that presently await judicial resolution. As to this last directive, the parties are encouraged to reexamine the pending motions with an eye toward withdrawing any motion or even argument within a motion that is no longer expedient to press. This joint response should be filed with the Court no later than October 15, 2020.

Finally, should the parties desire a resolution prior to the potential time frame indicated in this Order, the Court suggests they consider consenting to having the case tried to United States Magistrate Judge Christopher L. Ray. The Court can guarantee that a bench trial will take place before a jury trial could be conducted. This is simply the reality of the pandemic situation but by its suggestion, the Court in no way seeks to abdicate its

---

bear the brunt of Whitesell's apparent outrage as if it is a non-contributor.

duty to try the case as soon as feasible. It is merely a suggestion in an effort to bring about a more expeditious conclusion to the matter.

Upon the foregoing, Plaintiff Whitesell's motion for a case management conference and to set the case for trial (doc. no. 1403) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA