IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WHITESELL CORPORATION,           *
                                 *
        Plaintiff,               *
                                 *
    v.                           *   CV 103-050
                                 *
ELECTROLUX HOME PRODUCTS, INC.,  *
HUSQVARNA, A.B., and HUSQVARNA   *
OUTDOOR PRODUCTS, INC.,          *
                                 *
        Defendants.
```

## O R D E R

On December 13, 2019, Plaintiff Whitesell Corporation ("Whitesell") filed three substantially similar motions, each entitled "Daubert Motion, Motion in Limine, and Motion to Strike," which seek to exclude the expert reports and testimony of three experts retained by Defendants Husqvarna A.B. and Husqvarna Outdoor Products, Inc. (collectively "Husqvarna"). The experts are Charles Phillips, David Brani, and Alan McGee.

Charles Phillips is a Certified Public Accountant who calculated the amount of damages for Husqvarna's counterclaims to include its counterclaim for breach of contract related to the parties' "phase-out" inventory obligations (Count II) and its counterclaim for breach of contract related to Whitesell's alleged failure to supply all enforceable categories of parts (Count III).

Mr. Phillips also provided an expert rebuttal report against Whitesell's expert, Peter J. Karutz. David Brani has a Ph.D. in Mechanical Engineering. He supervised forensic quality testing of Whitesell parts in suit and provided an expert report regarding his work.[1] Alan McGee is a quality and supply chain expert, who analyzed Whitesell's internal data (and Dr. Brani's test results) to opine about Whitesell's capability to supply parts in suit at key points in the parties' relationship.

The motions to exclude these experts are not based upon Whitesell's concern about their qualifications, methodology, or the reliability of underlying data or other sources of information. Whitesell instead contends that the reports and testimony of these experts are irrelevant to the issues in the case. To put a finer point on it, Whitesell's motions are driven by its contention that it is entitled to summary judgment on Husqvarna's counterclaims.[2]

First, Whitesell argues that Husqvarna is liable for damages as a matter of law for the failed transition of Brunner and wireform parts through a strict application of Paragraph 3 of the

---

[1] Specifically, Dr. Brani tested and compared a selection of parts to provided specifications to determine their conformity. Dr. Brani will not be offered to testify about the legal significance of the results under the parties' agreements or what the results reveal about Whitesell's capabilities. (Defs.' Resp. to Mot. to Exclude, Doc. No. 1351, at 11.)

[2] Whitesell filed the present motions to exclude Husqvarna's experts on the same day it filed its motion for summary judgment on Husqvarna's counterclaims, December 13, 2019.

parties' Settlement Memorandum. That is, because Husqvarna failed to timely transition the Brunner and wireform parts by December 31, 2003, it was obligated to supply substitute parts to make up for the revenue shortfall. Thus, the experts' reports and testimony respecting Whitesell's capability to supply Brunner and wireform parts, the quality of those parts, and the damages to Husqvarna resulting from the failed transition are irrelevant and should be stricken. The Court recently rejected Whitesell's position, however. The Court instead found that genuine disputes of material fact exist with respect to the attribution of fault in the failed transition. (See Order of Sept. 10, 2020, Doc. No. 1410.)

Second, Whitesell argues that Husqvarna is not entitled to phase-out purchases and phase-out expedite fees because, as a matter of law, Husqvarna should have lined up alternative suppliers in a timely manner. The Court also rejected this argument in denying Whitesell's motion for partial summary judgment. (See Order of March 25, 2020, Doc. No. 1401.) The Court determined that genuine disputes of material fact exist regarding whether Husqvarna incurred damages as a result of its own delay or as a result of Whitesell's conduct and representations during the phase-out period.

In conclusion, the Court has rejected the legal premises upon which Whitesell's motions are based; thus, the expert reports are

3

not meaningless or irrelevant. Rather, the expert reports appear relevant to the genuine disputes of material fact identified in prior Orders. Accordingly, Plaintiff Whitesell's motions to exclude the expert reports and testimony of Charles Phillips, David Brani, and Alan McGee (doc. nos. 1301, 1299, and 1300, respectively) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA