```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                    AUGUSTA DIVISION
```

WHITESELL CORPORATION,           *
                                 *
          Plaintiff,             *
                                 *
     v.                          *      CV 103-050
                                 *
ELECTROLUX HOME PRODUCTS, INC.,  *
HUSQVARNA, A.B., and HUSQVARNA   *
OUTDOOR PRODUCTS, INC.,          *
                                 *
          Defendants.            *

# O R D E R

Defendants Electrolux Home Products, Inc., Husqvarna A.B., and Husqvarna Outdoor Products, Inc. have moved for summary judgment on Plaintiff Whitesell Corporation's claim for expenses of litigation under O.C.G.A. § 13-6-11. For the following reasons, the motion is granted.[1]

In Count VIII of the Second Amended Complaint, Whitesell alleges that Defendants have "acted in bad faith and have been stubbornly litigious in the positions they have taken with respect to their dealings with Whitesell, and [Defendants] have caused

---

[1] The Clerk gave Plaintiff notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. No. 1313.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is ripe for consideration.

Whitesell unnecessary trouble and expense." (Doc. No. 568, ¶ 210.) Accordingly, Plaintiff seeks expenses of litigation to include attorneys' fees. (Id. ¶ 211.)

O.C.G.A. § 13-6-11 "'permits a jury to award attorney fees [and other litigation expenses] where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.'" Koncul Enters., Inc. v. Nationscredit Fin. Servs. Corp., 2001 WL 34052996, at *7 (S.D. Ga. Aug. 13, 2001) (quoting Physician Specialists in Anesthesia, PC v. MacNeill, 539 S.E.2d 216, 224 (Ga. Ct. App. 2000)). To recover such fees and expenses, the plaintiff must "'prove the actual costs incurred and the reasonableness of those costs.'" Id. at *8 (quoting Davis v. S. Exposition Mgmt. Co., 503 S.E.2d 649, 652 (Ga. Ct. App. 1998)). Moreover, the reasonableness and necessity of incurred expenses and fees are matters for expert opinion. Am. Med. Transp. Grp., Inc. v. Glo-An, Inc., 509 S.E.2d 738, 741 (Ga. Ct. App. 1998) ("[Q]uestions of reasonableness and necessity of the expenses of litigation and attorney fees are matters for expert opinion."); U-Haul Co. of W. Ga. v. Ford, 320 S.E.2d 868, 872 (Ga. Ct. App. 1984) (stating that expert testimony must be presented on the issue of reasonableness); Cockfield v. United States, 2013 WL 12157589, at *1 (S.D. Ga. Dec. 2, 2013); Trade AM Int'l, Inc. v. Cincinnati Ins. Co., 2010 WL 11512189, at *2 (N.D. Ga. Oct. 25, 2010) (granting defendant's motion for

2

judgment as a matter of law on litigation expenses claim because "without an expert witness to testify as to the reasonableness of the expenses, . . . Plaintiff could not make out a prima facie case for an award of fees and expenses in any amount").

In this case, Whitesell did not disclose the identify of any expert witness who may present evidence on the necessity and reasonableness of its attorneys' fees and litigation expenses as required under Federal Rule of Civil Procedure 26(a)(2)(A). Moreover, under Rule 26(a)(2)(B), such disclosure must be accompanied by a written expert report, which Whitesell failed to provide. The time to disclose its experts and furnish expert reports concluded on April 15, 2019. (Doc. No. 1173.) Thus, on December 13, 2019, Defendants moved for summary judgment on the basis that without expert testimony, Whitesell will be unable to present evidence necessary to support its claim under O.C.G.A. § 13-6-11. Cf. Cascade Crossing II, LLC v. RadioShack Corp., 2009 WL 10696700, at *3 (N.D. Ga. Apr. 28, 2009) (finding summary judgment appropriate on a claim under O.C.G.A. § 13-6-11 where the plaintiff failed to demonstrate a triable issue of fact regarding questions of bad faith, stubborn litigiousness and unnecessary expense).

In response to Defendants' motion, Whitesell simply disputed that expert testimony is required despite established case law on the point. (See cases cited, supra.) Whitesell also contends

3

that it has the option to call its own counsel to testify as to both the amount and the reasonableness of attorneys' fees and costs. However, even if Whitesell intends to call its own former and present attorneys to testify, it must still disclose them as experts in the case and furnish an expert report. See Tindall v. H&S Homes, LLC, 2012 WL 3637745, at *1 (M.D. Ga. Aug. 22, 2012) ("Counsels' intent to testify at trial should have accordingly been disclosed pursuant to Rule 26, and an expert report should have been filed."), quoted in Cockfield, 2013 WL 12157589, at *1 (granting the defendant's motion in limine to exclude plaintiff's attorneys' testimony because the attorneys were not disclosed as experts); Trade AM Int'l, Inc., 2010 WL 11512189 (excluding the plaintiff's attorney's testimony on its O.C.G.A. § 13-6-11 claim because the attorney had not been timely disclosed as an expert and then granting the defendant's motion for judgment as a matter of law).

That said, the Court retains wide discretion to admit expert testimony even though there has been a failure to comply with Rule 26. Tindall, 2012 WL 3637745, at *1 (cited source omitted). However, the transgressing party must show that its failure to disclose is substantially justified or is harmless. Id. (quoting Fed. R. Civ. P. 37(c)(1)). In this case, Whitesell does not attempt to justify its failure to disclose other than to maintain that disclosure is not required. The Court, however, disagrees

and therefore finds no justification in Whitesell's failure. With respect to prejudice to Defendants, Whitesell contends that because there has been no trial date set, Defendants will have ample opportunity to depose the identified testifying attorneys, review their fees and costs invoices and other documentation, and offer appropriate challenges. (Pl.'s Sur-Reply, Doc. No. 1372, at 8.)

A similar situation arose in a fairly recent Northern District of Georgia case – Dunham v. Heartland Express Inc. of Iowa, 2018 WL 4855415 (N.D. Ga. Jan. 18, 2018). In the case, the district judge allowed the plaintiffs to cure their pleadings at the summary judgment stage to include a claim under O.C.G.A. § 13-6-11. Id. at *1. Nevertheless, the plaintiffs failed to identify an expert witness or file an expert report on the issue until six business days before trial. Id. In analyzing the prejudice to the defendant, the district court pointed out that even if the defendant could depose the plaintiffs' witnesses before trial, it would have no time to secure a rebuttal witness. Id. at *2. Moreover, the district court noted that the proposed litigation expenses were not straightforward or simple to understand. Accordingly, the district court would not allow the expert witness testimony and dismissed the O.C.G.A. § 13-6-11 claim. Id.

So too are the attorneys' fees and expenses of litigation in this case far from straightforward or simple to understand. One

needs only to look at the docket sheet spanning seventeen years with 31 attorneys on Whitesell's side (by Defendants' count) to recognize the complexity of the matter.  It would not be readily apparent to Defendants which of those 31 attorneys would be called to testify, which is complicated by the fact that the attorneys practice in varying locations such as New York and Florida.  Certainly, the depositions of any identified attorney would have to be taken, and Defendants would want an opportunity to retain rebuttal witnesses.  Finally, with a case of this longevity and litigiousness, it is fair to say that the vast majority of attorneys' fees and expenses have already been incurred, and the parties could have been exploring issues arising therefrom during the expert discovery period.  Notably, a plaintiff may only recover fees and expenses under O.C.G.A. § 13-6-11 attributable solely to a prevailing claim, see Roberts v. JP Morgan Chase Bank, Nat'l Ass'n, 802 S.E.2d 880, 887 (Ga. Ct. App. 2017); certainly the parties will dispute whether any given fee or expense was solely attributable to Whitesell's remaining claims.  Allowing expert disclosure, expert reports, and inevitably related discovery now, when as the Court described recently "there is light at the end of the pre-trial tunnel" (doc. no. 1411, at 2), would dim the prospect of conducting a trial as expediently as the present circumstances of the COVID-19 pandemic would permit.  In short, the Court concludes that allowing Plaintiff to identify experts on the issue

of litigation expenses pursuant to O.C.G.A. § 13-6-11 at this late date would not be harmless to Defendants or the desired progress of the case.

Upon the foregoing, the Court **GRANTS** Defendants' motion for summary judgment as to Plaintiff Whitesell's claim for expenses of litigation under O.C.G.A. § 13-6-11 (doc. no. 1308) because without expert testimony on the issue, Plaintiff Whitesell would not be able to establish said claim as a matter of law.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA