IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 103-050 |
| | * | |
| ELECTROLUX HOME PRODUCTS, INC., | * | |
| HUSQVARNA, A.B., and HUSQVARNA | * | |
| OUTDOOR PRODUCTS, INC., | * | |
| | * | |
| Defendants. | | |

O R D E R

Presently before the Court is Plaintiff Whitesell Corporation's motion to strike and motion for summary judgment on Defendants' affirmative defenses.

The operative complaint in the case, the Second Amended Complaint, was filed on June 5, 2014. Defendant Electrolux Home Products, Inc. answered separately from the Husqvarna Defendants on June 23, 2014, though Defendants asserted nearly identical affirmative defenses.

Through its motion, Plaintiff seeks to strike the affirmative defenses because Defendants have failed to provide fair notice of the nature of the defenses and the grounds upon which the defenses rest. Further, Plaintiff argues that many of the affirmative defenses are mere denials, not affirmative defenses. Finally, Plaintiff seeks summary judgment on the affirmative defenses.

Federal Rule of Civil Procedure 12(f) provides that the Court may strike an insufficient defense upon motion of a party filed within 21 days after the pleading is served. Suffice to say that Plaintiff's motion to strike is woefully out of time. And, the Court will not exercise its discretion to strike *sua sponte* any affirmative defense at this time.

With respect to Plaintiff's motion for summary judgment, the Court notes that the Statement of Undisputed Material Facts in support thereof is substantially similar to the Statement of Undisputed Material Facts filed in connection with other motions premised upon Plaintiff's position that Defendants breached the contracts between the parties in failing to timely transition Brunner and Matrix parts or provide mutually agreeable substitute parts. However, the Court has previously determined that the "why" or "attribution of fault" for this failed transition is a matter for jury resolution. (See, e.g., Order of Sept. 10, 2020, Doc. No. 1410, at 4.) Thus, the Court finds Plaintiff's reliance on these "undisputed" facts to support summary judgment on any of the asserted affirmative defenses unavailing.

In short, the Court will allow Defendants' affirmative defenses to stand without prejudice to Plaintiff to renew a more specific objection to a particular affirmative defense. That is to say, should Defendants seek to assert at this late stage an affirmative defense heretofore unraised, undeveloped, or unexplored such that it surprises Plaintiff in some articulable way, Defendants' use of said

2

defense will be subject to a timeliness review and a prejudice analysis. Of note, the Court recognizes here that the Eleventh Circuit has held that a defendant may be permitted to raise an *unplead* affirmative defense at trial so long as the plaintiff had some notice of the defense. See Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) ("[W]hen the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue."), cited in Hewitt v. Mobile Research Tech., Inc., 285 F. App'x 694, 696 (11th Cir. 2008); Jones v. Miles, 656 F.2d 103, 107 n.7 (5th Cir. Unit B 1981) ("Failure to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute a waiver where there is no claim of surprise."). Accordingly, it would be a waste of judicial resources to put the Court through the paces of striking affirmative defenses that, if they had not been pled, Defendants could nevertheless raise at trial, assuming there was no prejudice to Plaintiff.

Upon the foregoing, Plaintiff Whitesell's motion to strike and motion for summary judgment on Defendants' affirmative defenses (doc. no. 1307) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA