IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WHITESELL CORPORATION,           *
                                 *
          Plaintiff,             *
                                 *
     v.                          *    CV 103-050
                                 *
ELECTROLUX HOME PRODUCTS, INC.,  *
HUSQVARNA, A.B., and HUSQVARNA   *
OUTDOOR PRODUCTS, INC.,          *
                                 *
          Defendants.            *
```

O R D E R

The relevant contract between the parties for purposes of this Order is the Strategic Partnership Agreement ("SPA") entered into on December 14, 2000. (Sec. Am. Compl., Doc. No. 578, Ex. 1.) The SPA provided that the parties' supply relationship could be terminated by any party after completion of the initial term of their relationship if the terminating party provided a written notice of termination not less than six months prior to the end of such term. (Id. ¶ 23.0.) The time period between provision of a notice of termination and the effective date of such termination was called a "phase-out period." (Id. ¶ 23.1) During a phase-out period, the parties had certain obligations to use good faith

and their best efforts to fully utilize the supplier's (Plaintiff Whitesell Corporation's) product made for Defendants.[1]

In Count III of the Second Amended Complaint, which is titled "Breach of Contract (Failure to Pay For Inventory)," Whitesell alleges that Defendant Husqvarna Outdoor Products, Inc. ("Husqvarna") "refused to take all of Whitesell's inventory as required by Section 23.1 [of the SPA]." (Sec. Am. Compl., ¶¶ 145-51.) In its entirety, Count III alleges as follows:

> ¶ 146:  Section 23.1 of the [SPA] requires the parties to cooperate in good faith to wind up and complete the full utilization of Whitesell's inventory prior to the end of the Phase-Out Period.
>
> ¶ 147:  Section 23.1 also requires EHP and [Husqvarna] to take delivery and pay for all of Whitesell's inventory during the Phase-Out Period.
>
> ¶ 148:  EHP and [Husqvarna] invoked Section 23.1 when they sent their notices of termination in April 2008.
>
> ¶ 149:  Though EHP ultimately took and paid for substantially all of Whitesell's inventory of parts, [Husqvarna] has refused to take all of Whitesell's inventory as required by Section 23.1.
>
> ¶ 150:  [Husqvarna's] failure and refusal to take and pay for Whitesell's inventory as required by Section 23.1 of the [SPA] constitutes a breach of its implied covenant of good faith and fair dealing and O.C.G.A. § 11-1-203's statutory obligation of good faith in the performance of the terms of the [SPA].

---

[1] While only Defendant Electrolux Home Products, Inc. ("EHP") was a signatory to the SPA, Defendant Husqvarna Outdoor Products, Inc. became subject to the terms and conditions of the SPA when EHP transferred its outdoor products division to Defendant Husqvarna, A.B, which in turn transferred the business to Husqvarna Outdoor Products, Inc.

> ¶ 151: [Husqvarna's] failure and refusal to take and pay for Whitesell's inventory as required by Section 23.1 of the [SPA] has damaged Whitesell in a precise amount to be determined at trial, interest, costs and attorney's fees.

On August 13, 2018, Husqvarna filed a motion for summary judgment, claiming that as a matter of law it cannot be held liable for its failure to pay for excess inventory related to the Phase-Out Period following its April 2008 notice of termination[2] because Whitesell intentionally lied about and failed to disclose its true inventory position. Ultimately, the Court agreed and granted Husqvarna's motion for summary judgment on March 25, 2020. (Doc. No. 1401.)

At present, Husqvarna has returned to seek clarification that the Court granted summary judgment with respect to the entirety of Count III, and thus, no excess inventory claims remain in Count III for Whitesell to assert at trial. Whitesell opposes the motion, explaining that the Court did not address or resolve its claims for unpaid excess inventory occurring after November 1, 2008 against both Defendants Husqvarna and EHP.

This matter may be resolved quickly and with reference to Count III of the Second Amended Complaint. The purpose of the

---

[2] The notice of termination letter dated April 24, 2008 provided written notice that Husqvarna intended to terminate the supply agreement with Whitesell on November 1, 2008. (See Order of Mar. 25, 2020, Doc. No. 1401, at 4.) Accordingly, the "Phase-Out Period" subject to Husqvarna's motion for summary judgment was April 24, 2008 to November 1, 2008.

3

heightened pleading standard announced by the Twombly/Iqbal cases[3] is to ensure that a plaintiff pleads sufficient *facts* to give fair notice to the opposing party that there is a plausible and factual basis for the claim asserted. The facts provided in Count III are that Defendants triggered a phase-out period when they sent notices of termination in April 2008; that EHP took and paid for Whitesell's inventory of parts but Husqvarna did not; and that Husqvarna therefore breached 23.1 of the SPA by failing to take and pay for Whitesell's inventory.[4] Husqvarna moved for summary judgment based upon Whitesell's material breach (non-performance) of its phase-out obligations related to the Phase-Out Period ending on November 1, 2008, the one identified in the Second Amended Complaint. Whitesell never announced, clarified, or even mentioned that this Phase-Out Period was not the only phase-out period relevant to its inventory claim. Certainly, there are no facts in Count III related to any other notice of termination or failure of either Defendant to purchase any other inventory during any other phase-out period. And, to reiterate what the Court concluded in its March 25, 2020 Order, there are no facts through

---

[3] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

[4] Indeed, these are the same facts set forth in Whitesell's Facts Common to All Counts section of the Second Amended Complaint, which is titled "[Husqvarna] Ignores Its Obligations to Purchase Inventory." (See Sec. Am. Compl. ¶¶ 115-28 (identifying only the Phase-Out Period ending on November 1, 2008).)

which EHP could be held liable for failure to pay for inventory since Whitesell states that EHP met its phase-out obligation.[5]

In short, Count III of the Second Amended Complaint only put Husqvarna on notice that it failed to pay for excess inventory from one termination and one phase-out period created by its April 2008 notice of termination. In fact, the case has been litigated in this manner, which may be seen in Defendants' discovery requests that relate only to the Phase-Out Period ending November 1, 2008, and in its motion for summary judgment and Whitesell's responses thereto. To insert an unidentified phase-out period's inventory into the case at this late date would be extremely prejudicial to Defendants and is not supported by the allegations in the Second Amended Complaint.[6]

Upon the foregoing, Defendant Husqvarna's motion for clarification (doc. no. 1419) is **GRANTED**. The Court concludes and iterates that there is no part remaining of Count III for payment

---

[5] (See Order of Mar. 25, 2020, at 1-2 n.1 (finding that Count III only alleges that Husqvarna failed to pay for excess inventory and that, in any event, Whitesell waived any claim against EHP by failing to raise it in its response and sur-reply to the motion for summary judgment).)

[6] Whitesell would have the Court read additional excess inventory claims into Paragraphs 150 and 151 of the Second Amended Complaint. Those paragraphs, however, must be read in context. They are but the claim of breach and claim for damages related to the Phase-Out Period identified in the paragraphs immediately preceding.

of excess inventory to be asserted by Plaintiff Whitesell against any Defendant in the case.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of January, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA