IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WHITESELL CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 103-050 |
| | * | |
| ELECTROLUX HOME PRODUCTS, INC., | * | |
| HUSQVARNA, A.B., and HUSQVARNA | * | |
| OUTDOOR PRODUCTS, INC., | * | |
| | * | |
| Defendants. | | |

**ORDER APPOINTING
SPECIAL MASTER**

On August 5, 2021, the Court entered an Order whereby it indicated its intent to appoint a Special Master under Federal Rule of Civil Procedure 53. (Doc. No. 1486.) The Order of August 5, 2021 granted the parties fourteen days within which to file any objections, suggestions, or modifications. On September 2, 2021, Plaintiff Whitesell Corporation filed its objections to the Order of August 5th.[1] Plaintiff also moved to strike two statements in

---

[1] Plaintiff objects to the use of a Special Master for any purpose in this case. In doing so, Plaintiff reminds that Court of its Order of February 17, 2010 (addressing Plaintiff's motion to vacate the appointment of the previous Special Master), in which the Court stated that it "will not appoint a different Special Master/Mediator other than Mr. Herring during the pendency of this case." (Doc. No. 288, at 13.) Over eleven years have passed, and the undersigned judge was not presiding over the case at that time. Right now, this judge is focused on preparing what remains of the case for trial. As explained in the Order of August 5th, the Court cannot fathom trying to a jury invoice disputes involving over 300 parts without narrowing the issues and/or fashioning a trial plan

the Order of August 5th. Defendants filed a response in opposition to Whitesell's objections, to which Plaintiff has now filed a reply. The matter is ripe for resolution.

First, Plaintiff is greatly concerned that the Special Master will usurp the role of the jury by making findings as to disputed facts. This concern is misplaced and belied by the Order of August 5th. In particular, the Court characterizes the appointment of a Special Master as "a run at summary judgment." (Order of Aug. 5, 2021, at 6.) It is the Court's intent that the Special Master will examine the facts presented by the parties and recommend summary judgment where appropriate and in accordance with Federal Rule of Civil Procedure 56. This examination will be presented to the Court through a Report and Recommendation. (Id. at 8.) "Any remaining disputed material facts that must be tried by a jury" will then be part of a Report submitted by the Special Master after consultation with the parties "for the purpose of developing a detailed trial plan . . . ." (Id. at 9.) Thus, the Court has in no way called for the usurpation of the jury in the Order of August 5th. Plaintiff's objection in this regard is overruled.

― circumstances that may not have been in the sharp focus of the prior judge when the statement was made. Notably, Plaintiff has not challenged the Court's expressed view that the subject claims present a "herculean task" of presenting to a jury the individual stories of over 300 parts.

2

Second, Plaintiff objects to the Court's selection of the Special Master, Charles C. Stebbins III, Esq., because Mr. Stebbins is a former law partner of the presiding judge and because Defendant Husqvarna's counsel, Mr. R. Perry Sentell III, Esq., once provided a Declaration attesting to the reasonableness of Mr. Stebbins' attorney's fees and costs in connection with an unrelated case. Rule 53 provides that a Special Master must not have a relationship that would require disqualification of a judge under 28 U.S.C. § 455. Upon consideration, the Court concludes that neither of Plaintiff's grounds require disqualification under § 455, and therefore Plaintiff's objections to Mr. Stebbins are overruled as wholly without merit.

Finally, the Court has considered Plaintiff's request to strike two statements in the Court's Order of August 5th. Contrary to its assertion, the two statements do not pass judgment on Plaintiff's litigation strategies. Instead, they are simply factual statements of the procedural background in the case. Accordingly, Plaintiff's motion to strike certain portions of the August 5th Order is denied.

The Reply Brief of Plaintiff worries that this Special Master appointment will be the same as the last appointment – that this appointment will lead to "five years of unsuccessful and unproductive back and forth with a Special Master." (Doc. No. 1495, at 4.) Plaintiff states that what the parties need is to

have their feet held to the fire in trial preparation - to collaboratively work together to create witness and exhibit lists and to "draft a pretrial statement, narrow the issues, work on the presentation of their respective cases, and otherwise work to become trial ready." (Id. at 3.) This is exactly the mission that the Court contemplates and demands with the Special Master appointment. That is, the Court encourages all parties to approach the appointment with ultimate focus on trial preparation - which will be accomplished on the time schedule created by the parties and enforced by the Special Master. It remains to be seen whether this approach will lead to settlement or a recommendation of summary judgment on some or even most of the A/R claims; yet this is an aspect to be explored by the Special Master. In short, the work contemplated by the appointment of the Special Master will be as productive as the parties are prepared and willing to make it. Plaintiff has been demanding a court-ordered trial preparation period for some time, and while the Court cannot as yet set a trial date, the Court is undertaking trial preparation on the A/R claims with the help of this appointment.

Upon the foregoing, Plaintiff's objections to the appointment of a Special Master as articulated in its filing of August 19,

2021 (doc. no. 1487) are **OVERRULED**. Its motion to strike contained therein (doc. no. 1487) is **DENIED**.[2]

Having resolved Plaintiff's objections, and incorporating herein the Order of August 5, 2021, the Court hereby **APPOINTS** Charles C. Stebbins III, Esq. as Special Master under Federal Rule of Civil Procedure 53. More particularly, the Special Master is appointed to examine and address Count VI of the Second Amended Complaint related to certain unpaid invoices and inventory (hereinafter referred to as the A/R claims) with the objective of narrowing the number of claims or issues through summary judgment or stipulations, if appropriate, and developing a trial strategy for any remaining A/R claims. This Order of Appointment shall take effect immediately.

The Special Master is granted the full rights, powers, and duties afforded by Rule 53(c) and shall act with all reasonable

---

[2] With its objections, Plaintiff Whitesell contemporaneously filed a "Motion to Certify and/or Direct Entry of Final Judgment for Appeal Pursuant to Rule 54(b), Federal Rules of Civil Procedure." Upon consideration of the parties' briefs and relevant law, the Court concludes that Plaintiff's request would wrongfully fragment the case, particularly because the same underlying facts and theories of entitlement to recovery are intertwined throughout all claims in the case. Moreover, the Court will not saddle multiple panels of the court of appeals with a case of this longevity and complexity. Simply put, neither certification nor direct appeal through Rule 54(b) would advance the interests of judicial administration and public policy. Accordingly, in the exercise of its considerable discretion on the matter, the Court **DENIES** Plaintiff's motion to certify (doc. no. 1488).

diligence to perform the following tasks as fairly and efficiently as possible:

- Meet with the parties to identify the most efficient, organized, and succinct presentation of the A/R claims on a per part basis. In so doing, the parties shall endeavor to set feasible deadlines. It is the Court's expectation that a stipulated analytical framework will be developed. The Court envisions that perhaps for each and every part, the parties include information that identifies any relevant contractual provision or prior ruling of the Court; any stipulations of fact; any statements of material facts that each side contends is undisputed but for which there is no stipulation; any statements of material disputed facts; any timeline of events that relates the story of each part; any supporting exhibits, discovery responses, and/or testimony; and legal arguments for and against summary judgment.

- Provide periodic status reports to the Court.

- Communicate and meet with the parties as needed in order to permit the full and efficient performance of these duties. The Special Master, however, shall not have any *ex parte* communication with any party, attorney, witness or the Court without prior notice to the parties; nor shall any party, attorney, or witness have *ex parte* communications with the Court without prior notice to the parties.[3] The only allowable *ex parte* communication with the Special Master will be for the purpose of any settlement or mediation effort, again with prior notice to the parties.

- Conduct any necessary and appropriate evidentiary hearing wherein the Special Master shall have the power to compel, take, and record evidence.

---

[3] The Court should not be included in matters involving logistics, the management of the Special Master's activities and duties and other procedural matters, or the submissions of the parties including any legal briefs. Much like discovery, the Court should not be included in any correspondence or submissions related to the Special Master's appointment, other than periodic status reports and Reports and Recommendations, except as absolutely necessary.

6

- If appropriate, under Federal Rule of Civil Procedure 56, submit a Report and Recommendation to the Court identifying undisputed findings of fact and conclusions of law respecting the A/R claims and recommending whether summary judgment should be granted with respect to the part(s). Any party may file an objection to a Report and Recommendation within 21 calendar days of the date it is filed; failure to meet this deadline will constitute a permanent waiver of any objection(s).

- Submit a Report identifying any remaining disputed material facts that must be tried by a jury. In order to create this Report, the Special Master shall meet with the parties for the purpose of developing a detailed trial plan for each part to include a list of all witnesses who will testify, all exhibits to be admitted, and a proposed time limit for presentation. The Special Master shall aggressively limit the time and number of witnesses and exhibits proposed by the parties.

- Propose structures and strategies for settlement negotiations on the A/R claims if feasible.

- The Special Master shall file only periodic status reports or Reports and Recommendations on the case docket. The Special Master need only preserve the correspondence and documents received from the parties and any correspondence and documents created by the Special Master in the performance of his duties for a period of ninety (90) days following the termination of the appointment.

- The Special Master shall be compensated at his usual and customary rate of $400 per hour. The Special Master shall incur only such fees and expenses as are reasonably necessary to fulfill these duties. The Special Master shall maintain normal billing records of expenses and the time spent on this matter with reasonably detailed descriptions of the activities and matters worked upon. Each party – (1) Plaintiff Whitesell Corporation; (2) Defendant Electrolux Home Products, Inc.; and (3) Defendants Husqvarna, A.B., and Husqvarna Outdoor Products, Inc. – shall bear 1/3 of the fees and expenses.[4] The Special Master shall file a Statement of Fees and Expenses with the Court on a monthly basis.

---

[4] The Court overrules Plaintiff's objection to paying 1/3 of the fees and expenses.

7

The parties may file objections to the Statement of Fees and Expenses within seven (7) calendar days of its filing or any objection thereto is waived. The parties will be required to make interim payments as the Court directs.

The parties shall provide full cooperation to the Special Master. The parties shall timely comply with the rulings and directives of the Special Master. Pursuant to Rule 53(c)(2), the Special Master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party." Finally, the Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by judges performing similar functions.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of September, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA