```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                     AUGUSTA DIVISION
```

WHITESELL CORPORATION,            *
                                  *
       Plaintiff,                 *
                                  *
   v.                             *      CV 103-050
                                  *
ELECTROLUX HOME PRODUCTS, INC.,   *
HUSQVARNA, A.B., and HUSQVARNA    *
OUTDOOR PRODUCTS, INC.,           *
                                  *
       Defendants.

**O R D E R**

Defendants Husqvarna AB and Husqvarna Outdoor Products, Inc. (collectively "Husqvarna") have filed a motion in limine to exclude presentation of evidence on Plaintiff Whitesell Corporation's damages claim for capital expenditures made in preparation for the supply of Brunner and Matrix parts to Husqvarna. Husqvarna claims that Whitesell did not comply with its discovery obligations to provide a damages computation or the evidence in support thereof. As concluded herein, Husqvarna's motion in limine is **GRANTED**.

The Court begins the discussion with the observation that the liberal discovery mechanisms of Federal Rules of Civil Procedure 26 to 37 "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 104, 114-15 (1958). This observation was made prior

to the introduction of the mandatory initial disclosures of Rule 26(a)(1), which state that

> a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based . . . .

Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e) imposes upon a disclosing party the continuing duty to supplement its initial disclosures. As relevant here, Husqvarna also propounded the following Interrogatories on August 1, 2014:

> **Interrogatory 5.** If Whitesell has made any expenditures or capital investments, such as investments in property, plant, equipment, personnel, or technology, in preparation for manufacturing the Brunner and Matrix Parts, or to develop or enhance the capability to do so, please identify each such time, the date that it was acquired, the name of the person or entity from whom it was acquired, the cost and purpose of the expenditure or capital investment, and the person or persons most knowledgeable about each such expenditure or capital investment.
>
> **Interrogatory 51.** To the extent you have not already done so in response to previous Interrogatories, for each category of damages claimed by Whitesell, please describe with particularity and specificity the components of each category and how Whitesell intends to calculate and determine the dollar value of each such component. Please also identify the person or persons most knowledgeable concerning these items.

(Defs.' Mot. to Compel Resp. to Disc. Requests, Doc. No. 606-1.) Whitesell responded to each Interrogatory respectively as follows:

> Subject to and without waiving its objections, Plaintiff states that the person most knowledgeable about Plaintiff's expenditures and capital investments

> in connection with its preparation to manufacture the Brunner and Matrix Parts is Neil Whitesell. Plaintiff further states that documents reflecting expenditures and capital investments made in preparation for manufacturing the Brunner and Matrix Parts, the date on which each such expenditure or capital investment was made (to the extent that information is available to Plaintiff), the cost of the expenditure or capital investment, and the purpose of the expenditure or capital investment are being produced in response to . . . Defendants' Requests for Production to Plaintiff. To the extent that Plaintiff made any purchases of equipment or tools in connection with its preparation to manufacture the Brunner and Matrix Parts, **Plaintiff is producing documents sufficient to show the expenditures and capital investments made. Plaintiff directs Defendants to documents Bates-stamped WC002305962-82**. Because the burden of deriving or ascertaining the requested information from these documents is substantially the same for Plaintiff and Defendants, Plaintiff responds by directing Defendants to those invoices, in accordance with Federal Rule of Civil Procedure 33(d).
>
> **Whitesell objects to [Interrogatory 51] to the extent that it calls for damages calculations that will be performed by an expert and produced as part of an expert report.** Subject to the foregoing and General Objections set forth [in] Whitesell's November 10, 2014 Responses and Objections, the people with the most knowledge concerning issues relating to damages are Neil Whitesell and Robert Weisse.

(Defs.' Mot. in Limine, Doc. No. 1508, Exs. A & C (emphasis added).) The documents Bates-stamped WC002305962-82 ("Produced Capital Expenditure Documents") were identified to Husqvarna in January 2015; they are attached to Husqvarna's motion in limine as Exhibit B. With those in hand, Husqvarna noticed the Rule 30(b)(6) deposition of Neil Whitesell on July 3, 2018 and included the following topics:

> 2. All investments allegedly made by Whitesell (e.g., buildings, infrastructure, equipment) in order to

3

supply the Brunner and Matrix parts, including, but not limited to, the investments identified in [the Produced Capital Expenditure Documents], the reasons why such investments were necessary for the supply of these parts, when each investment was made, and when each investment became operational for Whitesell.

53. All efforts Whitesell took to mitigate its alleged damages claimed by Whitesell to be associated with purported contractual breaches by [Husqvarna].

70. How Whitesell calculates the damages it seeks in this matter against [Husqvarna] related to the Brunner Parts.

71. How Whitesell calculates the damages it seeks in this matter against [Husqvarna] related to the Matrix/wireform Parts.

(Defs.' Mot. in Limine, Ex. D.) Husqvarna essentially concedes that it did not ask specific questions of Mr. Whitesell about the Produced Capital Expenditure Documents. However, the following exchange occurred when Husqvarna asked Mr. Whitesell about an Iowa facility that Whitesell purchased in January of 2005:

> Q: [H]ave you used that facility to supply products to the defendants?
>
> A: We did.
>
> Q: Have you used that facility to supply products to other customers other than the defendants?
>
> A: We did, but the primary customer was [Husqvarna].
>
> Q: Have you done any analysis of how much utilization of the facility has been used to supply other customers other than the defendants?
>
> A: **I'm sure that will be done by our expert. It will be provided in our damage report.**
>
> Q: But sitting here today you don't know that?

4

> A: I know that people have worked on it, I haven't personally. But I don't know what the status of that is at this time, it's not something I've done myself.

(Defs.' Mot. in Limine, Ex. E, Dep. of Neil Whitesell on July 12, 2018, at 72-73 (emphasis added).)

On August 12, 2019, Whitesell served the final report of its only expert, Peter J. Karutz, which did not contain a single opinion pertaining to Whitesell's capital expenditures claim. When discovery closed on October 22, 2019, Whitesell had not supplemented its interrogatory responses to provide a computation of its capital expenditures claim or any other documentation to support such claim. In response to the present motion in limine to exclude evidence pertaining to Whitesell's damages claim for capital expenditures, Whitesell states:

> There is not much more for Whitesell to say other than to point the Court to the [Produced Capital Expenditure Documents], which unequivocally prove that Whitesell has long complied with its discovery obligations [and] has fully met, if not exceeded, its obligations under Rule 26(a)(1)(A)(iii) to provide a "computation", also known as a "calculation", for its claimed damages . . . .

(Pl.'s Resp. to Mot. in Limine, Doc. No. 1516, at 8.) Thus, the question before the Court is whether the production of the Produced Capital Expenditure Documents satisfied Whitesell's discovery obligations under the Federal Rules of Civil Procedure.[1]

---

[1] The Court notes that Whitesell referenced other "evidence" of its capital expenditure claim in response to Husqvarna's prior motion for summary judgment filed on December 13, 2019, including a settlement agreement between Whitesell and MetoKote to paint Matrix parts, Hodges distribution invoices related to storage of Matrix parts, and two paragraphs in Mr. Whitesell's declaration

Though not dispositive of the issue, the Court recognizes that Husqvarna was led to believe that Whitesell would provide an expert report (i.e., an expert computation) as to its claim for capital expenditures. This representation probably influenced Husqvarna's approach to the deposition of Mr. Whitesell. Whitesell criticizes Husqvarna for not cross-examining Mr. Whitesell about the Produced Capital Expenditure Documents, but this criticism falls flat when Husqvarna reasonably expected an expert to be the key witness on the issue – even Mr. Whitesell seemingly expected as much. Nevertheless, Mr. Whitesell was identified as the principal witness with knowledge of the subject damages, so not cross-examining him about the Produced Capital Expenditure Documents was not without risk. That is to say, Husqvarna could have performed the type of inquiry or examination that it mentions in its briefing, including questions about whether the expenditures listed in the Produced Capital Expenditure Documents were reasonable, necessary, and properly allocated for the supply of the Brunner and Matrix parts and whether Whitesell's alleged losses were mitigated or should be reduced by tax or other benefits. The failure to do so is not detrimental here, however,

---

dated September 10, 2010. (See Pl.'s Sur-Reply to Defs.' Mot. to Strike Karutz's Expert Report, Doc. No. 1394, at 6-7.) Whitesell did not supplement either its Rule 26(a)(1)(A)(iii) disclosure or its responses to Husqvarna's related interrogatories with these documents. The issue before the Court is not whether Whitesell could survive a motion for summary judgment but whether Whitesell complied with its discovery obligations. Thus, these documents are irrelevant.

because Husqvarna asked enough of Mr. Whitesell to show that production of the Produced Capital Expenditure Documents did not satisfy Whitesell's discovery obligations. In fact, in the deposition exchange quoted above, even Mr. Whitesell acknowledges that an analysis was necessary to determine how much one of Whitesell's facilities was used for Husqvarna versus other customers. (Defs.' Mot. in Limine, Ex. E, Whitesell Dep. at 72-73.) The questioning then turned to a warehouse that Whitesell built in the early 2000s. Mr. Whitesell testified that they would not have built it had it not been for entering into the Supply Partnership Agreement ("SPA") with Electrolux in 2000. (Id. at 73-76.) Yet, as pointed out by Husqvarna, it was not obligated to supply Brunner and Matrix parts until the Settlement Memorandum of 2003. Thus, the storage capacity (and necessary equipment) of this warehouse may not be solely attributed to the Brunner and Matrix parts. Husqvarna points out other inconsistencies regarding attribution of Whitesell's expenditures to the supply of Brunner and Matrix parts in its brief. (See generally Defs.' Mot. in Limine at 13-19.)

The Court, however, has independently concluded, upon an independent review of the Produced Capital Expenditure Documents, that Whitesell did not satisfy its discovery obligations. The Produced Capital Expenditure Documents are lists of expenditures without context. A review leads to more questions than answers about Whitesell's damages claim. No party, attorney or even expert

could reasonably divine solely from these twenty-one pages what Whitesell's computation of capital expenditure damages may be. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 293 (affirming the district court's conclusion that "simply providing documents to the defendant assuming that somehow the defendant will divine what [the] alleged lost profits[2] are by having documents is not sufficient" under Rule 26(a)(1)(A)(iii)). It must be remembered that Whitesell had a duty under Rule 26(a)(1)(A)(iii) to provide its damages computation and supporting documents even without request from Husqvarna. Moreover, Whitesell had an obligation to respond to and supplement (here, with a promised expert opinion) interrogatories reasonably propounded. Whitesell failed to do either. That is, it can hardly be said that Whitesell disclosed its capital expenditure claim "to the fullest extent possible" to make the issue a fair contest. See Procter & Gamble Co., 356 U.S. at 114-15.

Federal Rule of Civil Procedure 37(c)(1) mandates preclusion of undisclosed information at a trial if there is no substantial justification for the failed disclosure and the failure to disclose is not harmless. Here, Whitesell has not provided any justification for its failure to provide the required damages

---

[2] The Court rejects out-of-hand Whitesell's attempt to differentiate the Design Specialty case by claiming that its capital expenditure claim is more straightforward than a lost profits claim. The record belies any assertion that the claims in this case are straightforward. Besides, Whitesell originally claimed that an expert would perform the damages computation.

8

computation or to supplement its response to interrogatories related to the same. Further, the failure to do so is not harmless. Discovery in the case closed long ago and the trial of the case is set, even while the parties are conducting proceedings before a Special Master on unrelated claims. To reopen discovery to allow the exploration and disclosure of the capital expenditures claim would result in a substantial and prejudicial delay in the case. Further, the Court will not allow the claim to proceed without Husqvarna having had the opportunity to conduct adequate discovery on the issue.

Upon the foregoing, the Court **GRANTS** the motion in limine to exclude presentation of evidence at trial concerning Whitesell's damages claim in Count II for capital expenditures related to the supply of Brunner and Matrix parts. (Doc. No. 1508).

**ORDER ENTERED** at Augusta, Georgia, this 19th day of April, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA