IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WHITESELL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:03-cv-00050-JRH |
| ) | |
| ELECTROLUX HOME PRODUCTS, INC., ) | |
| HUSQVARNA A.B. and HUSQVARNA ) | |
| OUTDOOR PRODUCTS, INC., ) | |
| ) | |
| Defendants. ) | |

## THIRD REPORT AND RECOMMENDATION OF SPECIAL MASTER

Pursuant to the Court's Order of September 17, 2021, the undersigned Special Master herein submits his Third Report and Recommendation, addressing the motion filed by Plaintiff ("Whitesell") entitled "Plaintiff's Motion for Special Master to Prepare and Submit a Report and Recommendation to the Court to Enter Summary Judgment Against Defendants on Accounts Receivable Claims for which the Defendants Issued Purchase Orders" ("Purchase Order Claims").

One of the difficulties of dealing with the numerous items that make up Whitesell's unpaid invoice claims, as referred to me, is maintaining a consistent method of identifying the various claims. I believe the system most likely to be of benefit to the Court in organizing trial is one that identifies separate invoices, rather than merely part numbers. At my direction the parties have produced such a list. However, the present motion approaches the issues presented in terms of "dispute packets" created by Whitesell and referencing part numbers. I will discuss the issues in this format, but I will direct the parties to modify a master invoice claim list by identifying those which would be resolved without trial if my recommendations are accepted by the Court. I will provide instructions to the parties as to how to do this by a separate communication to them.

1

Whitesell's motion on Purchase Order Claims seeks $180,985.59 plus pre-judgment interest and attorneys' fees and costs. Whitesell filed its initial motion along with supporting Exhibit A (Local Rule 56.1 statement) and Exhibit B (specification of claims). File List 7-9. Defendants then filed their response to the motion, and supporting exhibits. File List 18. Whitesell followed with its reply in support of the motion, with further exhibits. File List 20-21. Defendants' filed a surreply thereafter. File List 25. Finally, Whitesell's then made an additional submission of April 15, 2022 in response to request of the Special Master, providing evidentiary packets referred to in Whitesell's brief but not supplied earlier to the Special Master. File List 26. All these documents are submitted herewith as an appendix File List.

The present motion concerns what amount, if any, is owed by Defendants to Whitesell for various amounts of specified goods received and accepted by Whitesell. The Strategic Partnership Agreement between the parties (the "SPA") contains lengthy and detailed provisions concerning pricing of goods supplied under the Contract, but no actual prices. Exhibit "B" to the contract was originally expected to provide at least some base prices, but as the Court has ruled, no Exhibit "B" was ever agreed upon.

In supporting or opposing this motion, the parties have made no reference to the terms of the SPA or the Settlement Memorandum which became part of the eventual contract between the parties as recognized by the Court herein. Neither party refers to Section 5.2 of the SPA ("Initial Pricing"), Section 5.4 of the SPA ("Subsequent Pricing"), or Section 8.0 of the SPA ("Terms and Conditions"), presumably for the reason that the parties failed to follow the provisions of the SPA with respect of original or revised Exhibit B to the SPA, upon which all these sections appear to depend.

The underlying liability issue as posed by Whitesell's motion is therefore simple.  Making no reference at all to the Contract, Whitesell contends that, where a Defendant issued a purchase order to Whitesell for the purchase of goods at a particular price, and thereafter the Defendant accepted such goods without objection, that Defendant now owes that price to Whitesell.  Defendants seem to accept this framing of the issue, referring to "the issue at hand" as "whether the Defendants issued Purchase Orders that cover the listed Account Receivable Claims."  File List 25, p. 1. Although this principle seems sound, it is not necessary to the disposition of the present motion to evaluate it, because, with the exception of claims which Defendants have chosen not to contest, Whitesell's motion does not provide an adequate basis for summary judgment as to any of the Purchase Order Claims it presents.

Whitesell has submitted its Composite Exhibit E, 14 Dispute Packets for 14 different sets of invoices in dispute.  These packets appear to consist of Whitesell's evidence for each of the fourteen divisions of claims represented in Exhibit B to Plaintiff's original motion, filed on February 3, 2022.  Of the fourteen claims, Defendants now maintain an objection to only six.  Defendants' primary contention on these six disputed claims is that Whitesell is unable to produce the purchase order evidence for these claims.

Seeing nothing to the contrary from either party, I will decide the Purchase Order Claims motion on the basis of whether Whitesell has made a sufficient, factually undisputed showing, in the case of each part at issue, and each quantity of the part at issue, that Defendants issued a purchase order covering such part and quantity, which was filled by Whitesell without dispute from Defendants as to price.   The evidence for each of the claims covered by Whitesell's motion, other than those conceded by Defendants, must be evaluated separately.

The 14 Dispute Packets are set out below.  I have starred those (Dispute Packets 5-10 and 13-14) as to which Defendants continue to contest liability for the principal sums claimed.

| Special Master's Designation | Customer Part Number | Quantity | Amount Disputed |
|---|---|---|---|
| **Dispute Packet 1*** | 530038604 | 3 invoices | $21,807 |
| **Dispute Packet 2*** | 530096308 | 8 invoices | $74,803 |
| **Dispute Packet 3*** | 120588x | 5 invoices | $10,156 |
| **Dispute Packet 4*** | 404851 | 4 invoices | $3,814 |
| **Dispute Packet 5** | ii12589 | 1 invoice | $6,250 |
| **Dispute Packet 6** | ii14820 | 1 invoice | $29,150 |
| **Dispute Packet 7** | ii15356 | 1 invoice | $3,200 |
| **Dispute Packet 8** | ii15357 | 1 invoice | $12,000 |
| **Dispute Packet 9** | ii15358 | 1 invoice | $11,500 |
| **Dispute Packet 10** | ii15449 | 1 invoice | $4,200 |
| **Dispute Packet 11*** | ii12772 | 1 invoice | $1,450 |
| **Dispute Packet 12*** | ii14974 | 1 invoice | $1,250 |
| **Dispute Packet 13** | ii15517 | 1 invoice | $1,250 |
| **Dispute Packet 14** | 218709101 | 1 invoice | $154.61 |

### A.  *Presently undisputed claims – Dispute Packets 5-10; 13-14*

Defendants' Response of March 22, 2022 (Exhibit A to this Report, Item 3) says that, "in a good faith effort to resolve Whitesell's remaining invoice claims," Defendants "do not contest payment of [certain] parts addressed by [the motion]."  File List 18, p. 9.  As to these claims, the

parties have reached a small degree of agreement. The parties apparently agree as to these purchase order and invoice packets, except as to the question of prejudgment interest. As to the principal balances on these invoices 5-10 (ii12589, ii14820, ii15356, ii15357, ii15358, ii15449) and 13-14 (ii15517, short-paid amount on CD133728 for part 218709101), totaling $67,704.61, I recommend that the Court grant summary judgment to Whitesell.

As I noted in my First Report and Recommendation, attorneys' fees are not available to Whitesell in this case. In that Report, beginning at page 51, I set out what I believe to be the correct test to determine whether a claim is liquidated so as to allow for prejudgment interest. Applying that test to the "conceded" claims here, I conclude that, notwithstanding that Defendants excepted the prejudgment issue from their concession, nevertheless Defendants are liable for prejudgment interest at the rate of 18% per annum from the date of rendition of each affected invoice on the "conceded" claims. Because Defendants "do not contest" the amounts due on these claims, it follows that they have not been affected by a successful defense, so that under the analysis I have set out in my First Report, they are liquidated claims entitled to prejudgment interest.

### B. *Still disputed claims*

Still disputed Purchase Order Claims addressed by Whitesell's present motion are those identified in Dispute Packets 1-4 and 11-12.

Dispute Packet 1

Whitesell claims three invoices were paid at an improper price per unit of $0.0980 instead of $0.1787. Plaintiff seeks a recovery of $21,807.48 for pricing difference. Though Whitesell's own internal accounting shows this amount to be due, it cannot succeed by summary judgment. As an initial matter, it is unclear against which defendant judgment is sought on this claim. While

the purchase orders appear to come from Defendant EHP, Whitesell's documentation notes that Defendant HOPI allegedly underpaid for Part No. 530038604. While Whitesell has submitted a summary of pricing discrepancies, contained on a summary of invoices, as well as two purchase orders from Defendant EHP for the price per unit of $0.1787, this does not go far enough to justify summary judgment. Whitesell has not submitted the relevant underlying invoices, and in fact its own records show that invoices were delivered subsequent to Defendants' purchase orders for the lower price of $0.0980. Further, it may be that Whitesell has waived any claim to the higher ordered price, since Whitesell's later in time invoices, on which Defendant EHP accepted delivery and made payment, would govern the price of the goods, since there is apparently no dispute that Defendant EHP accepted the goods and paid the invoice price. As the evidence and arguments before me now stand, Whitesell's motion must be denied as to these claims.

Dispute Packet 2

Whitesell claims eight invoices were paid at an improper price per unit of $2.12 instead of $0.88. Whitesell seeks a recovery of $74,803 for pricing difference. Though its internal accounting shows this amount due, Whitesell's request for summary judgment as to these invoices must fail. As with Dispute Packet 1, I cannot determine which Defendant would be liable on these claims. While Plaintiff has submitted a later, summary pricing discrepancy invoice, and a purchase order and email from Defendant EHP for the price per unit of $2.12, this does not provide sufficient information for summary judgment. Whitesell has not submitted the underlying individual invoices for these claims, and in fact Whitesell's own records show that their invoices for this part delivered subsequent to Defendant EHP's purchase orders were for the lower price of $0.88. Again, Whitesell may have waived any claim to the higher ordered price, as its later-in-time invoices would, on which delivery was accepted and on which payment was made, may govern

6

the price of the goods. Furthermore, the email and purchase order, even construed generously to Whitesell, appear to authorize the order of 42,000 parts at the higher price, but Whitesell's records purport to charge Defendant EHP for the delivery of 60,325 units at the higher price.

### Dispute Packet 3

Whitesell claims that five invoices were paid at an improper price per unit of $.16 instead of $.5053. Though its internal accounting shows this, Whitesell has provided no invoices with its motion, making it impossible for me to determine whether, as a matter of law, Whitesell did invoice the parts for the higher price per unit as claimed. Whitesell has submitted one purchase order for 5,000 units, but this purchase order does not correspond with any single subsequent invoice, and Whitesell appears to have delivered 29,446 units within of one month after the Purchase Order. In fact, Whitesell's own calculations conflict: in Exhibit B to this Motion, Whitesell requests $10,156 in damages for Order/Invoice Packet #3, but the accounting in Composite Exhibit E to this Motion, Whitesell's calculations list pricing discrepancies totaling $10,167.70. Considering the evidence before me, I cannot recommend summary judgment in Whitesell's favor.

### Dispute Packet 4

Whitesell claims four invoices were paid at an improper price per unit of $1.214 instead of $1.74. Though Whitesell's internal accounting shows this, Whitesell's request must fail. Of the four relevant claims, Whitesell provides an invoice for only one: Invoice 172643. Again, Whitesell's submission is simply insufficient on the other three. As to Invoice 172643, this invoice is not listed in any of the three charts of invoices Plaintiff claimed to be at issue in its Second Amended Complaint filed on June 5, 2014 (Docket Item 578, Exhibits 5-7). Construing Count VI

of the Second Amended Complaint as drafted, and considering the evidence before me, I cannot recommend summary judgment.

Dispute Packet 11

Whitesell claims one invoice for engineering charge related to a part sold to Defendant HOPI in the amount of $1,450. As Defendant HOPI correctly observes, Whitesell has not attached a relevant purchase order to its Motion, and as such, summary judgment is improper. Furthermore, even if Whitesell had attached the proper purchase order, the invoice number for this engineering charge, II12772, is not listed on any of Exhibits 5-7 to the Second Amended Complaint (Dkt. 578), the consequences of which I discuss in my Second Report and Recommendation. See my Second Report and Recommendation.

Dispute Packet 12

Whitesell claims one invoice for engineering charge related to a part sold to Defendant HOPI in the amount of $1,250. As with Packet 11, here Whitesell has not submitted a relevant purchase order, and even if it had, this claim does not appear on Exhibits 5-7 of the Second Amended Complaint.

*C. Conclusion*

As to those invoices covered by the present motion where Defendants does not contest the principal amount claimed, summary judgment is appropriate for the principal amounts claimed by Whitesell, plus interest at 18% per annum from the date of invoice. The motion should be denied in all other respects.

No party has addressed the date from which interest on an invoice should run. I have chosen the date of invoice in light of general Georgia law. If Defendants believe that Section 4.0

of the SPA requires a later date, and if the parties consider the amount involved sufficient to be of concern, they are invited to communicate with me as to a possible change.

The Court has previously expressed a concern not to burden the Court of Appeals with piecemeal appealable judgments at this point in these lengthy proceedings. Accordingly, I recommend that the entry of a judgment based on the above recommendations be held until the conclusion of the trial scheduled to begin September 19. Questions about the form of a judgment can more reasonably be deferred until the time of entry.

/s/ Charles C. Stebbins, III
Charles C. Stebbins, III
Special Master

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Special Master's Third Report and Recommendation has been filed in to the clerk's electronic filing system and a true copy has been served by electronic mail as follows:

Coleman, Yovanovich & Koester, P.A.
Edmond E. Koester
edservice@cyklawfirm.com
Matthew B. Devisse
mdevisse@cyklawfirm.com
mfoster@cyklawfirm.com
cykservice@cyklawfirm.com

Aloia, Roland, Lubell & Morgan, PLLC
Jack C. Morgan, III
jmorgan@floridalegalrights.com
kturner@floridalegalrights.com

Kilpatrick Townsend & Stockton, LLC
R. Perry Sentell, III
psentell@kilpatricktownsend.com
Laurel Payne Landon
llandon@kilpatricktownsend.com
Joseph H. Huff
jhuff@kilpatricktownsend.com

DLA Piper, LLP
James M. Brogan
James.brogan@dlapiper.com
Matthew A. Goldberg
Matthew.goldberg@dlapiper.com

Alston & Bird LLP
James C. Grant
jim.grant@alston.com
Elizabeth H. Helmer
Elizabeth.helmer@alston.com
Amanda M. Waide
amanda.waide@alston.com
Jamie S. George
Jamie.george@alston.com

This 22nd day of July, 2022.

/s/ Charles C. Stebbins, III
Charles C. Stebbins, III
Special Master