```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF GEORGIA
                   AUGUSTA DIVISION
```

WHITESELL CORPORATION,           *
                                 *
        Plaintiff,                *
                                 *
    v.                           *     CV 103-050
                                 *
ELECTROLUX HOME PRODUCTS, INC.,  *
HUSQVARNA, A.B., and HUSQVARNA   *
OUTDOOR PRODUCTS, INC.,          *
                                 *
        Defendants.              *

**O R D E R**

On July 19, 2022, the Special Master filed his Second Report and Recommendation (doc. no. 1617) addressing Defendants' "Motion for Judgment on the Pleadings Regarding Invoices Not Pleaded in Whitesell's Second Amended Complaint." More specifically, Defendants wish to limit the disputed invoice claims of Count VI to only those invoices listed on Exhibits 5, 6 & 7 attached to the Second Amended Complaint ("SAC"), which was filed on June 5, 2014. (Doc. No. 578). Through the Report and Recommendation, the Special Master recommends that the motion for judgment on the pleadings be granted such that Plaintiff's disputed invoice claims are so limited. The Court has now conducted a *de novo* review of the Second Report and Recommendation, Plaintiff's objections and

Defendants' response thereto, and the underlying motion for judgment on the pleadings. The matter is resolved as follows.

As pointed out by the Special Master, the Second Amended Complaint is the product of "an unusually drawn out and deliberative procedure" in the early months of 2014. (Doc. No. 1617, at 2.) Upon Plaintiff seeking to amend the complaint, the Court conducted a hearing in which it addressed each proposed count and any objections thereto. The Court expressed that it wanted "a good, clean Second Amended Complaint" as the basis of this litigation. (Hrg. Tr. of Mar. 27, 2014, Doc. No. 567, at 3; see also Order of May 15, 2017, Doc. No. 896, at 10 ("It was the Court's expectation that the [SAC] submitted by Whitesell thereafter would be a complete statement of its case.").) Importantly, the Court expressly asked Plaintiff whether it could specify the particular invoices upon which it sought payment. (Id. at 37.) Plaintiff's counsel agreed to identify specific unpaid invoices. (Id.) Ultimately, Plaintiff includes its disputed invoice claims in Count VI of the SAC, entitled "Breach of Contract (Failure to Pay Invoices)." Therein, Plaintiff alleges that Defendants have failed to pay for valid and undisputed invoices as required by the parties' agreements. Plaintiff then identifies the disputed invoices, as agreed upon at the hearing, in Paragraphs 173-175:

> ¶ 173.  A list of invoices containing past due, unpaid Whitesell charges concerning which [Defendant] EHP has failed to offer any justification for non-payment is attached as **Exhibit 5**.
>
> ¶ 174.  A list of invoices containing past due, unpaid Whitesell charges concerning which [Defendant] HOPI has failed to offer any justification for non-payment is attached as **Exhibit 6**.
>
> ¶ 175.  [Defendant] HOPI has refused to pay portions of other invoices that Whitesell, on information and belief and with the benefit of discovery, alleges are based on pricing issues.  A list to these invoices is attached herein as **Exhibit 7** (providing subcategories) . . . .  As discovery progresses, Whitesell will distinguish among those subcategories and reserves the right to modify the list referred to above.

(SAC ¶¶ 173-75 (emphasis in original).)

When called upon to decide whether Count VI of the SAC allows for additional invoices outside of the referenced Exhibits, the Special Master determined: "As a conclusive matter of pleading, the answer is no."  (Doc. No. 1617, at 1.)  That is, the Special Master determined that this last reservation of right to "modify the list" did not allow for the *addition* of unspecified invoices, particularly given the circumstances of Plaintiff's affirmative representation at the March 2014 hearing that it would specify all disputed invoices.

In reviewing the matter, the Court is constrained to note additional provisions of the SAC.  Paragraph 177 within Count VI reads:  "On information and belief, [Defendants have] refused to pay other invoices based on contrived, unfounded reasons."  Neither

3

the Special Master nor the parties discuss this provision, yet it implies there are disputed invoices outside of the referenced exhibits. Moreover, while the SAC references an exact amount owed ($6,602,354.53) claimed by Plaintiff for unpaid invoices in Paragraph 179 of Count VI, Paragraph 78 of the SAC's factual allegations references an exact amount owed ($6,595,330.90) but provides that Defendants "refused to pay other invoices based on contrived, unfounded reasons." Thus, the Court does not necessarily agree that this is "a conclusive matter of pleading" in that there are indications within the SAC that disputed invoices outside of Exhibits 5, 6 & 7 exist.

That said, the Court must consider the totality of the circumstances in this case to determine whether allowance of disputed invoice claims outside of those listed in the attached exhibits will be permitted in suit. In looking back at Plaintiff's first proposed SAC filed on January 17, 2014, there was no indication that additional disputed invoices above a sum certain would be forthcoming. That is, the proposed SAC of January 2014 states in three places that Defendants owe Plaintiff $6,602,354.53 for unpaid invoices. (See Doc. No. 546-2, ¶¶ 131, 231 & 237.) That dollar amount, $6,602,354.53, is carried forward to the operative SAC in Count VI, Paragraph 179. Again, Paragraph 179 provides no indication that additional disputed invoices above this sum certain will be forthcoming. Nor should it. Plaintiff

4

represented upon direct inquiry of the Court at the March 2014 hearing that Plaintiff would identify specific invoices. It did so. It should be held to those lists.

This litigation has been driven by the Second Amended Complaint, filed on June 5, 2014, for over eight years. Many of the Court's rulings have been premised on the fact that the SAC is Plaintiff's complete statement of the case. Thus, any disputed invoices outside of Exhibits 5, 6 & 7 will not be allowed because they have not been properly pled in the SAC.

Upon this review, the Court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the Second Report and Recommendation in its entirety. Accordingly, any disputed invoice claims not included on Exhibits 5, 6 & 7 to Plaintiff's Second Amended Complaint or related evidence will not be included in the trial of this case.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of October, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA