IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WHITESELL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:03-cv-00050-JRH |
| ) | |
| ELECTROLUX HOME PRODUCTS, INC., ) | |
| HUSQVARNA A.B. and HUSQVARNA ) | |
| OUTDOOR PRODUCTS, INC., ) | |
| ) | |
| Defendants. ) | |

### TENTH REPORT AND RECOMMENDATION OF SPECIAL MASTER

As Special Master I hereby submit my Tenth Report in this matter, which I think will also in all likelihood be my last. In my opinion there remain no issues to be decided by a jury as to any Count VI claims as referred to me. As of December 20, 2022 Husvarna has unilaterally stipulated its liability for the principal amounts of the remaining Count VI claims as alleged by Plaintiff, and the law as found by me and by the Court itself requires that prejudgment interest be paid by Husqvarna to Plaintiff on these claims at the rate of 18% per annum, from the due date of each.

Special Master Proceedings since my Ninth Report

Much of what has happened in the proceedings before me since my Ninth Report has no practical significance in light of the final stipulation made by Husqvarna herein on December 20, 2022, as explained below. Nevertheless, I now provide a brief resume of what occurred during this time period, in case there may be an appeal or generally for the Court's information.

As Plaintiff and Defendant Electrolux Home Products ("EHP") informed the Court on November 11, 2022, EHP has paid in full all claimed balances on all Count VI claims against it

1

which remained in this action after my various earlier recommendations and the Court's action on them. Dkt. No. 1754. Thus, when on December 5, 2022 I reconvened the evidentiary hearing described in my Ninth and previous reports (see particularly Ninth Report, pp. 2-3), the only remaining claims under Count VI were those claims against the other Defendants ("Husqvarna") which remained after my earlier recommendations and the Court's actions on them. The purpose of the evidentiary hearing, as described in my Ninth Report, was to allow Plaintiff to supplement its earlier, and in my opinion defective, submission of evidence to me, through the testimony of John Duffner, whom it had previously identified to me through the submission process and the original beginning of the hearing in October as its only witness in this regard. In fairness, I extended a similar opportunity to Defendants to supplement their submission, but they chose not to do so.

As I had previously made clear to the parties, my purpose for the hearing was two-fold: (1) to establish which of Plaintiff's proferred evidentiary documents I could recommend be admitted at trial, and (2) whether I should recommend summary judgment on any of Plaintiff's claims. I consider that great progress was made in this reconvened hearing. Mr. Duffner, who was still under oath, gave testimony that demonstrated a greater personal knowledge of the facts and circumstances surrounding the proposed documentary evidence supplied by Plaintiff than I had perceived from his earlier testimony. Also, after a period of testimony, Husqvarna, the only remaining Defendant on the Count VI claims, made a blanket stipulation as to the admissibility of all emails that were contained in any of Plaintiff's evidence packets.

Close to the noon hour on the second day of this reconvened hearing, December 6, 2022, the parties jointly requested that I delay any further testimony, representing that they were near agreement on a further global stipulation that would obviate the need for much of what remained

to cover. I was reluctant to do this, in light of the imminence of trial. I made it very clear to the parties that if I discontinued the hearing, there would be no time after Wednesday, December 7 for me to hear further evidence, and that in that case I would be forced to decide the issues of authenticity, admissibility, and possible summary judgment on the basis of the record that existed as of the middle of Tuesday, December 6. On that understanding, I agreed with the parties' request.

The parties had reached no agreement as of the morning of Wednesday, December 7. That morning, I called the parties back to the hearing and had a colloquy with them on the Record, emphasizing that I was ready to proceed with hearing further testimony from Mr. Duffner. The parties requested that I not do so. I emphasized to them that, if this course were taken, I would have to make my final recommendations only on the Record made as of the end of testimony on December 6. I pointed out to Plaintiff that by requesting that I not continue with the hearing, it was waiving any opportunity to present further testimony to me in support of its proffered documentary evidence and its claims, and to Husqvarna that it was waiving any opportunity to cross examine Mr. Duffner further. Husqvarna had already waived any right to present documentary evidence or testimony in opposition to my consideration of summary judgment on these claims. I made it clear that, while I understood that both parties were optimistic that they would reach useful stipulations at this late date, nevertheless they would proceed at their own risk in this endeavor, on the terms I have stated. Both wished that I discontinue the hearing, which I did.

Around mid-day on December 14, 2022, the parties finally informed me that they had reached some far-reaching stipulations. The parties also filed their stipulations with the Court as Dkt. No. 1766. They confirmed to me by emails that only Stipulations 1 and 8 pertained to the Count VI claims.

Stipulation 1 memorialized Husqvarna's agreement to the admissibility of all the contents of Plaintiff's "dispute packets" (with the sole exception of the first page of each such packet) as to the remaining Count VI claims. The effect of this stipulation, although unfortunately it comes late in the process, was to eliminate any issues as to the admissibility of Plaintiff's remaining Count VI documentary evidence. Stipulation 8 preserved Husqvarna's right to cross examine any witnesses on the admitted documents and to challenge the substance of the documents at trial.

Further, and most importantly, shortly before 3:00 p.m. on Tuesday, December 20, Defendant Husqvarna, apparently without consultation with Plaintiff, filed a stipulation of liability for the principal amounts claimed on all remaining Count VI claims. *See* Dkt. No. 1772. This unilateral stipulation leaves nothing for further consideration by me or the Court, except that the stipulation attempts to preserve the issue of what prejudgment interest, if any, should be paid by Husqvarna on these claims. Nevertheless, in my opinion this is completely a legal issue, or at least not one to be decided by a jury. For the reasons explained below, I recommend that prejudgment interest be awarded on all the remaining claims of Husqvarna under Count VI.

<u>Prejudgment Interest on Remaining Count VI Claims</u>

I previously addressed the general issue of prejudgment interest in this matter at length and made a recommendation as to such claims as I had then considered. Special Master's First Report and Recommendation, Dkt. No. 1587, pp. 48-62. I had been asked by Defendants to reconsider and make a report and recommendation to the Court on this Court's Orders of August 13, 2020 (Dkt. No. 1408) and August 27, 2020 (Dkt. No. 1409), which set out the Court's view of the law governing prejudgment interest. I declined to recommend reconsideration to the Court, because Defendants had failed to make a sufficient case to justify reconsideration. Nevertheless, in the interest of completeness, I engaged in a lengthy analysis of the pertinent law. My own

analysis agreed with the Court's view of the law as expressed in the Court's prior orders, so that even if I had found that reconsideration was proper, I would have come to the same conclusion as did the Court. I discussed at some length the matter of what makes a claim unliquidated so as to entitle the claimant to prejudgment interest. In the course of recommending denial of Defendants' motion for a determination that prejudgment interest is not available to Plaintiff, I set out the principles that in my opinion would govern the question. To briefly summarize those principles, there are two steps to determining whether interest under O.C.G.A. § 7-4-16 (which the Court has already decided is the correct interest provision to apply in this case) is proper. First it must be determined "whether the debt is a sum certain demandable and due on a specific date." First Report, Dkt. No. 1587, pp. 56-57. Next, it must be determined "whether the principal of the liquidated debt to be awarded on judgment is to be reduced, and if so, how it is to be reduced." First Report, Dkt. No. 1587, p. 58. In order for interest under O.C.G.A. § 7-4-16 not to be properly awardable, there must be a successful defense against the claim(s) that "attack[s] the factual veracity or reasonableness of the amount demanded for the goods or services provided to render a claim unliquidated." First Report, Dkt. No. 1587, p. 59.

By the text of its stipulation filed on December 20, 2022 (Dkt No. 1772), Husqvarna has stipulated to and admitted liability for payment of the principal amounts of the remaining Count VI claims as pleaded. By doing so, Husqvarna has in effect admitted that it cannot "attack the factual veracity or reasonableness of the amount demanded." *See* First Report, Dkt. No. 1587, p. 59. The evidence provided by Whitesell on each and all of these claims demonstrates a sum certain demandable as of a date certain. Therefore, notwithstanding Husqvarna's attempt to "preserve their ability to contest Whitesell's entitled to prejudgment interest prejudgment interest on the invoices

subject to this Stipulation under O.C.G.A. § 7-4-16," no viable arguments remain against the application of prejudgment interest on these invoices. See Dkt. No. 1772, p. 2.

I conclude that Plaintiff is entitled to prejudgment interest on its remaining claims at the rate specified in O.C.G.A. § 7-4-16, from the date that each became due. This is consistent with the recommendation in my Third Report that the Court award statutory prejudgment interest under O.C.G.A. § 7-4-16 on claims to which Husqvarna and Electrolux previously admitted liability. *See* Third Report, Dkt. No. 1624, pp. 4-5. The Court conducted a *de novo* analysis of this issue and completely overruled the Defendants' objections as to this specific point. *See* Dkt. No. 1735, pp. 1-2.    I recommend that the Court not expend trial time reconsidering this issue again and instead simply enter judgment for the principal amount claimed for each pleaded invoice conceded by Husqvarna in its stipulation along with the 18% per annum interest afforded to Whitesell under O.C.G.A. § 7-4-16.

## Other

I consider that any remaining matters to be resolved as to the Count VI claims in this action are purely a matter of calculation of the interest owed according to undisputed principles, so that there should be no necessity for my further consideration or recommendation in this case. To the extent necessary, I recommend that the Court decline to take or hear any evidence at trial, whether documentary or testimonial, regarding the Count VI claims.  In the unlikely event that the parties are unable to agree, based on the above recommendation, as to the total amount of judgment that should be entered for Plaintiff on Count VI claims, including principal and interest on each remaining claim, I remain available as special master to address any disagreements as being within my delegated responsibility.

I note that the parties have sometimes recognized the possibility, perhaps the likelihood, of appeal from the Court's ultimate judgment in this action, including its judgment on the Count VI claims. At page 2 of my First Report and Recommendation, I noted that I would keep a "File List" of all document submissions made to me in this case which were not filed with the Court. I am also under the Court's injunction in its Order appointing me to keep a Correspondence File. In order to save expense to the parties, and unless directed otherwise by the Court, I will not file these items with the Court unless and until I am requested to do so by a party.

/s/ Charles C. Stebbins, III
Charles C. Stebbins, III
Special Master

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Special Master's Tenth Report has been filed in to the clerk's CM/EFC electronic filing system which will automatically send e-mail notification of such filing to the following:

Coleman, Yovanovich & Koester, P.A.
Edmond E. Koester
edservice@cyklawfirm.com
Matthew B. Devisse
mdevisse@cyklawfirm.com
mfoster@cyklawfirm.com
cykservice@cyklawfirm.com

Aloia, Roland, Lubell & Morgan, PLLC
Jack C. Morgan, III
jmorgan@floridalegalrights.com
kturner@floridalegalrights.com

Kilpatrick Townsend & Stockton, LLC
R. Perry Sentell, III
psentell@kilpatricktownsend.com
Laurel Payne Landon
llandon@kilpatricktownsend.com
Joseph H. Huff
jhuff@kilpatricktownsend.com

DLA Piper, LLP
James M. Brogan
James.brogan@dlapiper.com
Matthew A. Goldberg
Matthew.goldberg@dlapiper.com

Alston & Bird LLP
James C. Grant
jim.grant@alston.com
Elizabeth H. Helmer
Elizabeth.helmer@alston.com
Amanda M. Waide
amanda.waide@alston.com
Jamie S. George
Jamie.george@alston.com

This 27th day of December, 2022.

/s/ Charles C. Stebbins, III
Charles C. Stebbins, III
Special Master