**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

WHITESELL CORPORATION,            )
                                  )
        Plaintiff,                )
                                  )        CASE NO. 1:03-cv-00050-JRH
v.                                )
                                  )
HUSQVARNA OUTDOOR PRODUCTS,       )
INC.,                             )
                                  )
        Defendant.                )
_____ )

HUSQVARNA OUTDOOR PRODUCTS,       )
INC. AND ELECTROLUX HOME          )
PRODUCTS, INC.,                   )
                                  )
        Counter-Plaintiffs,       )
                                  )
v.                              . )
                                  )
WHITESELL CORPORATION,            )
                                  )
        Counter-Defendant.        )
_____ )

## PRETRIAL ORDER

This matter is set for jury trial on Monday, January 23, 2023 in Augusta, Georgia. In preparation for trial, and in compliance with the Court's Order Concerning Trial Deadlines entered October 28, 2022 [Doc. 1755], the attorneys representing the parties, Edmond E. Koester and Matthew B. Devisse, for the Plaintiff, Whitesell Corporation, and Amanda M. Waide, for Electrolux Home Products, Inc., and R. Perry Sentell, III, and Brian J. Boyle for the Defendant, Husqvarna Outdoor Products, Inc., filed a Proposed Pretrial Order on January 13, 2023. The parties have subsequently participated in the pretrial conference along with additional proceedings

and discussions.   The parties hereby submit this proposed updated Pretrial Order.

1.      Counsel are to discuss and agree on every possible factual stipulation.   The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto.   Stipulations can spare witness testimony, trial time, and expense. If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A."   Costs of proving what, at trial, was never really disputed and what should have been stipulated, may be taxed against the offending party and attorney. Those costs may include witness fees and additional attorney preparation time costs.

**The Parties have not agreed to any Factual Stipulations.**

2.      See the Order Concerning Trial Deadlines.   **Voir Dire Questions must be filed by January 13, 2023.**

3.      State the names of all parties, firms and attorneys to be used in qualifying the jury.

**Edmond E. Koester, Esquire, and Matthew B. Devisse, Esquire, Coleman, Yovanovich, & Koester, P.A., for the Plaintiff, Whitesell Corporation;**

**Amanda M. Waide, Esquire, and Jamie S. George, Esquire, Alston & Bird, LLP, for the Electrolux Home Products, Inc.; and**

**R. Perry Sentell, III, Joseph H. Huff, and Laurel P. Landon, Kilpatrick Townsend & Stockton, LLP, and James M. Brogan and Brian J. Boyle, DLA Piper, for the Defendants, Husqvarna AB and Husqvarna Outdoor Products, Inc.**

4.      Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.

**This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court has both specific and general jurisdiction over EHP and Husqvarna. EHP and Husqvarna do not contest the Court's jurisdiction.**

5.      List any motions or other matters in the case which remain unresolved.   Any

motion not so enumerated shall be deemed withdrawn by the moving party.

- Any outstanding objections to deposition designations for Ryan Sadler and Don Market.

6.      All discovery is to be completed pursuant to the Local Rules.   **Not applicable.**

7.      State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

**By Whitesell: The names of the parties in the above-captioned case are complete and correct.**

**By EHP: EHP states that its name is correctly listed as "Electrolux Home Products, Inc." and, to the best of EHP's knowledge, the remaining names of the parties are complete and correct.  EHP also does not contest that there is any question of misjoinder or non-joinder.**
**By Husqvarna : Husqvarna makes no contention that the names of the parties are incomplete or incorrect.**

8.      Outline of plaintiff(s)' case.

NOTE:          **PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH.   AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Plaintiff(s) shall furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement of the cause of action.   This statement should not be argumentative and should not recite evidence.

**The Court at the pre-trial conference agreed no party's statement of the case would be provided to the jury or read to the jury. The Court took notice that the parties disagreed and had objections to each other's statements of the case.   The Court in the interest of time did not make rulings on each party's statement of the case, only because such statements of the case were not to be shown to the jury.     The Parties have not waived and do not waive any objections to the content of each other's statements of the case.   This applies to Exhibits D, E. F. and G.     See Exhibit D attached hereto – Plaintiff's Case.**

**Pursuant to the Court's direction, here is an agreed-upon neutral statement of the**

**case:**

**This case concerns alleged breaches of contract.**

9.      Outline of defendant(s)' case.

**NOTE:      DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH.   AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Defendant(s) shall:

(a)      Furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement as to all defenses (general and special).   This statement should not be argumentative and should not recite evidence.

**See Exhibit G attached hereto – Whitesell's affirmative defenses**

(b)      In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

**See Exhibit E attached hereto – EHP's Case**
**See Exhibit F attached hereto – Husqvarna Defendants' Case (Defenses and Counterclaims)**

10.      Cases involving violation of United States Constitution: **Not Applicable.**

11.      Tort Cases:   **Not applicable.**

12.      In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.

**By Whitesell:**

**A.  Failure to Pay for Accounts Receivable. This claim has been resolved through the Notice by EHP and Whitesell [Doc. 1754], Husqvarna's Stipulation as to Liability for Payment of the Principal Amounts of Specified Invoices [Doc. 1772], and the Court's finding that Whitesell is entitled to pre-judgment interest through it's the adoption, other than the entry of judgment at this**

–4–

time, of the Tenth Report and Recommendation. The Court's adoption of the Tenth Report and Recommendation was orally announced at the hearing on January 5th and 6th, 2023. Whitesell reserves all of its appellate rights and remedies with respect to the Second Report and Recommendation ("Second R&R"), the Order Adopting the Second R&R, and otherwise.

B.  **Failure to Purchase Brunner and Matrix Inventory.** The contracts supporting this claim include the Strategic Partnership Agreement ("SPA"), Settlement Memorandum ("SM"), and Consent Order. Whitesell contends it is entitled to seek pre-judgment interest on this claim, at the rate of 18%. Pre-judgment interest is sought pursuant to O.C.G.A. § 7-4-16. To the extent the Court does not allow pre-judgment interest pursuant to § 7-4-16, Whitesell is entitled to pre-judgment interest under O.C.G.A. § 13-6-13, as, if it is somehow determined the damages are not liquidated, the damages are ascertainable at the time of the Defendants' breaches. The damages will be presented and sought at trial through Peter Karutz, Neil L. Whitesell, and John Duffner. Whitesell further states that the Uniform Commercial Code, course of dealing, course of performance, trade usage, interactions between the parties, and pattern and practice further support this claim. Specific provisions of the UCC supporting this claim include, without limitation, §1-303, §1-304, §1-306, §1-308, §2-208, §2-605, §2-606, §2-607.

**By EHP:** EHP has the burden of proof on its remaining counterclaim. EHP's Counterclaim Count II is based upon Whitesell's alleged failure to comply with its phase-out inventory obligations. EHP alleges Whitesell's conduct constitutes a breach of its obligations under Section 23.1 of the SPA because Whitesell allegedly failed to provide timely and accurate inventory information and has allegedly refused and failed to cooperate with EHP's efforts to utilize all of its remaining inventory of terminating parts during the phase-out period.  EHP further alleges Whitesell's conduct also constitutes a breach of its implied covenant of good faith and fair dealing and O.C.G.A. § 11-1-203's statutory obligation of good faith in the performance of the terms of the Parties' supply agreements.   As a result of Whitesell's alleged failure to comply with its phase-out obligations, EHP has allegedly been damaged in the amount of, at least, $321,677 as a result of its purchases from replacement suppliers at prices in excess of Whitesell's prices and $870,850 in expedite fees.

**By Husqvarna :**

Husqvarna has the burden of proof on its two remaining counterclaims. Husqvarna's Counterclaim Count II is based upon Whitesell's alleged failure to comply with its phase-out inventory obligations under section 23.1 of the Strategic Partnership Agreement, as well as under its obligations under the covenant of good

**faith and fair dealing, with resulting alleged damages in the form of expedite purchases in the amount of $79,242.00 and expedite fees in the amount of $1,774,043.00. Husqvarna's Counterclaim Count III is for breach of contract by Whitesell in its alleged failures to transition the Brunner and Matrix parts, which resulted in alleged damages to Husqvarna in the form of higher cost for parts and unrealized 2% annual rebates and 5% discounts as called for under the terms of the Settlement Memorandum of 2003, as well as under Whitesell's obligations under the covenant of good faith and fair dealing. As a result of these Counterclaim Count III breaches, Husqvarna sustained alleged damages of $5,880,262.00.**

13.     If there is any dispute as to agency, state the contentions of the parties with respect to agency.

**By Whitesell: Not applicable.**

**By EHP: Not applicable.**

**By Husqvarna Defendants: Not applicable.**

14.     State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.

**By Whitesell:**

**Whitesell has the burden of proof on its claim for failure to purchase the Brunner and Matrix inventory. EHP and Husqvarna have the burden of proof on their counterclaims for damages based on Whitesell's alleged failure to comply with its phase-out inventory obligations. Husqvarna has the burden of proof on alleged lost discounts as a result of the Brunner and Matrix parts not being transitioned.**

**Husqvarna has the burden of proof on its affirmative defenses to Whitesell's claims. Whitesell has the burden of proof as to its affirmative defenses to the Defendants' counterclaims.**

**Whitesell has prerogative as to order of opening and closing arguments to the jury.**

**By Husqvarna :**

**Plaintiff Whitesell has the burden of proof on its breach of contract claim for remaining Brunner and Matrix inventory. Whitesell has the burden of proving by a preponderance of the evidence: (1) that Whitesell met its obligations and conditions under the contract, including part qualification and evaluation standards, required pricing and demonstrations of supply capability, a/k/a "production readiness" to meet Husqvarna's**

–6–

requirements for the Brunner and Matrix parts; (2) that Whitesell complied with its implied covenant of good faith and fair dealing; (3) that Husqvarna breached its obligations under the contract by failing to so transition the Brunner and Matrix parts and purchase Whitesell's purported useable inventory of these parts, (4) that Whitesell was damaged by such breach, and (5) the amount of recoverable damages suffered. *See Jones v. Central Builders Supply Co.*, **217 Ga. 190, 195-96 (1962); Ct.'s 08/16/22 Order; Dkt. 1692 at 2, 7.)** *See also Wipo v. Cook*, **369 S.E.2d. 306.307 (1988) ("The burden is on the Plaintiff to show both the breach and the damage, and this must be done by evidence which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of damages."  (citations omitted).  Whitesell has no claim for prejudgment interest on this claim based upon prior rulings of this Court.**

Husqvarna has the burden of proof on their affirmative defenses to Whitesell's claim Whitesell has the burden of proof as to its affirmative defenses to Husqvarna's counterclaims.  Whitesell will present opening arguments first, followed by Husqvarna, followed by EHP's opening argument on its counterclaim.

Husqvarna has the burden of proof on its counterclaim for damages arising from expedite purchases and fees incurred on account of Whitesell's breach of its phase-out inventory obligations under section 23.1 of the Strategic Partnership Agreement. Husqvarna has the burden of proof on the counterclaim for damages arising from Whitesell's breach of contract in the failure to transition the Brunner and Matrix. Whitesell has the burden of proof on any affirmative defenses it might assert to these claims and counterclaims.

By EHP:  EHP has the burden of proof on the counterclaim for damages based on Whitesell's failure to comply with its phase out inventory obligations under Section 23.1. Whitesell has the burden of proof on any affirmative defenses it might assert to this counterclaim.  Whitesell will present opening arguments first, followed by Husqvarna, followed by EHP's opening argument on its counterclaim.  EHP will present a 5 minute reintroduction to its case (and Whitesell shall have the opportunity to present a 5 minute rebuttal) prior to EHP's case in chief.

15.    **See Order Concerning Trial Deadlines.  The Witness List and Deposition Designations as described therein shall be attached as Exhibit B**.  Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld.   A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony.   If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

**NOTE:**     **COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK FOUR COPIES OF THE TYPED WITNESS LIST PRIOR TO JURY SELECTION.**

16.     **See the Order Concerning Trial Deadlines concerning the submission of the Exhibit List(s).   Instruction for exhibit delivery to the courthouse is also provided therein.**

17.     **See the Order Concerning Trial Deadlines.   The Witness List and Deposition Designations as described therein shall be attached hereto as Exhibit B.**

18.     **Not applicable.**   Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)` claim, defenses asserted, matters of evidence, etc.

19.      The court will conduct trial according to its direction at the pre-trial conference.
20.      Plaintiff(s)   has   _____   offered to settle.

Defendant(s)   __X___   has   _____   offered to partially settle.

Counter-claim Plaintiff   _____   has   _X_   has not offered to settle the phase out counterclaim.

It appears at this time that there is

_____   A good possibility of settlement.
___X____   Some possibility of settlement.
_____   No possibility of settlement.

**By Whitesell: The parties do not wish to confer with the Court regarding settlement.**

**By EHP:  EHP is willing to confer with the Court regarding settlement to the extent Whitesell indicates that it is willing to resolve EHP's phase out counterclaim.**

**By Husqvarna:   Husqvarna does not believe discussions regarding the remaining claims between Whitesell and Husqvarna would be productive.**

21.     State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.

**By EHP:**

Given the scope and number of prior rulings in this matter by the Court, there is a significant law of the case that applies to the remaining issues to be tried.   EHP sought guidance from the Court on how it desires a Party to raise a concern that another party is attempting to introduce evidence or argument contrary to the prior rulings of the case.    During the Pretrial Conference, the Court indicated its preference to resolve these issues through objections in open court, rather than sidebars.   The Court will inform the Parties if it desires a sidebar.

•      The Court has granted EHP's Motion in Limine to Preclude Whitesell from Referring to EHP as a Defendant in this Litigation. EHP sought the Court's guidance in terms of the procedure that the Court would like EHP to take in the event that Whitesell suggests to the jury that it has any affirmative claims remaining against EHP or that EHP is currently a defendant.   During the Pretrial Conference, the Court indicated its preference to resolve these issues through objections in open court, rather than sidebars.   The Court will inform the Parties if it desires a sidebar.

•      EHP proposes that, by January 19, 2023, the parties exchange a tentative order of witnesses that they intend to call in their cases in chief.   During trial, the parties would also agree to provide opposing counsel with a list of the witnesses that they intend to call the following day.   This procedure will ensure that the witnesses that will be called to testify are available, but it also avoids requiring the witnesses to block of several weeks in the event they may be called a certain day.   The vast majority of the witnesses for all parties are not based in Augusta and therefore will need to travel in order to testify at trial. During the Pretrial Conference, the Court agreed and the Parties exchanged and filed that list.

•      EHP proposes that any demonstratives be exchanged by 9 p.m. the night prior to use, to allow the parties time to properly object, if necessary.   The Court has granted this proposal.

By Husqvarna :

a.  Given the scope and number of prior rulings in this matter by the Court, there is significant law of the case that applies to the remaining issues to be tried. Husqvarna   seeks guidance from the Court on how it desires a Party to raise at trial a concern that another Party is attempting to introduce evidence or argument contrary to said prior rulings and the law of the case, as well as remedies the Court would consider for repeat violations as further discussed in Defendants'   Motion in Limine to Exclude Argument and Purported Evidence Contrary to Prior Rulings (Dkt. 1626) and the Court's rulings with regard to same during the November 18, 2022 hearing.   The Parties would benefit from some direction on

       whether the Court prefers an objection to be made in open court, a request for a sidebar, or some other procedure.  *See* above.

b.  As the Court is aware, David Agee passed away in 2020 and will only be testifying at trial via deposition.   Both Whitesell and Husqvarna have designated portions of Mr. Agee's deposition—as well as counter-designations to that testimony—and there is overlap in the deposition designations and counter-designations between the parties.   For the sake of efficiency and in order to avoid duplication, Husqvarna proposes that the Court allow the parties to play the entirety of Mr. Agee's designated testimony—testimony that is both designated and counter-designated by Whitesell and Husqvarna—at one time with an instruction that the testimony includes testimony that both parties would have played in their case in chief.

c.  Whitesell and Husqvarna have identified witnesses in this case who may testify at trial by way of deposition.   For such witnesses, both Whitesell and Husqvarna have designated or counter-designated portions of those witnesses' depositions to be presented to the jury.   For the sake of efficiency and in order to avoid duplication, Husqvarna proposes that the Court allow the parties to play the entirety of these witnesses' designated testimony—testimony that is both designated and counter-designated by Whitesell and Husqvarna—at one time with an instruction that the testimony includes testimony that both parties would have played in their case in chief.

d.  Husqvarna proposes the following order of presentation for Husqvarna and EHP's case in chief.   Husqvarna will first call any Husqvarna witnesses for direct examination in support of its defenses to Whitesell's affirmative claim, its counterclaim regarding the transition of the Brunner and Matrix parts and its counterclaim regarding phase out inventory.   Husqvarna and EHP will then jointly call Whitesell's witnesses for cross examination, with Husqvarna's counsel crossing the witnesses first followed by EHP's counsel.   EHP will then call any EHP witnesses for direct examination in support of EHP's counterclaim for phase out inventory.   EHP makes this proposal for purposes of efficiency.   Given that there is substantial overlap between Husqvarna's and EHP's phase out counterclaims, there is no need for Husqvarna to call those witnesses during its case in chief and then EHP to call the same witnesses in its case in chief in order to elicit the same testimony.   With regard to Husqvarna and EHP's opening statements and closing arguments, Husqvarna proposes that Husqvarna go first, followed by EHP.

      22.    State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial.   Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

**The Parties agree that bifurcation is not appropriate. Bifurcation of liability and damages would needlessly extend the trial, confuse the issues, and lead to an inefficient trial process given the overlap between the two with respect to both Whitesell's claims and Defendants' counterclaims.**

23.     In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "G" and/or DEFENDANT'S ATTACHMENT "H" hereto.   Lead counsel are to discuss and agree on such special verdict where possible.   Where agreement is not reached, state the basis for any objections to the special verdict request.

Verdict form(s) were filed on January 13, 2023, pursuant to the Court's Order Concerning Trial Deadlines (Dkt. 1755).

24.     **Not applicable.** In non-jury cases, the parties shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.

25.     The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:

> **IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this PRETRIAL ORDER shall not be amended except by ORDER OF THE COURT.**
>
> **Whitesell has asserted other claims which will not be at issue in this trial, but as to which Whitesell reserves all appellate rights.   Whitesell's submission of this Pretrial Order and otherwise engaging in this exercise is not a waiver of its right to appeal any orders upon the entry of Final Judgment.**

This 23rd day of January, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

−11−