IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WHITESELL CORPORATION,            *
                                  *
       Plaintiff,                 *
                                  *
  v.                              *   CV 103-050
                                  *
HUSQVARNA OUTDOOR PRODUCTS,       *
INC.,                             *
                                  *
       Defendant.                 *
_____

HUSQVARNA OUTDOOR PRODUCTS,       *
INC. and ELECTROLUX HOME          *
PRODUCTS, INC.,                   *
                                  *
       Counter-Plaintiffs,        *
                                  *
  v.                              *
                                  *
WHITESELL CORPORATION,            *
                                  *
       Counter-Defendant.         *
```

O R D E R

Presently before the Court is a Bill of Costs filed by Plaintiff/Counter-Defendant Whitesell Corporation related to costs associated with this Court's appointment of a Special Master. Specifically, Whitesell seeks recovery of its share of the fees and expenses paid to the Special Master pursuant to the Court's fifteen Orders approving the Statements of Fees and Expenses

submitted by the Special Master. Whitesell claims to be the prevailing party. Defendant/Counter-Plaintiff Husqvarna Outdoor Products, Inc. ("Husqvarna") objects to the imposition of costs.

On September 17, 2021, the Court appointed Special Master Charles C. Stebbins III under Federal Rule of Civil Procedure 53 to address and/or resolve Count VI of Whitesell's Second Amended Complaint, known as the Accounts Receivable ("A/R") Claims.[1] While the Court envisioned that the Special Master would winnow the issues involved in the A/R Claims and develop a trial plan for any remaining claims, the parties ended up resolving all matters through summary judgment rulings by the Special Master, settlement, or, pertinent here, a Stipulation as to Liability by Husqvarna. Pursuant to this Stipulation, Husqvarna agreed to pay Whitesell over $1 million for the remaining A/R Claims. Based upon this Stipulation, Whitesell calls itself the prevailing party and seeks $73,366.39 in costs from Husqvarna.

The Court first notes that Whitesell cannot be a prevailing party through consideration of the A/R Claims standing alone. As pointed out by Husqvarna in its objection, there can be only one prevailing party in a case. See Royal Palm Props., LLC v. Pink Palm Props., LLC, 38 F.4th 1372, 1380 (11th Cir. 2022) (holding that Rule 54(d), Fed. R. Civ. P., does not allow for multiple prevailing

---

[1] The Court provides its reasoning behind this appointment in the Order of August 5, 2021 (doc. no. 1486).

parties). As the Court noted in its Order of August 5, 2021, "Count VI is but a shard of the original case." Indeed, Husqvarna is the obvious prevailing party as between it and Whitesell as demonstrated by the Judgment in the case (doc. no. 1860), which notes that the total amount of judgments in Husqvarna's favor is over $4 million. The Judgment does not even take into account the Court's dismissal of Whitesell's claim for lost profits in its Sanctions Order of February 14, 2019 (doc. no. 1159). Additionally, even with respect to the A/R Claims, Husqvarna did not prevail. As pointed out by Husqvarna, Whitesell started with a claim for unpaid accounts receivable in an amount over $5,000,000 and ended with a stipulated total liability of $1,239,009.13. (See Husq. Obj., Doc. No. 1877, at 4.) Simply put, Whitesell is not the prevailing party.

The Court allocated responsibility for paying the Special Master's fees and expenses in its Appointment Order to 1/3 equal shares between the three parties. There is no basis upon which to change this allocation or award the fees and expenses to Whitesell. Accordingly, the Court **SUSTAINS** Husqvarna's objection to Whitesell's Bill of Costs.

Upon the foregoing, the Court hereby **DENIES** in its entirety the Bill of Costs (doc. no. 1869) submitted by Whitesell Corporation on March 30, 2023.

3

**ORDER ENTERED** at Augusta, Georgia, this 11th day of May, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA