IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WHITESELL CORPORATION,              *
                                    *
         Plaintiff,                 *
                                    *
     v.                             *       CV 103-050
                                    *
HUSQVARNA OUTDOOR PRODUCTS,         *
INC.,                               *
                                    *
         Defendant.                 *

---

HUSQVARNA OUTDOOR PRODUCTS,         *
INC. and ELECTROLUX HOME            *
PRODUCTS, INC.,                     *
                                    *
         Counter-Plaintiffs,        *
                                    *
     v.                             *
                                    *
WHITESELL CORPORATION,              *
                                    *
         Counter-Defendant.         *

O R D E R

Plaintiff Whitesell Corporation has filed a Motion for Renewed Judgment as a Matter of Law and a Motion for New Trial. While the trial of this case occurred in February of this year, consideration of post-trial matters has been stayed pending transcription of the trial and various pretrial proceedings at Plaintiff Whitesell's request.  These matters were fully briefed

on September 12, 2023, and now come before the Court for consideration and resolution.

## Motion for Judgment as a Matter of Law

Under Federal Rule of Civil Procedure 50(b), the Court may grant judgment as a matter of law "'after the jury has returned its verdict if there is no legally sufficient evidentiary basis for a reasonable jury to find' for the non-moving party." Chaney v. City of Orlando, Fla., 483 F.3d 1221, 1227 (11th Cir. 2007) (quoted source omitted). When reviewing a Rule 50(b) motion, the Court must look at the evidence in the record and draw all inferences in favor of the non-moving party. Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192-93 (11th Cir. 2004). "'Credibility determinations, weighing the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Id. at 1193 (quoted source omitted).

That said, Plaintiff Whitesell's motion for judgment as a matter of law challenges two questions of law resolved against it prior to the jury trial. The first is the Court's determination that the statute of limitations defense did not bar the counterclaims of Counter-Defendants Husqvarna Outdoor Products, Inc. ("HOPI") and Electrolux Home Products, Inc. Despite Plaintiff Whitesell's attempt to contravene the untimeliness of this "eve of trial" assertion of the defense, the Court remains convinced that

2

Plaintiff Whitesell waived any statute of limitations defense by its utter failure to raise the issue in any meaningful way (indeed, not at all) in a motion in limine, in the proceedings in anticipation of the initial trial date, in the pretrial order, or in a motion for summary judgment during the pendency of the case. The Court incorporates by reference its remarks at the beginning of the video conference of January 20, 2023.

Second, Plaintiff Whitesell contends that judgment should be entered against HOPI on its counterclaim for lost discounts because HOPI never provided substitute revenue for the failed transition of Brunner and Matrix parts in accordance with Paragraph Three of the Settlement Memorandum.  This is an oft repeated refrain from Plaintiff Whitesell – one that has been rejected on multiple occasions.  The Court's Order of June 7, 2022, amply describes the place that Paragraph Three falls in this litigation.  (See Doc. No. 1579.)  As described therein, the obligation to transition Brunner and Matrix parts (or substitute parts) underpins both Plaintiff Whitesell's breach of contract claim for damages related to operational losses and inventory costs and Defendant HOPI's counterclaim for losses in the form of pricing discounts and annual rebates.  But while Paragraph Three is highly relevant to the obligation to transition Brunner and Matrix parts, it did not create in Plaintiff Whitesell an automatic right to substitute revenue so as to warrant judgment as a matter of law.  Rather, the

failed transition of the Brunner and Matrix parts was a hotly contested jury issue on the attribution of fault. The jury laid the fault at the feet of Plaintiff Whitesell in determining it did not satisfy its contractual obligations related to the transition of Brunner and Matrix parts, and the evidence supports that verdict. (See Verdict Form, Doc. No. 1851, ¶ 2.)

The last aspect of Plaintiff Whitesell's motion contends that it is entitled to judgment as a matter of law on its claim that Defendant HOPI failed to pay for its Brunner and Matrix inventory. Plaintiff Whitesell argues that HOPI did not provide a valid defense to its claim. In this regard, Plaintiff Whitesell claims that the concept of "production readiness" applies only to the long-term supply of parts, i.e., part transition, and not to the purchase of approved parts for a single build season. So, Defendant HOPI was obligated to buy this inventory regardless of Plaintiff Whitesell's readiness to produce more parts in the future. This contention would have the Court ignore the evidence related to the attribution of fault on the failed transition of Brunner and Matrix parts. Plaintiff Whitesell would have the Court declare that its jury-determined breach of its production readiness obligation (as well as any breach of its other obligations related to part qualification, pricing, and its duty to use its best efforts) is irrelevant to its claim for the value of inventory. Plaintiff Whitesell did not have a claim for the

value of inventory for the 2008-2009 build season separate and apart from its contractual obligations to supply all of Defendant HOPI's Brunner and Matrix requirements for the entire contractual period. And, the jury determined that the failed transition of Brunner and Matrix parts was the fault of Plaintiff Whitesell; there is no basis in law or fact to carve out a subset of those parts to Plaintiff Whitesell's benefit.

The Court once again observes that this is a contract case, and the jury's purpose was to attribute fault. Upon consideration of the evidence presented at trial, the Court readily concludes that the jury's verdict is well-founded, logical, and supported by the evidence. Upon the foregoing, Plaintiff Whitesell's motion for judgment as a matter of law (doc. no. 1887) is **DENIED** in all respects. The Clerk is directed to **TERMINATE AS MOOT** the initial related motion (doc. no. 1867).

## Motion for a New Trial

In reading the briefs of the parties related to the Motion for New Trial, the "bad marriage" analogy used by the Court in a pretrial hearing may be understated. This case has involved years of mediating and presiding over the vitriol with the ultimate objective of conducting a fair and efficient trial in accordance with the Rules of *Civil* Procedure and the Rules of Evidence.

The trial of the case was conducted just short of it celebrating a score on this Court's docket. The tenor and temperature of the litigants was constantly observed, measured and evaluated, and as the trial grew nigh, the inescapable conclusion of the undersigned judge is that close rein and careful monitoring were necessary to meet the Court's objectives. To that end, along the road to trial, the Court ruled on numerous motions in limine without a hearing, conducted a hearing on the remaining motions in limine on November 18, 2022, conducted a two-day hearing on objections to exhibits on January 5-6, 2023, conducted an eight-hour pretrial conference on January 17, 2023, and another five-hour video conference on January 20, 2023 – all with the goal of narrowing the scope of trial to relevant material and establishing guardrails to maintain the proceedings within that scope. The extensive record reflects the limits of the Court's rulings and resolve were tested, particularly in the pretrial proceedings and at trial.

In its motion, Plaintiff Whitesell points to numerous allegedly improper arguments and erroneous evidentiary rulings that resulted in substantial prejudice to its case. Most of its complaints either focus on or were impacted by the Court's guardrails and their application to the parties and their respective lawyers. The question, then, is whether Plaintiff Whitesell's list of grievances rises to the standard required to

receive a new trial. A new trial may be granted under Federal Rule of Civil Procedure 59(a) if the jury's verdict is against the clear weight of the evidence or will result in a miscarriage of justice. Ins. Co. of N.A. v. Valente, 933 F.2d 921, 923 (11th Cir. 1991). When considering evidentiary rulings already made by the Court, the inquiry is whether the exclusion or admission of evidence affected the moving party's substantial rights. Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1446 (11th Cir. 1984) ("Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties."). In considering whether a jury verdict should be set aside because of misconduct by counsel, the Court must determine "whether the conduct was 'such as to impair gravely the calm and dispassionate consideration of the case by the jury.'" BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 174 (11th Cir. 1992) (quoted source omitted).

Upon review of the parties' positions in brief, and upon recollection of the evidence presented at trial, the Court finds that a new trial is not warranted. The jury verdict was not contrary to the great weight of the evidence. Most importantly, Plaintiff Whitesell has failed to establish that this Court committed error in its evidentiary rulings and any evidentiary error, if committed, was so prejudicial as to affect its substantial rights. In short, after careful and deliberate

consideration, the Court is convinced that any evidentiary error or improper comment or argument of counsel did not undermine the integrity of the proceedings. Accordingly, Plaintiff Whitesell's motion for a new trial (doc. no. 1888) is **DENIED** in all respects. The Clerk is directed to **TERMINATE AS MOOT** the initial related motion (doc. no. 1865).

**ORDER ENTERED** at Augusta, Georgia, this ___7th___ day of November, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA